UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT L. PAVONE and VALERIE V. PAVONE,       08 civ 2389
                                                                                                      (CLB) (LMS)
                Plaintiffs,

      -against-                                                                                  **ANSWER**

LINDA PUGLISI, individually, ANN
LINDAU, individually, FRANCIS X.
FARRELL, individually, JOHN SLOAN,
Individually, THOMAS WOOD,
Individually and the TOWN OF
CORTLANDT, New York,

                Defendants.
------------------------------------------------------------------------X



      Defendant named herein as TOWN OF CORTLANDT, New York by their attorneys, **HODGES, WALSH & SLATER, LLP,** as and for an Answer to plaintiffs' Complaint dated March 8, 2008, allege upon information and belief as follows:

### NATURE OF THE ACTION

      FIRST:    Denies each and every allegation contained in paragraphs "1" of the Plaintiff's Complaint.

### JURISDICTION

      SECOND:    Denies each and every allegation contained in paragraphs "2" of the Plaintiff's Complaint.

### THE PARTIES

      THIRD:    Denies each and every allegation contained in paragraphs "3" of the Plaintiff's Complaint but admits that R. Pavone was the Chief of Police of the Defendant Town and that V. Pavone was employed by the Defendant Town and served as the "White Collar Representative" of AFSCME Local 2343.

## THE FACTS

FOURTH: Denies each and every allegation contained in paragraphs "12", and "13" of the Plaintiff's Complaint and refers all questions of law to this Court.

FIFTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Plaintiff's Complaint.

SIXTH: Denies each and every allegation contained in paragraphs "15",, "17" and "18" of the Plaintiff's Complaint.

SEVENTH: Denies each and every allegation contained in paragraphs "16" of the Plaintiff's Complaint but admits that by resolution 68-08, Robert Pavone's Section 207-c benefits were terminated.

### ANSWERING THE ALLEGED FIRST CLAIM

EIGHTH: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

NINTH: Denies each and every allegation contained in paragraph "20" of the Plaintiff's Complaint.

### ANSWERING THE ALLEGED SECOND CLAIM

TENTH: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

ELEVENTH: Denies each and every allegation contained in paragraph "22" of the Plaintiff's Complaint.

### ANSWERING THE ALLEGED THIRD CLAIM

TWELFTH: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

THIRTEENTH: Denies each and every allegation contained in paragraphs "24" of the Plaintiff's Complaint.

### ANSWERING THE ALLEGED FOURTH CLAIM

FOURTEENTH: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

FIFTEENTH: Denies each and every allegation contained in paragraph "26" and "28" of the Plaintiff's Complaint.

### ANSWERING THE ALLEGED FIFTH CLAIM

SIXTEENTH: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

SEVENTEENTH: Denies each and every allegation contained in paragraph "30" of the Plaintiff's Complaint.

### ANSWERING THE ALLEGED SIXTH CLAIM

EIGHTEENTH: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

NINETEENTH: Denies each and every allegation contained in paragraph "32" of the Plaintiff's Complaint.

## ANSWERING THE ALLEGED SEVENTH CLAIM

TWENTIETH: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

TWENTY-FIRST: Denies each and every allegation contained in paragraphs "34", "35" and "36" of the Plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-SECOND: The plaintiffs' complaint fails to state a cause of action and/or claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-THIRD:: The plaintiffs' claims do not rise to the level of a Constitutional violation.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-FOURTH: The actions of the plaintiff Valerie Pavone were not a motivating factor for the conduct of the defendants complained of in the plaintiffs' complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH: The plaintiff Valerie Pavone's speech was not a matter of public concern.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH: The Laws of the State of New York provide an adequate remedy at law for plaintiffs' claims thus barring the instant action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: Plaintiffs have failed to pursue relief available under the Laws of the State of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: The defendants' conduct was based upon valid existing settlement agreements and subsequent decisions of appropriate state agencies.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWENTY-NINTH: The plaintiff's claim for punitive damages is barred by public policy and the laws of the State of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTIETH: The defendants acted in good faith and without malice.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-FIRST: Defendants actions were not motivated by protected speech or activity of the plaintiffs.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND: Plaintiffs were not selectively treated by the named defendants.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

