UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT L. PAVONE and VALERIE V. PAVONE

                             Plaintiffs

            -against-                                    **ANSWER TO FIRST
                                                         AMENDED COMPLAINT**

LINDA PUGLISI, individually, ANN
LINDAU, individually, FRANCIS X.
FARRELL, individually, JOHN SLOAN,                       08 CIV. 2389 (CLB)
individually, THOMAS WOOD,
individually and the TOWN OF
CORTLANDT, New York

                             Defendants
------------------------------------------------------------------------X

        Defendants LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL, JOHN

SLOAN, and THOMAS WOOD (hereinafter, the "Defendants"), by their attorneys, the LAW

OFFICES OF EDMUND V. CAPLICKI, JR., P.C., as and for their Answer to the above-

captioned Complaint dated March 8, 2008 by Plaintiffs ROBERT L. PAVONE and VALERIE

V. PAVONE (hereinafter the "Plaintiffs") respond and state as follows:

## NATURE OF THE ACTION

        1.      Deny each and every allegation contained in paragraph "1" of the Complaint of

the Plaintiffs.

## JURISDICTION

        2.      Deny each and every allegation contained in paragraph "2" of the Complaint of

the Plaintiffs.

## THE PARTIES

        3.      Deny each and every allegation contained in paragraph "3" of the Complaint of

the Plaintiffs, but admit upon information and belief that R. PAVONE and V. PAVONE are

husband and wife, and residents, domiciliaries, and citizens of the Northern Counties of the State

of New York, United States of America, and that R. PAVONE was the Chief of Police of the Defendant Town and that V. PAVONE was employed by the Defendant Town and served as the "White Collar Representative" of AFSCME Local 2343.

4.    Deny the allegations contained in paragraph "4" of the Complaint of the Plaintiffs, except admit that LINDA PUGLISI is the duly elected Supervisor of the Town of Cortlandt, New York.

5.    Deny the allegations contained in paragraph "5" of the Complaint of the Plaintiffs, except admit ANN LINDAU is a duly elected member of the Town Board of the Town of Cortlandt, New York.

6.    Deny the allegations contained in paragraph "6" of the Complaint of the Plaintiffs, except admit FRANCIS X. FARRELL is a duly elected member of the Town Board of the Town of Cortlandt, New York.

7.    Deny the allegations contained in paragraph "7" of the Complaint of the Plaintiffs, except admit JOHN SLOAN is a duly elected member of the Town Board of the Town of Cortlandt, New York.

8.    Deny the allegations contained in paragraph "8" of the Complaint of the Plaintiffs, except admit THOMAS WOOD is the duly appointed Town Attorney of the Town of Cortlandt, New York.

9.    Admit the allegations in paragraph "9" of the Complaint of the Plaintiffs.

## THE FACTS

10.    Admit the allegations contained in paragraph "10" of the Complaint of the Plaintiffs.

11.     Admit the allegations contained in paragraph "11" of the Complaint of the Plaintiffs.

12.     Deny the allegations contained in paragraph "12" of the Complaint of the Plaintiffs, and refers all questions of the law to this Court.

13.     Deny the allegations contained in paragraph "13" of the Complaint of the Plaintiffs, and refers all questions of law to this Court.

14.     Deny knowledge or information sufficient to form a belief and to the allegations contained in paragraph "14" of the Complaint of the Plaintiffs.

15.     Deny the allegations contained in paragraph "15" of the Complaint of the Plaintiffs.

16.     Deny the allegations contained in paragraph "16" of the Complaint of the Plaintiffs, except admit that by Resolution 68-08, ROBERT PAVONE'S Section 207-C benefits were terminated.

17.     Deny the allegations contained in paragraph "17" of the Complaint of the Plaintiffs.

18.     Deny the allegations contained in paragraph "18" of the Complaint of the Plaintiffs, except admit Defendants were served with the Summons and Complaint.

