UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERT L. PAVONE and VALERIE V. PAVONE,   08 civ 2389
                                          (CLB) (LMS)
        Plaintiffs,

    -against-   **ANSWER TO FIRST AMENDED COMPLAINT**

LINDA PUGLISI, individually, ANN LINDAU, individually, FRANCIS X. FARRELL, individually, JOHN SLOAN, Individually, THOMAS WOOD, Individually and the TOWN OF CORTLANDT, New York,

        Defendants.
-------------------------------------------------------------------X

Defendant named herein as TOWN OF CORTLANDT, New York by their attorneys, **HODGES, WALSH & SLATER, LLP,** as and for an Answer to plaintiffs' First Amended Complaint dated May 17, 2008, allege upon information and belief as follows:

### NATURE OF THE ACTION

FIRST: Denies each and every allegation contained in paragraph "1" of the Plaintiff's First Complaint.

### JURISDICTION

SECOND: Denies each and every allegation contained in paragraph "2" of the Plaintiff's First Complaint.

### THE PARTIES

THIRD: Denies each and every allegation contained in paragraph "3" of the Plaintiff's First Complaint but admits that R. Pavone was the Chief of Police of the Defendant Town and that V. Pavone was employed by the Defendant Town and served as the "White Collar Representative" of AFSCME Local 2343.

## THE FACTS

FOURTH: Denies each and every allegation contained in paragraphs "12", and "13" of the Plaintiff's First Complaint and refers all questions of law to this Court.

FIFTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "14" and "18" of the Plaintiff's First Complaint.

SIXTH: Denies each and every allegation contained in paragraphs "15", "17", "19" and "20" of the Plaintiff's First Complaint.

SEVENTH: Denies each and every allegation contained in paragraph "16" but admits that by resolution #68-08 Section 207-c plaintiff R. Pavone's Section 207-c benefits were terminated.

## ANSWERING THE ALLEGED FIRST CLAIM

EIGHTH: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

NINTH: Denies each and every allegation contained in paragraph "22" of the Plaintiff's First Amended Complaint.

## ANSWERING THE ALLEGED SECOND CLAIM

TENTH: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

ELEVENTH: Denies each and every allegation contained in paragraph "24" of the Plaintiff's First Amended Complaint.

### ANSWERING THE ALLEGED THIRD CLAIM

TWELFTH:   Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

THIRTEENTH:   Denies each and every allegation contained in paragraph "26" of the Plaintiff's First Amended Complaint.

### ANSWERING THE ALLEGED FOURTH CLAIM

FOURTEENTH:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

FIFTEENTH: Denies each and every allegation contained in paragraph "28", "29" and "30" of the Plaintiff's First Amended Complaint.

### ANSWERING THE ALLEGED FIFTH CLAIM

SIXTEENTH:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

SEVENTEENTH:  Denies each and every allegation contained in paragraph "32" of the Plaintiff's First Amended Complaint.

### ANSWERING THE ALLEGED SIXTH CLAIM

EIGHTEENTH:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same   force and effect as if fully set forth at length herein.

NINETEENTH: Denies each and every allegation contained in paragraph "34" of the Plaintiff's First Amended Complaint.

### ANSWERING THE ALLEGED SEVENTH CLAIM

TWENTIETH: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

TWENTY-FIRST: Denies each and every allegation contained in paragraph "36" of the Plaintiff's First Amended Complaint.

### ANSWERING THE ALLEGED EIGHTH CLAIM

TWENTY-SECOND: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

TWENTY-THIRD: Denies each and every allegation contained in paragraph "38" of the Plaintiff's First Amended Complaint.

