UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT L. PAVONE and
VALERIE V. PAVONE,                                        08-CV-2389

                      Plaintiffs,

  -against-
                                                                    **INTERROGATORIES**

LINDA PUGLISI, individually, ANN LINDAU,        **and DOCUMENT**
individually, FRANCIS X. FARRELL, individually,    **DEMANDS**
JOHN SLOAN, individually, THOMAS WOOD,
individually, and the TOWN OF CORTLAND,
New York,

                      Defendants.
------------------------------------------------------------X

      Defendant, TOWN OF CORTLAND, by its attorneys HODGES WALSH & SLATER, LLP, request that plaintiffs, ROBERT L. PAVONE and VALERIE V. PAVONE, pursuant to FRCP §33, §33(b)(1), §33(b)(2) and §33(b)(3) individually answer and sign each of the following Interrogatories, under oath, within thirty (30) days after receipt of this demand. Pursuant to §33(b)(2) and (4), any objections shall be set forth with due specificity and signed by counsel.

## INTERROGATORIES

      1.    Identify all persons, including their last known address and telephone number, that plaintiff, Robert L. Pavone, claims have knowledge of any the facts and circumstances relating to the claims set forth in their Complaint.

      2.    Specify the knowledge said persons identified in Interrogatory number 1 possess, and to which of plaintiffs' claim(s), that information relates.

      3.    Identify all persons, including their last known address and telephone number, that plaintiff, Valerie V. Pavone, claims have knowledge of any the facts and circumstances relating to the claims set forth in their Complaint.

4.  Specify the knowledge said persons identified in Interrogatory number 1 possess, and to which of plaintiffs' claim(s), that information relates.

5.  Specify the official duties and/or activities that each individual defendant was performing at the time or times their alleged conduct violated plaintiff's, Robert L. Pavone's constitutional rights.

6.  Identify any documents that support plaintiff's, Robert L. Pavone's allegation that the named defendants violated his constitutional rights while performing official duties and/or activities.

7.  If it is alleged that the named defendants were not acting in an official duty or activity, what alleged actions, taken individually and personally, violated plaintiff's, Robert L. Pavone's constitutional rights.

8.  Identify any documents that support plaintiff's, Robert L. Pavone's allegation that the named defendants violated his constitutional rights while performing individual or personal activities.

9.  Specify the official activities that each individual defendant was performing at the time or times their alleged conduct violated plaintiff's, Valerie V. Pavone's constitutional rights.

10. Identify any documents that support plaintiff's, Valerie V. Pavone's allegation that the named defendants violated her constitutional rights while performing official duties and/or activities.

11. If it is alleged that the named defendants were not acting in an official activity, what alleged actions, taken individually and personally, violated plaintiff's, Robert L. Pavone's constitutional rights.

12.     Identify any documents that support plaintiff's, Robert L. Pavone's allegation that the named defendants violated her constitutional rights while performing individual or personal activities.

13.     Identify which of the TOWN OF CORTLAND's policies, customs or practices plaintiffs, Robert L. Pavone and Valerie V. Pavone, base their claims against the TOWN OF CORTLAND.

14.     Specify all actions taken by plaintiff, Robert L. Pavone, in applying for disability retirement benefits under §363 of the Retirement Law of the State of New York from the date of the underlying settlement referenced in plaintiff's Complaint to the present time.

15.     Identify all documents which relate to the actions taken by plaintiff, Robert L. Pavone, in applying for disability retirement benefits under §363 of the Retirement Law of the State of New York from the date of the underlying settlement referenced in plaintiff's Complaint to the present time.

16.     Identify all documents, correspondence, approvals and denials received from the State of New York in response to plaintiff's, Robert L. Pavone's application for disability retirement benefits under §363 of the Retirement Law of the State of New York from the date of the underlying settlement referenced in plaintiff's Complaint to the present time.

17.     Identify all administrative remedies that remained available to plaintiff, Robert L. Pavone, under his initial application for disability retirement benefits, which was denied in April 2005, as of February 25, 2008.

18. Identify all documents that reflect that plaintiff, Robert L. Pavone had any remaining administrative remedies available to him from the denial of his initial application for disability retirement benefits, which was denied in April 2005, as of February 25, 2008.

19. Identify all "contentious issues" which plaintiff, Valerie V. Pavone "vigorously and zealously advocated on behalf of the union and its constituent members against the Town", as the terms are used in her Complaint.

20. Identify all documents that relate to any of the "contentious issues" which plaintiff, Valerie V. Pavone "vigorously and zealously advocated on behalf of the union and its constituent members against the Town", as the terms are used in her Complaint.

21. Identify any medical, health, psychology, social work, counseling or other professional from whom plaintiff Robert L. Pavone received evaluation and/or treatment relating to the injuries alleged in his Complaint.

22. Identify any documents which reflect medical or other professional treatment received by plaintiff Robert L. Pavone relating to his Complaint, and provide HIPAA compliant authorizations to obtain copies of said documents.

23. Identify any medical, health, psychology, social work, counseling or other professional from whom plaintiff Valerie V. Pavone received evaluation and/or treatment relating to the injuries alleged in her Complaint.

23. Identify any documents which reflect medical or other professional treatment received by plaintiff Valerie V. Pavone relating to his Complaint, and provide HIPAA compliant authorizations to obtain copies of said documents.

24. Identify all documents which reflect that plaintiff Robert L. Pavone's medical or health benefits were reduced in a manner different than as directed by the prevailing collective bargaining agreement in place at the time of said alleged reduction.