THIRTY-THIRD: The actions of defendants were not barred based upon impermissible considerations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Plaintiff suffered no true chilling affect on any protected conduct, activity or speech.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: Plaintiff Robert Pavone accepted benefits pursuant to the 207-C Stipulation dated November 8, 1999, after its alleged breach, and as such all claims thereunder are barred by the doctrine of Waiver.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH:   Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH:  Plaintiffs' claims are barred by the doctrine of collateral estoppel.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:   Plaintiff Robert Pavone agreed in the 207-C Stipulation dated November 8, 1999 to be bound by determination of the Comptroller on behalf of the New York State Retirement System with respect to disability which has presently found against plaintiff on two occasions.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH:  Pursuant to the 207-C Stipulation dated November 8, 1999, plaintiff Robert Pavone has exhausted his administrative remedies as set forth therein, allowing the Town to discontinue 207-C salary benefits.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

FORTIETH:  Plaintiff Valerie Pavone has failed to exhaust available administrative remedies.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

FORTY-FIRST:   All claims asserted under New York State Law are barred by the failure of plaintiffs to file Notices of Claim.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

FORTY-SECOND:  The defendants' conduct was based upon valid existing settlement agreements and subsequent decision of appropriate state agencies.

### AS AND FOR A FIRST COUNTERCLAIM AGIANST PLAINTIFF ROBERT PAVONE

FORTY-THIRD:   Pursuant to Paragraph four of the 207-C Stipulation dated November 8, 1999, this defendant, TOWN OF CORTLANDT paid a sum in excess of

$35,000 to plaintiff for unused vacation, sick and personal time.  Said sum was accepted and retained by the plaintiffs.

FORTY-FORTH::  If it is found that the termination of payments to plaintiff Robert Pavone was improper, which is denied, then the aforesaid payment was improper and defendant TOWN OF CORTLANDT is entitled to full refund thereof plus interest.

WHEREFORE, Defendant, Town of Cortlandt demands judgment dismissing the Complaint of the plaintiffs and recovery of the amount set forth in the Counterclaim, together with cots, interest and disbursements, if deemed appropriate by this Honorable Court.

Dated: White Plains, NY
April 22, 2008

Yours, etc.

_____
JOHN J. WALSH (4092)
**HODGES, WALSH & SLATER, LLP**
Attorneys for Defendant
TOWN OF CORTLANDT
55 Church Street, Suite 211
**White Plains, NY  10601**
**Tel:    (914) 385-6000**
**Fax:   (914) 385-6060**

TO:   LOVETT & GOULD, LLP
       Attorneys for Plaintiffs
       222 Bloomingdale Road
       White Plains, NY  10605
       914-428-8401

       LAW OFFICES OF EDMUND V. CAPLICKI, JR., P.C.
       Attorneys for Defendants
       Puglisi, Lindau, Farrell, Sloan & Wood
       P.O. Box 15
       Lagrangeville, NY  12540

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK         )
                          SS.:)
COUNTY OF WESTCHESTER     )

KIM J. LAMBERTUS, being duly sworn, deposes and says:

I am employed by the law firm of HODGES, WALSH & SLATER, LLP, counsel for Defendant in the above action and I am over the age of 18 years and I am not a party to this action. On April 22, 2008, I served a true copy of the annexed **Answer** in the following manner: by Electronic filing and Regular as indicated below:

TO:   Clerk of the United States District Court – Electronic Filing
      for the Southern District of New York
      300 Quarropas Street
      White Plains, NY  10601

      Lovett & Gould, LLP – Electronic Filing & Regular Mail
      Attorneys for Plaintiffs
      222 Bloomingdale Road
      White Plains, NY  10605

      LAW OFFICES OF EDMUND V. CAPLICKI, JR., P.C. – Electronic Filing &
      Attorneys for Defendants                              Regular Mail
      Puglisi, Lindau, Farrell, Sloan & Wood
      P.O. Box 15
      Lagrangeville, NY  12540

_____
KIM J. LAMBERTUS

Sworn to before me this
22nd day of April, 2008

_____
Notary Public

JOHN J. WALSH
Notary Public, State of New York
No. 4827450
Qualified in Orange County
Commission Expires May 31, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT L. PAVONE and VALERIE V. PAVONE,                 08 civ 2389

                         Plaintiffs,

   -against-

LINDA PUGLISI, individually, ANN
LINDAU, individually, FRANCIS X.
FARRELL, individually, JOHN SLOAN,
Individually, THOMAS WOOD,
Individually and the TOWN OF
CORTLANDT, New York,

                        Defendants.
------------------------------------------------------------------X

## ANSWER

HODGES, WALSH & SLATER LLP
Attorneys for Defendants
55 Church Street, Suite 211
White Plains, New York 10601
(914) 385-6000