19.     Deny the allegations contained in paragraph "19" of the Complaint of the Plaintiffs.

20.     Deny the allegations contained in paragraph "20" of the Complaint of the Plaintiffs.

**ANSWERING THE ALLEGED FIRST CLAIM**

21.     Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

22.     Deny each and every allegation contained in paragraph "22" of the Complaint of the Plaintiffs.

**ANSWERING THE ALLEGED SECOND CLAIM**

23.     Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

24.     Deny each and every allegation contained in paragraph "24" of the Complaint of the Plaintiffs.

**ANSWERING THE ALLEGED THIRD CLAIM**

25.     Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

26.     Deny each and every allegation contained in paragraph "26" of the Complaint of the Plaintiffs.

**ANSWERING THE ALLEGED FOURTH CLAIM**

27.     Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

28.    Deny each and every allegation contained in paragraph "28" of the Complaint of the Plaintiffs.

29.    Deny each and every allegation contained in paragraph "29" of the Complaint of the Plaintiff, except admit Pagliaroli received Workers Compensation benefits.

30.    Deny each and every allegation contained in paragraph "30" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED FIFTH CLAIM

31.    Defendants repeat and reallege each and every denial set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

32.    Deny each and every allegation contained in paragraph "32" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED SIXTH CLAIM

33.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

34.    Deny each and every allegation contained in paragraph "34" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED SEVENTH CLAIM

35.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

36.    Deny each and every allegation contained in paragraphs "36" of the Complaint of the Plaintiffs.

### ANSWERING THE ALLEGED EIGHTH CLAIM

37.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

38.    Deny each and every allegation contained in paragraphs "38" of the Complaint of the Plaintiffs.

### ANSWERING THE ALLEGED NINTH CLAIM

39.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

40.    Deny each and every allegation contained in paragraph "40" of the Complaint of the Plaintiffs.

41.    Deny each and every allegation contained in paragraph "41" of the Complaint of the Plaintiffs.

42.    Deny each and every allegation contained in paragraphs "42" of the Complaint of the Plaintiffs.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43.    The Complaint of the Plaintiffs fails to state a cause of action and/or claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44.    The plaintiff's claims do not rise to the level of a Constitutional violation.

## AS AND OFR A THIRD AFFIRMATIVE DEFENSE

45.    The actions of the plaintiff VALERIE PAVONE were not a motivating factor for the conduct of the defendants complained of in the Plaintiffs' Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46.    The plaintiff VALERIE PAVONE'S speech was not a matter of public concern.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47.    The Laws of the State of New York provide an adequate remedy at law for plaintiffs' claims thus barring the instant action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48.    Plaintiffs have failed to pursue relief available under the Laws of the State of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49.    The defendants' conduct was based upon valid existing settlement agreements and subsequent decision of appropriate state agencies.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

50.    The plaintiffs claim for punitive damages is barred by public policy and the laws of the State of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

51.    The defendants acted in good faith and without malice.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

52.    Defendants actions were not motivated by protected speech or activity of the plaintiffs.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

53.   Plaintiffs were not selectively treated by the named defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

54.   The actions of defendants were not barred based upon impermissible considerations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

55.   Plaintiffs suffered no true chilling affect on any protected conduct, activity or speech.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

56.   Plaintiff ROBERT PAVONE accepted benefits pursuant to the 207-C Stipulation dated November 8, 1999, after its alleged breach, and as such all claims thereunder are barred by the doctrine of Waiver.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

57.   Plaintiffs claims are barred by the doctrine of accord and satisfaction.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

58.   Plaintiffs claims are barred by the doctrine of collateral estoppel.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

59.   Plaintiff ROBERT PAVONE agreed in the 207-C Stipulation dated November 8, 1999 to be bound by determination of the Comptroller on behalf of the New York State Retirement System with respect to disability which has presently found against plaintiff on two occasions.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

60.     Pursuant to the 207-C Stipulation dated November 8, 1999, plaintiff ROBERT PAVONE has exhausted his administrative remedies as set forth therein allowing the Town to discontinue 207-C salary benefits.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

61.     All claims asserted under New York State Law are barred by the failure of plaintiffs to file Notices of Claim.

## AS AND FOR A TWENTYETH AFFIRMATIVE DEFENSE

62.     The individual defendants, LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL, JOHN SLOAN, and THOMAS WOOD, are entitled to either qualified or absolute immunity from liability from damages based upon the actions alleged in the Complaint, and therefore the claims against the individual defendants must be dismissed in their entirety.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

63.     Plaintiffs failed to exhaust administrative remedies provided for in the relevant collective bargaining agreement and Town sponsored plans.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF ROBERT PAVONE.