### ANSWERING THE ALLEGED NINTH CLAIM

TWENTY-FOURTH: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

TWENTY-FIFTH: Denies each and every allegation contained in paragraphs "40", "41" and "42" of the Plaintiff's First Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-SIXTH: The plaintiffs' complaint fails to state a cause of action and/or claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-SEVENTH::   The plaintiffs' claims do not rise to the level of a Constitutional violation.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-EIGHTHH:  The actions of the plaintiff Valerie Pavone were not a motivating factor for the conduct of the defendants complained of in the plaintiffs' complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-NINTH:   The plaintiff Valerie Pavone's speech was not a matter of public concern.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTIETH:  The Laws of the State of New York provide an adequate remedy at law for plaintiffs' claims thus barring the instant action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:  Plaintiffs have failed to pursue relief available under the Laws of the State of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND::  The defendants' conduct was based upon valid existing settlement agreements and subsequent decisions of appropriate state agencies.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

THIRTY-THIRD:  The plaintiff's claim for punitive damages is barred by public policy and the laws of the State of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH:  The defendants acted in good faith and without malice.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH:   Defendants actions were not motivated by protected speech or activity of the plaintiffs.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

THIRTY-SIXTH  Plaintiffs were not selectively treated by the named defendants.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

THIRTY-SEVENTH:  The actions of defendants were not barred based upon impermissible considerations.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

THIRTY-EIGHTH:  Plaintiff suffered no true chilling affect on any protected conduct, activity or speech.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

THIRTY-NINTH:    Plaintiff Robert Pavone accepted benefits pursuant to the 207-C Stipulation dated November 8, 1999, after its alleged breach, and as such all claims thereunder are barred by the doctrine of Waiver.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

FORTIETH:  Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

FORTY-FIRST:  Plaintiffs' claims are barred by the doctrine of collateral estoppel.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

FORTY-SECOND:   Plaintiff Robert Pavone agreed in the 207-C Stipulation dated November 8, 1999 to be bound by determination of the Comptroller on behalf of the New York State Retirement System with respect to disability which has presently found against plaintiff on two occasions.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

FORTY-THIRD:  Pursuant to the 207-C Stipulation dated November 8, 1999, plaintiff Robert Pavone has exhausted his administrative remedies as set forth therein, allowing the Town to discontinue 207-C salary benefits.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH:  Plaintiff Valerie Pavone has failed to exhaust available administrative remedies.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

FORTY-FIFTH:   All claims asserted under New York State Law are barred by the failure of plaintiffs to file Notices of Claim.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

FORTY-SIXTH:   The defendants' conduct was based upon valid existing settlement agreements and subsequent decision of appropriate state agencies.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF ROBERT PAVONE

FORTY-SEVENTH: Pursuant to Paragraph four of the 207-C Stipulation dated November 8, 1999, this defendant, TOWN OF CORTLANDT paid a sum in excess of $35,000 to plaintiff for unused vacation, sick and personal time.  Said sum was accepted and retained by the plaintiffs.

FORTY-EIGHTH::  If it is found that the termination of payments to plaintiff Robert Pavone was improper, which is denied, then the aforesaid payment was improper and defendant TOWN OF CORTLANDT is entitled to full refund thereof plus interest.

WHEREFORE, Defendant, Town of Cortlandt demands judgment dismissing the Complaint of the plaintiffs and recovery of the amount set forth in the Counterclaim, together with cots, interest and disbursements, if deemed appropriate by this Honorable Court.

Dated: White Plains, NY
       June 6, 2008

Yours, etc.

*/s/ John J. Walsh*

JOHN J. WALSH (4092)
**HODGES, WALSH & SLATER, LLP**
Attorneys for Defendant
TOWN OF CORTLANDT
55 Church Street, Suite 211
**White Plains, NY  10601**
Tel:   (914) 385-6000
Fax:   (914) 385-6060

TO:   LOVETT & GOULD, LLP
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, NY  10605
914-428-8401

LAW OFFICES OF EDMUND V. CAPLICKI, JR., P.C.
Attorneys for Defendants
Puglisi, Lindau, Farrell, Sloan & Wood
P.O. Box 15
Lagrangeville, NY  12540