25. Identify all documents relating to Vincent Pagliaroli which relate to plaintiff's Robert L. Pavone's claim that he was treated in a preferential manner by the TOWN OF CORTLAND.

## DOCUMENT DEMANDS

Defendant, TOWN OF CORTLAND, by its attorneys HODGES WALSH & SLATER, LLP, request that plaintiffs, ROBERT L. PAVONE and VALERIE V. PAVONE, pursuant to FRCP §34 provide the documents set forth below within thirty (30) days after receipt of this demand.

1. Provide copies of all documents identified in response to Interrogatory number 6 which are in the possession of plaintiffs, ROBERT L. PAVONE and/or VALERIE V. PAVONE, or, if plaintiffs do not have possession of the documents, identify where plaintiffs believe these documents exist.

2. Provide copies of all documents identified in response to Interrogatory number 8 which are in the possession of plaintiffs, ROBERT L. PAVONE and/or VALERIE V. PAVONE, or, if plaintiffs do not have possession of the documents, identify where plaintiffs believe these documents exist.

3. Provide copies of all documents identified in response to Interrogatory number 10 which are in the possession of plaintiffs, ROBERT L. PAVONE and/or VALERIE V. PAVONE, or, if plaintiffs do not have possession of the documents, identify where plaintiffs believe these documents exist.

4. Provide copies of all documents identified in response to Interrogatory number 12 which are in the possession of plaintiffs, ROBERT L. PAVONE and/or VALERIE V. PAVONE, or, if plaintiffs do not have possession of the documents, identify where plaintiffs believe these documents exist.

5. Provide copies of all documents identified in response to Interrogatory number 15 which are in the possession of plaintiffs, ROBERT L. PAVONE and/or VALERIE V. PAVONE, or, if plaintiffs do not have possession of the documents, identify where plaintiffs believe these documents exist.

6. Provide copies of all documents identified in response to Interrogatory number 16 which are in the possession of plaintiffs, ROBERT L. PAVONE and/or VALERIE V. PAVONE, or, if plaintiffs do not have possession of the documents, identify where plaintiffs believe these documents exist.

7. Provide copies of all documents identified in response to Interrogatory number 18 which are in the possession of plaintiffs, ROBERT L. PAVONE and/or VALERIE V. PAVONE, or, if plaintiffs do not have possession of the documents, identify where plaintiffs believe these documents exist.

8. Provide copies of all documents identified in response to Interrogatory number 20 which are in the possession of plaintiffs, ROBERT L. PAVONE and/or VALERIE V. PAVONE, or, if plaintiffs do not have possession of the documents, identify where plaintiffs believe these documents exist.

9. Provide copies of all documents identified in response to Interrogatory number 22 which are in the possession of plaintiffs, ROBERT L. PAVONE and/or

VALERIE V. PAVONE, or, if plaintiffs do not have possession of the documents, identify where plaintiffs believe these documents exist.

10. Provide copies of all documents identified in response to Interrogatory number 23 which are in the possession of plaintiffs, ROBERT L. PAVONE and/or VALERIE V. PAVONE, or, if plaintiffs do not have possession of the documents, identify where plaintiffs believe these documents exist.

11. Provide copies of all documents identified in response to Interrogatory number 24 which are in the possession of plaintiffs, ROBERT L. PAVONE and/or VALERIE V. PAVONE, or, if plaintiffs do not have possession of the documents, identify where plaintiffs believe these documents exist.

12. Provide copies of all documents identified in response to Interrogatory number 25 which are in the possession of plaintiffs, ROBERT L. PAVONE and/or VALERIE V. PAVONE, or, if plaintiffs do not have possession of the documents, identify where plaintiffs believe these documents exist.

Dated: May 21, 2008
      White Plains, New York

                          Yours, etc.,
                          HODGES WALSH & SLATER, LLP

                          John J. Walsh (4092)
                          Attorneys for the TOWN OF CORTLAND
                          55 Church Street, Suite 211
                          White Plains, New York 10601
                          914.385.6000

To:
LOVETT & GOULD, LLP
Attorney for Plaintiffs
222 Bloomingdale Road
White Plains, New York 10605
914.428.8401

LAW OFFICES OF EDMUND V. CAPLICKI, JR.
Attorney for Puglisi, Lindau, Farrell, Sloan & Wood
P.O. Box 15
1133 Route 55, Suite E
Lagrangeville, New York 12540

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK           )
                            SS.:)
COUNTY OF WESTCHESTER       )

KIM J. LAMBERTUS, being duly sworn, deposes and says:

I am employed by the law firm of HODGES, WALSH & SLATER, LLP, counsel for Defendant in the above action and I am over the age of 18 years and I am not a party to this action. On June 25, 2008, I served a true copy of the annexed **Interrogatories and Document Demands** in the following manner: by Electronic filing and Regular as indicated below:

TO:  Clerk of the United States District Court – Electronic Filing
     for the Southern District of New York
     300 Quarropas Street
     White Plains, NY 10601

     Lovett & Gould, LLP – Electronic Filing & Regular Mail
     Attorneys for Plaintiffs
     222 Bloomingdale Road
     White Plains, NY 10605

     LAW OFFICES OF EDMUND V. CAPLICKI, JR., P.C. – Electronic Filing & Regular Mail
     Attorneys for Defendants
     Puglisi, Lindau, Farrell, Sloan & Wood
     P.O. Box 15
     Lagrangeville, NY 12540

                                        _____
                                        KIM J. LAMBERTUS

Sworn to before me this
25th day of June, 2008

_____
Notary Public