64.     Pursuant to Paragraph four of the 207-C Stipulation dated November 8, 1999, this defendant, TOWN OF CORTLANDT paid a sum in excess of $35,000.00 to plaintiff ROBERT PAVONE for unused vacation, sick and personal time.  Said sum was accepted and retained by the plaintiffs.

65.     If it is found that the termination of payments to plaintiff ROBERT PAVONE was improper, which is denied, then the aforesaid payment was improper and defendant TOWN OF CORTLANDT is entitled to full refund thereof plus interest.

WHEREFORE, Defendants LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL, JOHN SLOAN, and THOMAS WOOD demand judgment dismissing the Complaint of the plaintiffs in its entirety, and recovery of the amount set forth in the Counterclaim, together with costs, interest and disbursements, and attorney fees, and such other and further relief as this Honorable Court deems just and proper.

Dated: Lagrangeville, New York
      June 4, 2008

                        **LAW OFFICES OF EDMUND V. CAPLICKI, JR., P.C.**

By:        _____
                    EDMUND V. CAPLICKI, JR. (6896)
                    Attorneys for Defendants
                    LINDA PUGLISI, ANN LINDAU, FRANCIS X.
                    FARRELL, JOHN SLOAN, and THOMAS WOOD
                    P.O. Box 15
                    Lagrangeville, New York 12540
                    Tel. (845) 483-0983
                    Fax (845) 483-0938

TO:    LOVETT & GOULD, LLP
        Attorneys for Plaintiffs
        222 Bloomingdale Road
        White Plains, NY 10605
        (914) 428-8401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

ROBERT L. PAVONE and VALERIE V. PAVONE

                                        Plaintiffs

                                                              **AFFIDAVIT OF**
          -against-                                           **SERVICE**

LINDA PUGLISI, individually, ANN
LINDAU, individually, FRANCIS X.
FARRELL, individually, JOHN SLOAN,                    08 CIV. 2389 (CLB)
individually, THOMAS WOOD,
individually and the TOWN OF
CORTLANDT, New York

                                        Defendants
------------------------------------------------------------------------------X
STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF DUTCHESS       )

        Cynthia J. Sauter, being sworn says:  I am not a party to this action, am over 18 years of
age and reside at Hopewell Junction, New York.

        On June 4, 2008, pursuant to CPLR 3215, I served a true original of the annexed Answer
by Electronic Filing, Fax and Regular Mail as indicated below:

                Clerk of the United States District Court – *Electronic Filing*
                for the Southern District of New York
                300 Quarropas Street
                White Plains, New York  10601

                LOVETT & GOULD, LLP – *Electronic Filing, Regular Mail and*
                Jonathan Lovett, Esq.          *Fax (914)428-8916*
                Attorneys for Plaintiffs
                222 Bloomingdale Road
                White Plains, NY 10605

                HODGES, WALSH & SLATER, LLP –*Electronic Filing, Regular*
                John J. Walsh, Esq.                    *Mail and Fax*
                Attorneys for Defendant                *(914)385-6060*
                TOWN OF CORTLANDT
                55 Church Street, Suite 211
                White Plains, NY 10601

CYNTHIA J. SAUTER

Sworn to before me this 4th
day of June, 2008

Notary Public
ID #02CA4517468


**EDMUND V. CAPLICKI, JR.**
Notary Public State of New York
Qualified in Dutchess County #02CA4517468
Commission Expires April 30, 20 1 0