UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ROBERT L. PAVONE and
VALERIE V. PAVONE,                                      08-CV-2389

                              Plaintiffs,

      -against-
                                                       **NOTICE OF**
LINDA PUGLISI, individually, ANN LINDAU,               **MOTION**
individually, FRANCIS X. FARRELL, individually,
JOHN SLOAN, individually, THOMAS WOOD,
individually, and the TOWN OF CORTLANDT,
New York,

                              Defendants.
--------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that upon the annexed Affirmation of Edmund V.

Caplicki, Esq., and upon all pleadings and proceedings had heretofore herein, the

undersigned will move this Court on July 25, 2008 at 10:00 a.m., or as soon thereafter as

movant will be heard, before the Hon. Charles L. Brieant at the United States District

Court, 300 Quarropas Street, White Plains, New York, for an order pursuant to Fed. R.

Civ. P. 56 (c) granting defendants, LINDA PUGLISI, ANN LINDAU, FRANCIS X.

FARRELL, JOHN SLOAN and THOMAS WOOD    (hereinafter "Municipal

Defendants"), judgment on the affirmative defense of qualified immunity dismissing

plaintiffs' Complaint against these municipal defendants, together with such further and

other relief as the Court may deem just and fair under the circumstances herein.

Dated: Lagrangeville, New York
        June 30, 2008

                        Yours, etc.,

                  LAW OFFICES OF EDMUND V. CAPLICKI, JR.

                  

                  By: _____
                        Edward V. Caplicki (6896)

Attorney for Puglisi, Lindau, Farrell, Sloan & Wood
P.O. Box 15
1133 Route 55, Suite E
Lagrangeville, New York 12540
845.483.0983

To:
LOVETT & GOULD, LLP
Attorney for Plaintiffs
222 Bloomingdale Road
White Plains, New York 10605
914.428.8401

HODGES WALSH & SLATER, LLP
Attorneys for the TOWN OF CORTLANDT
55 Church Street, Suite 211
White Plains, New York 10601
914.385.6000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT L. PAVONE and
VALERIE V. PAVONE,                                          08-CV-2389

                                      Plaintiffs,

       -against-                                    **AFFIRMATION IN
SUPPORT**

LINDA PUGLISI, individually, ANN LINDAU,
individually, FRANCIS X. FARRELL, individually,
JOHN SLOAN, individually, THOMAS WOOD,
individually, and the TOWN OF CORTLANDT,
New York,

                                 Defendants.
------------------------------------------------------------X

       Edmund V. Caplicki, Jr., being an attorney duly admitted to practice law before

the United States District Court, Southern District of New York, affirms the following

under the penalties of perjury:

       1.     I am the attorney for the defendants, LINDA PUGLISI, ANN LINDAU,

FRANCIS X. FARRELL, JOHN SLOAN and THOMAS WOOD, and am familiar with

the facts and pleadings herein from my review of the file maintained by our office.

       2.     This Affirmation is submitted in support of the municipal defendants

motion for judgment pursuant to Fed. R. Civ. P. 56 (c) on the affirmative defense of

qualified immunity.

       3.     Plaintiffs ROBERT L. PAVONE and VALARIE V. PAVONE,

commenced this action by service of a Complaint, annexed hereto as **EXHIBIT A**.

       4.     Defendants, LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL,

JOHN SLOAN and THOMAS WOOD, joined by way of an Answer dated April 22,

2008, annexed hereto as **EXHIBIT B**.

5.     Defendant, TOWN OF CORTLANDT, joined by way of an Answer dated April 22, 2008 annexed hereto as **EXHIBIT C**.

6.     Plaintiffs ROBERT L. PAVONE and VALARIE V. PAVONE, answered the counterclaims of the municipal defendants and the TOWN OF CORTLANDT on April 25, 2008 annexed hereto as **EXHIBIT D** and **EXHIBIT E**.

7.     Plaintiffs ROBERT L. PAVONE and VALARIE V. PAVONE, served an Amended Complaint on May 17, 2008 annexed hereto as **EXHIBIT F**.

8.     Defendants, LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL, JOHN SLOAN and THOMAS WOOD, served an Amended Answer on June 4, 2008, annexed hereto as **EXHIBIT G**.

9.     Plaintiffs ROBERT L. PAVONE and VALARIE V. PAVONE, served an amended answered to the counterclaims of the municipal defendants on June 4, 2008 annexed hereto as **EXHIBIT H**.

10.     Defendant, TOWN OF CORTLANDT, served an Amended Answer on June 6, 2008 annexed hereto as **EXHIBIT I**.

11.     Pursuant to Local Rule 56.1, the Court is respectfully referred to defendants' Statement of Facts.

12.     The Court is also respectfully referred to defendants' Memorandum of Law for the application of the facts on the well-established legal foundations for an affirmative defense of qualified immunity.

WHEREFORE, it is respectfully requested that the defendants', LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL, JOHN SLOAN and THOMAS WOOD, motion for judgment, pursuant to Rule 56(c), on the affirmative defense of

qualified immunity be granted in its entirety and plaintiff's Complaint dismissed with prejudice, together with such further and other relief as this Court may deem just.

Dated: Lagrangeville, New York
June 30, 2008

Yours, etc.,

LAW OFFICES OF EDMUND V. CAPLICKI, JR.

By: _____
Edward V. Caplicki (6896)
Attorney for Puglisi, Lindau, Farrell, Sloan & Wood
P.O. Box 15
1133 Route 55, Suite E
Lagrangeville, New York 12540
845.483.0983

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ROBERT L. PAVONE and
VALERIE V. PAVONE,                                                    08-CV-2389

                                        Plaintiffs,

        -against-
                                                                     **STATEMENT OF**
                                                                     **FACTS**
LINDA PUGLISI, individually, ANN LINDAU,
individually, FRANCIS X. FARRELL, individually,
JOHN SLOAN, individually, THOMAS WOOD,
individually, and the TOWN OF CORTLANDT,
New York,

                                        Defendants.

--------------------------------------------------------------X

        Defendants, LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL, JOHN

SLOAN and THOMAS WOOD, by their attorneys, LAW OFFICES OF EDMUND V.

CAPLICKI, JR., hereby sets forth their Rule 56.1 Statement of Facts.


        1.      On May 12, 1992, the TOWN OF CORTLANDT Town Board resolved to

provide non-union employees the same health insurance package as provided to union

employees as governed by the collective bargaining agreement with the Town, annexed

hereto as **EXHIBIT J** (hereinafter "1992 Resolution").

        2.      On November 8, 1999, defendant, LINDA PUGLISI, with the authority of

the Town Board, executed a "207-C Stipulation" with plaintiff, ROBERT L. PAVONE,

annexed hereto as **EXHIBIT K**.

        3.      The 207-C Stipulation included a provision whereby ROBERT L.

PAVONE would continue to receive health care coverage pursuant to the 1992

Resolution.  (Exhibit K, par. 1).

4.      In addition, the TOWN OF CORTLANDT agreed to continue paying ROBERT L. PAVONE's salary benefits during the time he applied and exhausted all administrative remedies, with the exception of an Article 78 proceeding, for Police & Fire Retirement disability "incurred in the performance of duty" or "accidental disability" under §363 of the New York Retirement and Social Security Law. (Exhibit K, par. 2).

5.      Moreover, ROBERT L. PAVONE agreed to be bound by the determination of the Comptroller on behalf of the New York State Retirement System with respect to his application. (Exhibit K, par. 7).

6.      Finally, ROBERT L. PAVONE "expressly acknowledged that if he fails to receive a disability retirement having exhausted his administrative remedies prior to an Article 78 proceeding, that The Town of Cortlandt may **unilaterally discontinue his 207-C salary benefits without the need of an administrative hearing**." (Exhibit K, par. 1)(emphasis added).

7.      On March 10, 2000, the New York State Comptroller's Office announced that the application of ROBERT L. PAVONE for "accidental disability retirement" was administratively denied, annexed hereto as **EXHIBIT L**.

8.      On April 23, 2005, the New York State Comptroller's Office advised the TOWN OF CORTLANDT that the application of ROBERT L. PAVONE for "performance of duty disability retirement" was denied on April 18, 2005, annexed hereto as **EXHIBIT M**.

9.      On June 14, 2006, the New York State Comptroller's Office advised that the denial of "performance of duty" disability benefits was the subject of an Article 78 proceeding, annexed hereto as **EXHIBIT N**.

10.    In addition, the Comptroller reported that ROBERT L. PAVONE did not request a hearing on the administrative denial for "accidental disability retirement" benefits and that the time to do so had passed.  (Exhibit N).

11.    On August 13, 2007, the TOWN OF CORTLANDT through its attorney THOMAS F. WOOD requested that outside counsel, Bond, Schoeneck & King, LLC, review the 207-C Disability matter of ROBERT L. PAVONE and make a recommendation to the Town Board as to whether or not it may terminate the 207-C benefit, annexed hereto as **EXHIBIT O**.

12.    On January 10, 2008, Bond, Schoeneck & King, LLC, wrote to Bartlett, McDonough, Bastone & Monaghan, LLP, attorneys for ROBERT L. PAVONE, requesting confirmation as to the status of the Article 78 proceeding relative to PAVONE's performance of duty disability retirement application, annexed hereto as **EXHIBIT P**.

13.    BARTLETT, McDONOUGH, BASTONE & MONAGHAN, LLP, indicated that no Article 78 would be perfected relative to the performance of duty disability denial, annexed hereto as **EXHIBIT Q**.

14.    On January 31, 2008, Bond, Schoeneck & King, LLC, advised the TOWN OF CORTLANDT that under the 207-C Stipulation, and based upon the denial of the performance of duty and accidental disability applications, the Town Board would not be violating the Stipulation if it acted to discontinue salary benefits, annexed hereto as **EXHIBIT R**.

15.    The Town Board adopted the resolution #68-08 as recommended by its attorneys, Bond, Schoeneck & King, LLC on February 25, 2008, annexed hereto as **EXHIBIT S**.

16.    On March 7, 2008, plaintiff VALERIE PAVONE, resigned her position as white collar representative of AFSCME Local 2343 alleging retaliation by the Town of Cortland in stopping her husband's 207-C benefits, annexed hereto as **EXHIBIT T**.

17.    As set forth in plaintiffs' Amended Complaint (Exhibit F, par. 17) VALERIE PAVONE decided to resign her position thereby creating a self-imposed ban on her speech.  There is no allegation that her speech was chilled after February 25, 2008 even though her union representation extended until her voluntary resignation on March 7, 2008.

18.    Eighteen months earlier, on October 11, 2006, Lovett & Gould, LLP, attorneys for ROBERT L. PAVONE, inquired as to a reduction in health benefits provided to Mr. Pavone, annexed hereto as **EXHIBIT U**.

19.    While there had been a modification in health benefits that change was made pursuant to collective bargaining as set forth in the 1992 resolution.  (Exhibit U; see also documentation of collective bargaining process collectively annexed hereto as **EXHIBIT W**.

20.    On October 23, 2006, Town Attorney THOMAS F. WOOD advised Mr. Lovett that ROBERT L. PAVONE continued to receive health benefits pursuant to the 1992 resolution, collective bargaining, and the 207-C Stipulation, annexed hereto as **EXHIBIT V**.  No further correspondence was received or issues raised until mentioned in this action.

21.     Since the denials of his disability retirement applications, ROBERT L. PAVONE has filed a separate application for a non-disability retirement.  (Exhibit F, par. 19(a)).

22.     The 207-C Stipulation related solely to ROBERT L. PAVONE's application for disability retirement benefits and did not extend to non-disability applications.  (Exhibit K).

23.     On May 22, 2008, the TOWN OF CORTLANDT advised ROBERT L. PAVONE's attorneys that the New York State Retirement System had provided confirmation on receipt of the materials requested, and sent by THE TOWN OF CORTLANDT, in support of ROBERT L. PAVONE's non-disability application, annexed hereto as **EXHIBIT X**.

24.     Vincent Pagliaroli was not a party to the subject 207-C Stipulation, whereas ROBERT L. PAVONE agreed to be bound by the terms and conditions of that agreement.  (Exhibit K).

25.     Mr. Pagliaroli's application for disability retirement was approved, whereas ROBERT L. PAVONE's application for disability retirement was denied by the New York State Retirement System. (Exhibit F; Exhibit L; Exhibit M).

26.     ROBERT L. PAVONE's request for workers' compensation from the TOWN OF CORTLANDT, dated March 7, 2008 and annexed hereto as **EXHIBIT Y**, has not been denied or approved and, as such, it's inclusion as a basis for a constitutional claim is patently premature.

Dated: Lagrangeville, New York
       June 30, 2008

Yours, etc.,

LAW OFFICES OF EDMUND V. CAPLICKI, JR.

By: _____

Edward V. Caplicki (6896)
Attorney for Puglisi, Lindau, Farrell, Sloan & Wood
P.O. Box 15
1133 Route 55, Suite E
Lagrangeville, New York 12540
845.483.0983

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERT L. PAVONE and
VALERIE V. PAVONE,                                      08-CV-2389

                                   Plaintiffs,

        -against-

LINDA PUGLISI, individually, ANN LINDAU,
individually, FRANCIS X. FARRELL, individually,
JOHN SLOAN, individually, THOMAS WOOD,
individually, and the TOWN OF CORTLANDT,
New York,

                                   Defendants.
-------------------------------------------------------------X

## MEMORANDUM OF LAW

Submitted on behalf of Defendants
LINDA PUGLISI, ANN LINDAU,
FRANCIS X. FARRELL,
JOHN SLOAN and THOMAS WOOD

By Their Attorneys

LAW OFFICES OF EDMUND V. CAPLICKI, JR.

Edward V. Caplicki (6896)
P.O. Box 15
1133 Route 55, Suite E
Lagrangeville, New York 12540
845.483.0983

## Table of Contents

Table of Authorities ..... 2

Statement of Facts ..... 2

POINT I ..... 5

THE MUNICIPAL DEFENDANTS
ARE ENTITLED TO THE AFFIRMATIVE DEFENSE
OF QUALIFIED IMMUNITY

Conclusion ..... 10

## Table of Authorities

Jermosen v. Smith, 945 F.2d 547 (2d Cir.1991) ..... 6

Munafo v. Metro. Transp. Auth.,
285 F.3d 201 (2d Cir.2000) ..... 5

Ponterio v. Kaye, 2007 WL 2493696 (SDNY 2007) ..... 6

## Statement of Facts

The TOWN OF CORTLANDT, through its Town Board and Supervisor, LINDA PUGLISI, executed a 207-C Stipulation with plaintiff, ROBERT L. PAVONE, which obligated the TOWN OF CORTLANDT to pay ROBERT L. PAVONE's salary benefits during the time he applied and exhausted all administrative remedies, with the exception of an Article 78 proceeding, for Police & Fire Retirement disability "incurred in the performance of duty" or "accidental disability" under §363 of the New York Retirement and Social Security Law. (Exhibit K, par. 2).

2

ROBERT L. PAVONE agreed to be bound by the determination of the Comptroller on behalf of the New York State Retirement System with respect to his applications. (Exhibit K, par. 7).

ROBERT L. PAVONE "expressly acknowledged that if he fails to receive a disability retirement, having exhausted his administrative remedies prior to an Article 78 proceeding, that The Town of Cortland may unilaterally discontinue his 207-C salary benefits **without the need of an administrative hearing**." (Exhibit K, par. 1)(emphasis added). As such, any pre-deprivation due process requirement was satisfied through the settlement process culminating in this 207-C Stipulation and any post-deprivation due process requirement was waived.

ROBERT L. PAVONE' application for "accidental disability retirement" was denied, and he did not request a timely hearing to review that denial. (Exhibit L, Exhibit N).

Further, ROBERT L. PAVONE's application for "performance of duty disability retirement" was denied on April 18, 2005, and although an Article 78 proceeding was initiated, it was never perfected. (Exhibit M, Exhibit N and Exhibit Q).

The TOWN OF CORTLANDT requested that outside counsel, Bond, Schoeneck & King, LLC, review the 207-C Disability matter of ROBERT L. PAVONE and make a recommendation to the Town Board as to whether or not it may terminate the 207-C benefit. (Exhibit O).

Bond, Schoeneck & King, LLC, advised the TOWN OF CORTLANDT that under the 207-C Stipulation, and based upon the denial of the performance of duty and accidental disability applications, the Town Board would not be violating the Stipulation

3

if it acted to discontinue salary benefits.   (Exhibit R).   The Town Board adopted a resolution recommended by Bond, Schoeneck & King, LLC. (Exhibit S).

The 207-C Stipulation also included a provision whereby ROBERT L. PAVONE would continue to receive health care coverage pursuant to a Town-wide 1992 Resolution. (Exhibit K, par. 1).

In response to an inquiry from Lovett & Gould, LLP, attorneys for ROBERT L. PAVONE, Town Attorney THOMAS F. WOOD advised Mr. Lovett that ROBERT L. PAVONE continued to receive health benefits pursuant to the 1992 resolution and 207-C Stipulation. While there had been a modification in benefits that change was made pursuant to collective bargaining as set forth in the 1992 resolution.  (Exhibit U; Exhibit V and Exhibit W).   No further correspondence was received or issues raised until mentioned in this action.

On March 7, 2008, plaintiff VALERIE PAVONE, resigned her position as white collar representative of AFSCME Local 2343 alleging retaliation by the Town of Cortland in stopping her husband's 207-C benefits. (Exhibit T).

As set forth in plaintiffs' Amended Complaint (Exhibit F, par. 17) VALERIE PAVONE decided to resign her position thereby creating a self-imposed ban on her speech.   There is no allegation that her speech was chilled after February 25, 2008 even though her union representation extended until her voluntary resignation on March 7, 2008.

Since the denials of his disability retirement applications, ROBERT L. PAVONE has filed a separate application for a non-disability retirement. (Exhibit F, par. 19(a)).

4

Vincent Pagliaroli was not a party to the subject 207-C Stipulation, whereas ROBERT L. PAVONE agreed to be bound by the terms and conditions of that agreement. (Exhibit K). Mr. Pagliaroli's application for disability retirement was approved, whereas ROBERT L. PAVONE's application for disability retirement was denied by the New York State Retirement System. (Exhibit F; Exhibit L; Exhibit M).

Importantly, the 207-C Stipulation related solely to ROBERT L. PAVONE's application for disability retirement benefits and did not extend to non-disability applications. (Exhibit K). The TOWN OF CORTLANDT responded to all requests from the New York State Retirement System relative to ROBERT L. PAVONE's non-disability application. (Exhibit X).

ROBERT L. PAVONE's request for workers' compensation from the TOWN OF CORTLANDT, dated March 7, 2008, has not been denied or approved and, as such, it's inclusion as a basis for a constitutional claim is patently premature. (Exhibit Y).

## POINT I

### THE MUNICIPAL DEFENDANTS
### ARE ENTITLED TO THE AFFIRMATIVE DEFENSE
### OF QUALIFIED IMMUNITY

A government official sued in his individual capacity is entitled to qualified immunity (1) if the conduct attributed to him was not prohibited by federal law; or (2) where that conduct was so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time it occurred; or (3) if the defendant's action was "objectively legally reasonable ... in light of the legal rules that were clearly established at the time it was taken." Munafo v. Metro. Transp. Auth., 285

5

F.3d 201, 210 (2d Cir.2000).

In determining whether a particular right was clearly established at the time defendants acted, this Circuit has considered three factors: (1) whether the right in question was defined with reasonable specificity; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful. <u>Jermosen v. Smith</u>, 945 F.2d 547, 550 (2d Cir.1991).

Plaintiffs allege a variety of constitutional claims, all of which are premised on the allegation that the Town acted improperly in terminating ROBERT L. PAVONE's 207-C benefits.

The municipal defendants assert that they acted in good faith, without malice, in terminating the 207-C benefits. That decision was a discretionary act by public officials, and was based solely upon their reasonable reliance on the advice of counsel, for which they are immune from suit for damages. <u>See e.g.</u>, <u>Ponterio v. Kaye</u>, 2007 WL 2493696 (SDNY 2007)(reliance on advice of counsel objectively precluded a reasonable board member from knowledge that he or she was violating plaintiffs' constitutional rights).

The stipulation clearly states that 207-C benefits may be discontinued by the Town, without a further hearing, if ROBERT L. PAVONE failed to receive New York State approval on his applications for accidental and/or performance of duty disability. The documentary evidence clearly shows that both applications were made and denied.

The application for accidental disability, administratively denied in 2000, was never submitted to a hearing or an Article 78 proceeding, and the time to do so is long

6

passed.

The application for performance of duty disability was denied in 2005. An Article 78 proceeding was begun, but never perfected. As such, ROBERT L. PAVONE had apparently exhausted his application for accidental and performance of duty disability retirement. The TOWN OF CORTLAND sought the review and recommendation of outside counsel on the matter of the continuation of ROBERT L. PAVONE's 207-C benefits.

Bond, Schoeneck & King, LLC advised, relative to the 207-C Stipulation and Pavone's attorneys suggestion that they could simply continue to process an additional application for retirement benefits:

(1) Section 2 refers to "Mr. Pavone's application for Police & Fire retirement for disability incurred in the performance of duty or accidental disability." The application is in the singular and the language does not contemplate a series of unsuccessful applications to the Retirement System.

(2) Section 7 provides that "Mr. Pavone agrees that once he has exhausted any and all administrative remedies prior to, but not including, an Article 78 proceeding, he shall be bound by the determination of the Comptroller …." The language contemplates Pavone having the opportunity to process his application before the State Retirement System and if he was unsuccessful to bring an Article 78 proceeding. Pavone has done both – he processed his applications before the Retirement System and when he was denied a disability pension, he filed his Article 78 proceeding. The Stipulation does not provide that he can simply file a second retirement application. In fact, a second application is contrary to the provision's language providing him the opportunity to

7

exhaust his administrative remedies "prior to,..., an Article 78 proceeding."

Finally, Bond, Schoeneck & King, LLC advised "our opinion is the Town does have a solid argument that the Stipulation has not been violated if the Town Board decides to stop his wages ...." They prepared and forwarded a resolution for the Board to discontinue Pavone's wages pursuant to Section 7 of the 207-C Stipulation to be passed at a public session.

Plaintiffs' allegation that there was a malicious basis for the decision is dispelled by the compliance of the Town with the Stipulation since 1999 while the New York State administrative process moved to conclusion.

VALERIE PAVONE's allegation that her right to free speech as a white collar union representative was violated when her husbands benefits were terminated is dispelled by her own communication on March 7, 2008. Therein she stated she was resigning because the Town retaliated against her (family and husband) by "illegally stopping my husband's 207C benefits."

There is no inference that the Town was acting with malice towards VALERIE PAVONE for any of her union activities and plaintiff cannot produce any documentary evidence to show otherwise. As set forth in her Amended Complaint, VALERIE PAVONE decided to resign her position thereby creating a self-imposed ban on her speech. (Exhibit F, par. 17) There is no allegation that her speech was chilled after February 25, 2008 even though her union representation extended until her voluntary resignation on March 7, 2008.

The municipal defendants had a reasonable, attorney recommended reason, fully consistent with the stipulation signed by her husband, to terminate his 207-C benefits,

and this Court must find that these defendants are immune from such spurious allegations of wrong doing.

Similarly, plaintiffs' attempt to create an equal protection claim based upon the experience of Vincent Pagliaroli is misguided.  Mr. Pagliaroli was not a party to the subject 207-C Stipulation, whereas ROBERT L. PAVONE agreed to be bound by the terms and conditions of that agreement.  (Exhibit K).

Moreover, Mr. Pagliaroli's application for disability retirement was approved, whereas ROBERT L. PAVONE's application for disability retirement was denied by the New York State Retirement System. (Exhibit F; Exhibit L; Exhibit M).

Importantly, the 207-C Stipulation related solely to ROBERT L. PAVONE's application for disability retirement benefits and did not extend to non-disability applications.  (Exhibit K). Claims against the TOWN OF CORTLANDT for failure to provide information to New York State are baseless as the New York State Retirement System confirmed receipt of all requested materials relative to ROBERT L. PAVONE's non-disability application.  (Exhibit X).

Finally, ROBERT L. PAVONE's request for workers' compensation from the TOWN OF CORTLANDT, dated March 7, 2008, has not been denied or approved and, as such, it's inclusion as a basis for a constitutional claim is patently premature. (Exhibit Y).

The only complaint received relating to the PAVONE's, until after the Town discontinued the 207-C benefits pursuant to the terms and conditions of the Stipulation, related to a change in health benefits.  The documentary evidence shows that the modification in heath coverage was approved through collective bargaining, and the

stipulation/resolution only obligated the Town to provide ROBERT L. PAVONE with health benefits consistent with those received by the union, which they did at all times.

### Conclusion

Plaintiffs allege a variety of constitutional claims, all of which are premised on the allegation that the Town acted improperly in terminating ROBERT L. PAVONE's 207-C benefits.

The record shows that the municipal defendants acted in good faith, without malice, in terminating the 207-C benefits. That decision was a discretionary act by public officials, and was based solely upon their reasonable reliance on the advice of counsel. As such, it is respectfully submitted that they are immune from suit for damages.

Dated: Lagrangeville, New York
      June 30, 2008

                    Respectfully submitted,

             LAW OFFICES OF EDMUND V. CAPLICKI, JR.

             By: _____
                  Edward V. Caplicki (6896)

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x

ROBERT L. PAVONE and VALERIE V.
PAVONE,

                          Plaintiffs,

          -against-

LINDA PUGLISI, individually, ANN
LINDAU, individually, FRANCIS X.
FARRELL, individually, JOHN SLOAN,
individually, THOMAS WOOD,
individually and the TOWN OF
CORTLANDT, New York,

                          Defendants.

-------------------------------------x



08 Civ. (  )

FILED
MAR 07 2008
USDC WP SDNY

COMPLAINT

08 CIV. 2389

Jury Trial Demanded

BRIEANT

        Plaintiffs ROBERT L. PAVONE and VALERIE V. PAVONE, by

their attorneys Lovett & Gould, LLP, for their complaint

respectfully allege:


                    NATURE OF THE ACTION

        1. This is an action for compensatory and punitive

damages, proximately resulting from Defendants' conduct as

engaged in under color of New York State law, for violations

of Plaintiffs' rights as guaranteed them by reason of the

First and Fourteenth Amendments to the United States

Constitution, 42 U.S.C. §§1983.


                              1

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. Plaintiff Robert L. Pavone's state law claim is interposed in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiffs ROBERT L. PAVONE (hereinafter "R. Pavone" and/or "Chief")and VALERIE V. PAVONE (hereinafter "V. Pavone") are husband and wife, citizens of the United States, domiciliaries of the State of New York and residents of the Northern Counties. At all times relevant to this complaint prior to March 7, 2008, R. Pavone was the duly appointed Chief of Police of the Defendant Town. V. Pavone at all times relevant to this complaint was employed by the Defendant Town and since May of 2007 until March of 2008 served as the "White Collar Representative" of AFSCME Local 2343 (hereinafter "union") which represents certain employees of the Defendant Town.

4. Defendant LINDA PUGLISI (hereinafter "Puglisi"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was the duly elected Supervisor of the Defendant Town. As such she is a voting member of the Town Board of the Defendant Town (hereinafter "Board").

2

5. Defendant ANN LINDAU (hereinafter "Lindau"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was a duly elected member of the Board.

6. Defendant FRANCIS X. FARRELL (hereinafter "Farrell"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a duly elected member of the Board.

7. Defendant JOHN SLOAN (hereinafter "Sloan"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a duly elected member of the Board.

8. Defendant THOMAS WOOD (hereinafter "Wood"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Town Attorney for the Defendant Town.

9. Defendant TOWN OF CORTLANDT, New York is a municipal subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

10. In 1999 the Chief commenced a civil rights action in this Court against amongst others Defendant Thomas Wood [Pavone v. Wood, 96 Civ. 4991 (CLB)] alleging *inter alia* violations of his rights as guaranteed by the First

3

Amendment to the United States Constitution, 42 U.S.C. §1983.

11. On March 20, 2000, that action was settled before the Hon. Charles L. Brieant on terms set forth in the transcript of that proceeding a copy of which is annexed and incorporated in this complaint.

12. In connection with that settlement, provisions of an earlier settlement pertaining to the Chief's entitlement to salary benefits pursuant to Section 207-c of the New York State General Municipal Law as executed by the Town and the Chief, were incorporated. Annexed is a copy of that stipulation, dated November 8, 1999, which is incorporated in this complaint.

13. By reason of the latter settlement agreement:

a. The Town obligated itself to prospectively pay the cost of health care coverage for the Chief and his family, and *inter alia*,

b. The Town agreed to pay the Chief his "207-c salary benefits" until the Chief either received disability retirement from the State of New York or he "exhausted any and all administrative remedies" by reason of which he sought disability retirement status from the State.

14. Commencing in mid 2007 V. Pavone assumed duties as the White Collar Representative for her union and in that connection, and continuously to date, vigorously and

4

zealously advocated on behalf of the union and its constituent members against the Town on a variety of contentious issues including ones pertaining to health, safety, and the illegal appointment of the Town's Engineer.

15. As a proximate result of V. Pavone's activities as a union representative, Defendants in February 2008 entered into an agreement, opposed as illegal by Defendants' outside labor counsel, to retaliate against Plaintiffs with the objective of crippling them financially and *inter alia* silencing V. Pavone's exercise of associational rights on behalf of the union.

16. In furtherance of that agreement, by resolution 68-08 adopted by the individually named Defendants on February 25, 2008, effective March 7, 2008, the Chief's Section 207-c benefits were summarily terminated despite the facts that:

a. He has not exhausted any and all administrative remedies in connection with his application for disability retirement - - a circumstance known to the Defendants, and

b. Having not exhausted those remedies Defendants could not lawfully terminate the Chief's Section 207-c benefits without first according him a pre-deprivation Due Process hearing - - which he was not given.

17. By reason of the economic retaliation visited on the Plaintiffs because of V. Pavone's union activities, effective March 8, 2008, she resigned as the union's White

Collar Representative and will not prospectively engage in any associational activities protected by the First Amendment with respect to the Town and/or the union.

18. By reason of Defendants' conduct Plaintiffs have been caused to suffer: pecuniary damages; anxiety; emotional upset; public humiliation; public embarrassment; impairment of their constitutionally protected rights and they have otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

19. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

20. Under the premises Defendants' termination of the Chief's 207-c benefits in retaliation for V. Pavone's exercise of her right of association violated the Chief's rights as guaranteed on a third party standing basis by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

21. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

22. Under the premises Defendants' have intentionally chilled V. Pavone in the prospective exercise of her associational rights in violation of the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A THIRD CLAIM

23. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

24. Defendants' termination of the Chief's 207-c benefits in retaliation for V. Pavone's exercise of associational rights violated the Chief's right of intimate association as protected by the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

### AS AND FOR A FOURTH CLAIM

25. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

26. In connection with the settlements referenced *supra* a co-plaintiff (Vincent Pagliaroli) of the Chief in Pavone v. Wood, *supra* was identically situated to the Chief with respect to prospective entitlement to Section 207-c benefits until he either was granted disability retirement

or finally exhausted all administrative remedies with respect to his application for disability retirement.

27. Pagliaroli's rights to the benefits of Section 207-c were provided until he received disability retirement and/or exhausted all of his administrative remedies with respect to same.

28. Under the premises Defendants' termination of the Chief's benefits pursuant to Section 207-c violated his rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CLAIM

29. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

30. Defendants' termination of the Chief's right to Section 207-c benefits, without benefit of a pre-deprivation hearing, violated his right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

**AS AND FOR A SIXTH CLAIM**

31. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

32. Defendants' termination of the Chief's benefits as provided for in the stipulation of settlement in *Pavone v. Wood*, *supra*, constitutes a breach of contract actionable for damages under the common law of the State of New York.

**AS AND FOR A SEVENTH CLAIM**

33. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

34. Pursuant to the terms of the stipulation in *Pavone v. Wood*, *supra*, so long as the Chief was entitled to Section 207-c benefits the terms of his health insurance benefits as provided by the Town were to remain as they were on the date of that settlement - - or in the event of an increase in such benefits during that period of time, the Chief was to receive any such increase.

35. Since in or about 2002 Defendants have unilaterally reduced the Chief's health insurance benefits in material respects.

36. Under the premises Defendants violated Plaintiff's contractual rights, a circumstance actionable for damages under the common law of the State of New York.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding against the individually named Defendants such punitive damages as the jury may impose,

    b. Awarding against all Defendants such compensatory damages as the jury may determine,

    c. Awarding reasonable attorney's fees, costs, and,

    d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      March 8, 2008

                  LOVETT & GOULD, LLP
                  Attorneys for Plaintiffs
                  By:_____
                  Jonathan Lovett (4854)
                  222 Bloomingdale Road
                  White Plains, N.Y. 10605
                  914-428-8401

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ROBERT L. PAVONE and VALERIE V. PAVONE

                                        Plaintiffs

                                                                    **ANSWER**

        -against-

LINDA PUGLISI, individually, ANN
LINDAU, individually, FRANCIS X.                    08 CIV. 2389 (CLB)
FARRELL, individually, JOHN SLOAN,
individually, THOMAS WOOD,
individually and the TOWN OF
CORTLANDT, New York

                                        Defendants
----------------------------------------------------------X

        Defendants LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL, JOHN

SLOAN, and THOMAS WOOD (hereinafter, the "Defendants"), by their attorneys, the LAW

OFFICES OF EDMUND V. CAPLICKI, JR., P.C., as and for their Answer to the above-

captioned Complaint dated March 8, 2008 by Plaintiffs ROBERT L. PAVONE and VALERIE

V. PAVONE (hereinafter the "Plaintiffs") respond and state as follows:

## NATURE OF THE ACTION

        1.    Deny each and every allegation contained in paragraph "1" of the Complaint of

the Plaintiffs.

## JURISDICTION

        2.    Deny each and every allegation contained in paragraph "2" of the Complaint of

the Plaintiffs.

## THE PARTIES

        3.    Deny each and every allegation contained in paragraph "3" of the Complaint of

the Plaintiffs, but admit upon information and belief that R. PAVONE and V. PAVONE are

husband and wife, and residents, domiciliaries, and citizens of the Northern Counties of the State

of New York, United States of America, and that R. PAVONE was the Chief of Police of the Defendant Town and that V. PAVONE was employed by the Defendant Town and served as the "White Collar Representative" of AFSCME Local 2343.

4. Deny the allegations contained in paragraph "4" of the Complaint of the Plaintiffs, except admit that LINDA PUGLISI is the duly elected Supervisor of the Town of Cortlandt, New York.

5. Deny the allegations contained in paragraph "5" of the Complaint of the Plaintiffs, except admit ANN LINDAU is a duly elected member of the Town Board of the Town of Cortlandt, New York.

6. Deny the allegations contained in paragraph "6" of the Complaint of the Plaintiffs, except admit FRANCIS X. FARRELL is a duly elected member of the Town Board of the Town of Cortlandt, New York.

7. Deny the allegations contained in paragraph "7" of the Complaint of the Plaintiffs, except admit JOHN SLOAN is a duly elected member of the Town Board of the Town of Cortlandt, New York.

8. Deny the allegations contained in paragraph "8" of the Complaint of the Plaintiffs, except admit THOMAS WOOD is the duly appointed Town Attorney of the Town of Cortlandt, New York.

9. Admit the allegations in paragraph "9" of the Complaint of the Plaintiffs.

## THE FACTS

10. Admit the allegations contained in paragraph "10" of the Complaint of the Plaintiffs.

11.   Admit the allegations contained in paragraph "11" of the Complaint of the Plaintiffs.

12.   Deny the allegations contained in paragraph "12" of the Complaint of the Plaintiffs, and refers all questions of the law to this Court.

13.   Deny the allegations contained in paragraph "13" of the Complaint of the Plaintiffs, and refers all questions of law to this Court.

14.   Deny knowledge or information sufficient to form a belief and to the allegations contained in paragraph "14" of the Complaint of the Plaintiffs.

15.   Deny the allegations contained in paragraph "15" of the Complaint of the Plaintiffs.

16.   Deny the allegations contained in paragraph "16" of the Complaint of the Plaintiffs, except admit that by Resolution 68-08, ROBERT PAVONE'S Section 207-C benefits were terminated.

17.   Deny the allegations contained in paragraph "17" of the Complaint of the Plaintiffs.

18.   Deny the allegations contained in paragraph "18" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED FIRST CLAIM

19.   Defendants repeat and reallege each and every response set forth in paragraphs "1" through "18 of this Answer with the same force and effect as if fully set forth at length herein.

20.   Deny each and every allegation contained in paragraph "20" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED SECOND CLAIM

21.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "19" of this Answer with the same force and effect as if fully set forth at length herein.

22.    Deny each and every allegation contained in paragraph "22" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED THIRD CLAIM

23.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "18" of this Answer with the same force and effect as if fully set forth at length herein.

24.    Deny each and every allegation contained in paragraph "24" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED FOURTH CLAIM

25.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "18" of this Answer with the same force and effect as if fully set forth at length herein.

26.    Deny each and every allegation contained in paragraph "26" of the Complaint of the Plaintiffs.

27.    Admit the allegations contained in paragraph "27" of the Complaint of the Plaintiffs.

28.    Deny each and every allegation contained in paragraph "28" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED FIFTH CLAIM

29.    Defendants repeat and reallege each and every denial set forth in paragraphs "1" through "18" of this Answer with the same force and effect as if fully set forth at length herein.

30.    Deny each and every allegation contained in paragraph "30" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED SIXTH CLAIM

31.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "18" of this Answer with the same force and effect as if fully set forth at length herein.

32.    Deny each and every allegation contained in paragraph "32" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED SEVENTH CLAIM

33.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "18" of this Answer with the same force and effect as if fully set forth at length herein.

34.    Deny each and every allegation contained in paragraphs "34" of the Complaint of the Plaintiffs.

35.    Deny each and every allegation contained in paragraphs "35" of the Complaint of the Plaintiffs.

36.    Deny each and every allegation contained in paragraphs "36" of the Complaint of the Plaintiffs.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

37. The Complaint of the Plaintiffs fails to state a cause of action and/or claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

38. The plaintiffs claims do not rise to the level of a Constitutional violation.

## AS AND OFR A THIRD AFFIRMATIVE DEFENSE

39. The actions of the plaintiff VALERIE PAVONE were not a motivating factor for the conduct of the defendants complained of in the Plaintiffs' Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

40. The plaintiff VALERIE PAVONE'S speech was not a matter of public concern.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

41. The Laws of the State of New York provide an adequate remedy at law for plaintiffs' claims thus barring the instant action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

42. Plaintiffs have failed to pursue relief available under the Laws of the State of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

43. The defendants' conduct was based upon valid existing settlement agreements and subsequent decision of appropriate state agencies.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

44. The plaintiffs claim for punitive damages is barred by public policy and the laws of the State of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

45. The defendants acted in good faith and without malice.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

46. Defendants actions were not motivated by protected speech or activity of the plaintiffs.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

47. Plaintiffs were not selectively treated by the named defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

48. The actions of defendants were not barred based upon impermissible considerations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

49. Plaintiffs suffered no true chilling affect on any protected conduct, activity or speech.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

50. Plaintiff ROBERT PAVONE accepted benefits pursuant to the 207-C Stipulation dated November 8, 1999, after its alleged breach, and as such all claims thereunder are barred by the doctrine of Waiver.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

51. Plaintiffs claims are barred by the doctrine of accord and satisfaction.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

52. Plaintiffs claims are barred by the doctrine of collateral estoppel.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

53.   Plaintiff ROBERT PAVONE agreed in the 207-C Stipulation dated November 8, 1999 to be bound by determination of the Comptroller on behalf of the New York State Retirement System with respect to disability which has presently found against plaintiff on two occasions.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

54.   Pursuant to the 207-C Stipulation dated November 8, 1999, plaintiff ROBERT PAVONE has exhausted his administrative remedies as set forth therein allowing the Town to discontinue 207-C salary benefits.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

55.   All claims asserted under New York State Law are barred by the failure of plaintiffs to file Notices of Claim.

## AS AND FOR A TWENTYETH AFFIRMATIVE DEFENSE

56.   The individual defendants, LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL, JOHN SLOAN, and THOMAS WOOD, are entitled to either qualified or absolute immunity from liability from damages based upon the actions alleged in the Complaint, and therefore the claims against the individual defendants must be dismissed in their entirety.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

57.   Plaintiffs failed to exhaust administrative remedies provided for in the relevant collective bargaining agreement and Town sponsored plans.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF ROBERT PAVONE.

58.   Pursuant to Paragraph four of the 207-C Stipulation dated November 8, 1999, this defendant, TOWN OF CORTLANDT paid a sum in excess of $35,000.00 to plaintiff ROBERT

PAVONE for unused vacation, sick and personal time. Said sum was accepted and retained by the plaintiffs.

59. If it is found that the termination of payments to plaintiff ROBERT PAVONE was improper, which is denied, then the aforesaid payment was improper and defendant TOWN OF CORTLANDT is entitled to full refund thereof plus interest.

WHEREFORE, Defendants LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL, JOHN SLOAN, and THOMAS WOOD demand judgment dismissing the Complaint of the plaintiffs in its entirety, and recovery of the amount set forth in the Counterclaim, together with costs, interest and disbursements, and attorney fees, and such other and further relief as this Honorable Court deems just and proper.

Dated: Lagrangeville, New York
April 22, 2008

LAW OFFICES OF EDMUND V. CAPLICKI, JR., P.C.

By: _____
EDMUND V. CAPLICKI, JR. (6896)
Attorneys for Defendants
LINDA PUGLISI, ANN LINDAU, FRANCIS X.
FARRELL, JOHN SLOAN, and THOMAS WOOD
P.O. Box 15
Lagrangeville, New York 12540
Tel. (845) 483-0983
Fax (845) 483-0938

TO: LOVETT & GOULD, LLP
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, NY 10605
(914) 428-8401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ROBERT L. PAVONE and VALERIE V. PAVONE,                    08 civ 2389
                                                          (CLB) (LMS)
                              Plaintiffs,

                    -against-                              **ANSWER**

LINDA PUGLISI, individually, ANN
LINDAU, individually, FRANCIS X.
FARRELL, individually, JOHN SLOAN,
Individually, THOMAS WOOD,
Individually and the TOWN OF
CORTLANDT, New York,

                              Defendants.
-------------------------------------------------------------------------X

          Defendant named herein as TOWN OF CORTLANDT, New York  by their

attorneys, **HODGES, WALSH & SLATER, LLP,** as and for an Answer to plaintiffs'

Complaint dated March 8, 2008, allege upon information and belief as follows:

## NATURE OF THE ACTION

          FIRST:        Denies each and every allegation contained in paragraphs "1"  of

the Plaintiff's Complaint.

## JURISDICTION

          SECOND:      Denies each and every allegation contained in paragraphs "2" of

the Plaintiff's Complaint.

## THE PARTIES

          THIRD:       Denies each and every allegation contained in paragraphs "3" of

the Plaintiff's Complaint but admits that R. Pavone was the Chief of Police of the

Defendant Town and that V. Pavone was employed by the Defendant Town and served

as the "White Collar Representative" of AFSCME Local 2343.

## THE FACTS

FOURTH:    Denies each and every allegation contained in paragraphs "12" , and "13" of the Plaintiff's Complaint and refers all questions of law to this Court.

FIFTH:    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the Plaintiff's Complaint.

SIXTH:    Denies each and every allegation contained in paragraphs "15",, "17" and "18" of the Plaintiff's Complaint.

SEVENTH:   Denies each and every allegation contained in paragraphs "16" of the Plaintiff's Complaint but admits that by resolution 68-08,  Robert Pavone's Section 207-c benefits were terminated.

## ANSWERING THE ALLEGED FIRST CLAIM

EIGHTH:    Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

NINTH:    Denies each and every allegation contained in paragraph "20" of the Plaintiff's Complaint.

## ANSWERING THE ALLEGED SECOND CLAIM

TENTH:    Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

ELEVENTH:  Denies each and every allegation contained in paragraph "22" of the Plaintiff's Complaint.

## ANSWERING THE ALLEGED THIRD CLAIM

TWELFTH:   Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

THIRTEENTH:      Denies each and every allegation contained in paragraphs "24" of the Plaintiff's Complaint.

## ANSWERING THE ALLEGED FOURTH CLAIM

FOURTEENTH: Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

FIFTEENTH: Denies each and every allegation contained in paragraph "26" and "28" of the Plaintiff's Complaint.

## ANSWERING THE ALLEGED FIFTH CLAIM

SIXTEENTH:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

SEVENTEENTH:  Denies each and every allegation contained in paragraph "30" of the Plaintiff's Complaint.

## ANSWERING THE ALLEGED SIXTH CLAIM

EIGHTEENTH:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

NINETEENTH:  Denies each and every allegation contained in paragraph "32" of the Plaintiff's Complaint.

## ANSWERING THE ALLEGED SEVENTH CLAIM

TWENTIETH:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "18" of plaintiff's Complaint with the same  force and effect as if fully set forth at length herein.

TWENTY-FIRST:  Denies each and every allegation contained in paragraphs "34", "35" and "36" of the Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-SECOND: The plaintiffs' complaint fails to state a cause of action and/or claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-THIRD::   The plaintiffs' claims do not rise to the level of a Constitutional violation.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-FOURTH:  The actions of the plaintiff Valerie Pavone were not a motivating factor for the conduct of the defendants complained of in the plaintiffs' complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:    The plaintiff Valerie Pavone's speech was not a matter of public concern.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:    The Laws of the State of New York provide an adequate remedy at law for plaintiffs' claims thus barring the instant action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:  Plaintiffs have failed to pursue relief available under the Laws of the State of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH:  The defendants' conduct was based upon valid existing settlement agreements and subsequent decisions of appropriate state agencies.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWENTY-NINTH:  The plaintiff's claim for punitive damages is barred by public policy and the laws of the State of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTIETH:  The defendants acted in good faith and without malice.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:     Defendants actions were not motivated by protected speech or activity of the plaintiffs.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND:  Plaintiffs were not selectively treated by the named defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

THIRTY-THIRD:  The actions of defendants were not barred based upon impermissible considerations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH:  Plaintiff suffered no true chilling affect on any protected conduct, activity or speech.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH:     Plaintiff Robert Pavone accepted benefits pursuant to the 207-C Stipulation dated November 8, 1999, after its alleged breach, and as such all claims thereunder are barred by the doctrine of Waiver.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH:    Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH:  Plaintiffs' claims are barred by the doctrine of collateral estoppel.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:   Plaintiff Robert Pavone agreed in the 207-C Stipulation dated November 8, 1999 to be bound by determination of the Comptroller on behalf of the New York State Retirement System with respect to disability which has presently found against plaintiff on two occasions.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH:  Pursuant to the 207-C Stipulation dated November 8, 1999, plaintiff Robert Pavone has exhausted his administrative remedies as set forth therein, allowing the Town to discontinue 207-C salary benefits.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

FORTIETH:  Plaintiff Valerie Pavone has failed to exhaust available administrative remedies.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

FORTY-FIRST:    All claims asserted under New York State Law are barred by the failure of plaintiffs to file Notices of Claim.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

FORTY-SECOND:  The defendants' conduct was based upon valid existing settlement agreements and subsequent decision of appropriate state agencies.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF ROBERT PAVONE

FORTY-THIRD:    Pursuant to Paragraph four of the 207-C Stipulation dated November 8, 1999, this defendant, TOWN OF CORTLANDT paid a sum in excess of

$35,000 to plaintiff for unused vacation, sick and personal time. Said sum was accepted and retained by the plaintiffs.

FORTY-FORTH:: If it is found that the termination of payments to plaintiff Robert Pavone was improper, which is denied, then the aforesaid payment was improper and defendant TOWN OF CORTLANDT is entitled to full refund thereof plus interest.

WHEREFORE, Defendant, Town of Cortlandt demands judgment dismissing the Complaint of the plaintiffs and recovery of the amount set forth in the Counterclaim, together with cots, interest and disbursements, if deemed appropriate by this Honorable Court.

Dated: White Plains, NY
       April 22, 2008

Yours, etc.

JOHN J. WALSH (4092)
**HODGES, WALSH & SLATER, LLP**
Attorneys for Defendant
TOWN OF CORTLANDT
55 Church Street, Suite 211
**White Plains, NY 10601**
**Tel:    (914) 385-6000**
**Fax:    (914) 385-6060**

TO:    LOVETT & GOULD, LLP
        Attorneys for Plaintiffs
        222 Bloomingdale Road
        White Plains, NY 10605
        914-428-8401

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                                          SS.:)
COUNTY OF WESTCHESTER    )

     KIM J. LAMBERTUS,  being duly sworn, deposes and says:

     I am employed by the law firm of HODGES, WALSH & SLATER, LLP, counsel

for Defendant in the above action and I am over the age of 18 years and I am not a

party to this action.  On April 22, 2008, I served a true copy of the annexed **Answer** in

the following manner: by Electronic filing and Regular as indicated below:

  TO:   **Clerk of the United States District Court – Electronic Filing**
       **for the Southern District of New York**
       **300 Quarropas Street**
       **White Plains, NY  10601**

       **Lovett & Gould, LLP – Electronic Filing & Regular Mail**
       **Attorneys for Plaintiffs**
       **222 Bloomingdale Road**
       **White Plains, NY  10605**

       **LAW OFFICES OF EDMUND V. CAPLICKI, JR., P.C. – Electronic Filing &**
       **Attorneys for Defendants**          **Regular Mail**
       **Puglisi, Lindau, Farrell, Sloan & Wood**
       **P.O. Box 15**
       **Lagrangeville, NY  12540**

                                    KIM J. LAMBERTUS

Sworn to before me this
22nd day of April, 2008

_____
   Notary Public

JOHN J. WALSH
Notary Public, State of New York
No. 4827450
Qualified in Orange County
Commission Expires May 31, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x

ROBERT L. PAVONE and VALERIE V.
PAVONE,

                          Plaintiffs,              08 Civ.2389(CLB)

              -against-

LINDA PUGLISI, individually, ANN
LINDAU, individually, FRANCIS X.                    **ANSWER**
FARRELL, individually, JOHN SLOAN,                    **TO**
individually, THOMAS WOOD,                       **COUNTERCLAIM**
individually and the TOWN OF                     **OF THE TOWN OF**
CORTLANDT, New York,                              **CORTLANDT**

                          Defendants.

-------------------------------------x

        Plaintiffs ROBERT L. PAVONE and VALERIE V. PAVONE, by

their attorneys Lovett & Gould, LLP, for their answer to the

April 22, 2008, counterclaim of Defendant Town of Cortlandt,

state:

        1. Deny paragraph "FORTY-THIRD".

        2. Deny paragraph "FORTY-FOURTH".

Dated: White Plains, N.Y.
       April 25, 2008

                                   LOVETT & GOULD, LLP
                                   Attorneys for Plaintiffs
                                   By: _____
                                   Jonathan Lovett (4854)
                                   222 Bloomingdale Road
                                   White Plains, N.Y. 10605
                                   914-428-8401

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

ROBERT L. PAVONE and VALERIE V.
PAVONE,

                              Plaintiffs,        08 Civ.2389(CLB)

              -against-

LINDA PUGLISI, individually, ANN
LINDAU, individually, FRANCIS X.              **ANSWER**
FARRELL, individually, JOHN SLOAN,              **TO**
individually, THOMAS WOOD,                  **COUNTERCLAIM**
individually and the TOWN OF                **OF INDIVIDUALLY**
CORTLANDT, New York,                        **NAMED DEFENDANT**

                              Defendants.

----------------------------------------x

        Plaintiffs ROBERT L. PAVONE and VALERIE V. PAVONE, by

their attorneys Lovett & Gould, LLP, for their answer to the

April 22, 2008, counterclaim of Defendants Puglisi, Lindau,

Farrell, Sloan and Wood, state:

        1. Deny paragraph "58".

        2. Deny paragraph "59".

Dated: White Plains, N.Y.
        April 25, 2008

                              LOVETT & GOULD, LLP
                              Attorneys for Plaintiffs
                              By:_____
                              Jonathan Lovett (4854)
                              222 Bloomingdale Road
                              White Plains, N.Y. 10605
                              914-428-8401

1

6

1       MR. LOVETT:  And with respect to the

2   medical/dental, to the extent extended to any of these

3   plaintiffs, my understanding is that the benefits they get

4   will be no less than is presently provided to employees and

5   officials of the Town.

12:28P  6       MR. RIESEL:  Yes.

7       MR. LOVETT:  In the event there's an increase in

8   the future, my clients will get the benefit of the increase.

9       THE COURT:  They'll get the deal at the time they

10  come within these provisions; yes.

11      MR. LOVETT:  That's acceptable.

12      THE COURT:  All right.  Are you finished?

13      MR. RIESEL:  Yes, I am.

14      THE COURT:  Is there anything else that has to be

15  added before counsel stipulate on the record?

16      MR. LOVETT:  No, your Honor.

17      THE COURT:  What procedure would you like to follow

18  to ascertain the full understanding and assent to settlement

19  by the individual plaintiffs who are here?

20      MR. CLARK:  One thing, just so everything is clear,

21  so all loose ends are tied up.  The release entered into by

22  the plaintiffs will also release specific individual

23  defendants --

24      THE COURT:  All defendants are being released by

25  the settlement, as the Court understands it, but the payment

ANGELA A. O'DONNELL, RPR - US District Court, SDNY

7

is being made by the Town.

MR. LOVETT: It's my understanding the releases are reciprocal. We're certainly going to release all the defendants. I assume the defendants are going to release all the plaintiffs.

THE COURT: I suppose so. This case closes out every claim that could have been brought.

MR. RIESEL: Your Honor, we anticipate receiving a general release for our payment. We have no claims at this time in these litigations against the defendants.

THE COURT: Against the plaintiffs you mean?

MR. RIESEL: Plaintiffs.

THE COURT: You know, it's a Blumberg form, it doesn't cost anybody anything.

MR. RIESEL: Your Honor, I don't believe that a general -- these individuals are -- we have only one claim in this litigation, as far as I know, and that is an old claim under Rule 11 that we're prepared to release. I don't believe the Town -- the Town is giving a lot of money here and doesn't have any other claims in this litigation.

MR. RIESEL: There is an outstanding judgment against Mr. Pavone for $10,000, and we will waive that.

THE COURT: All right. The record will so indicate.

Now, do we have the entire understanding of the

6

1    parties on the record?

2          MR. LOVETT:  Yes, we do.

3          THE COURT:  Would you then ascertain each plaintiff

4    who is present understands it and assents to it and

5    understands that they cannot come back?

6          MR. LOVETT:  Do you want me to do that?

7          THE COURT:  If you want to ascertain one by one of

8    the plaintiffs who are here by letting them respond to your

9    inquiry.

10         MR. LOVETT:  May I do it globally?

11         THE COURT:  Yes.

12         MR. LOVETT:  Fine.

13         THE COURT:  I think you have to ask each individual

14   who's here one by one.

12:34P 15       MR. LOVETT:  Robert Pavone, do you understand the

16   terms of the settlement that have been explained to you both

17   now on the record and as by me individually?

18         ROBERT PAVONE:  Yes, I do.

19         MR. LOVETT:  Are those terms acceptable to you?

20         ROBERT PAVONE:  Yes, they are.

21         MR. LOVETT:  Are you agreeing to those terms freely

22   and voluntarily?

23         ROBERT PAVONE:  Yes, I am.

24         MR. LOVETT:  Thank you.

25         Thomas Diana.  Do you understand the terms of the

ANGELA A. O'DONNELL, RPR - US District Court, SDNY

9

1    settlement as explained to you both by me on a one-on-one

2    basis and as presented by Mr. Riesel on the record?

3        THOMAS DIANA:  Yes, I do.

4        MR. LOVETT:  Are those terms acceptable to you?

5        THOMAS DIANA:  Yes, they are.

6        MR. LOVETT:  Do you understand -- withdrawn.  Do

7    you voluntarily and willfully enter into the settlement

8    agreement?

9        THOMAS DIANA:  Yes, I do.

10       MR. LOVETT:  Thank you.

11       Peter Macaluso, do you understand the terms of the

12   settlement as have been explained to you by me and as put on

13   the record by Mr. Riesel?

14       PETER MACALUSO:  Yes, sir.

12:35P 15       MR. LOVETT:  Are you voluntarily entering into that

16   stipulation of settlement?

17       PETER MACALUSO:  Yes, sir.

18       MR. LOVETT:  Thank you.

19       Susan Whitmore, do you understand the terms of the

20   settlement as presented to you by me and as explained on the

21   record in substantial respect by Mr. Riesel?

22       SUSAN WHITEMORE:  Yes, I do.

23       MR. LOVETT:  Are those terms acceptable to you?

24       SUSAN WHITEMORE:  Yes, they are.

25       MR. LOVETT:  Are you entering into the stipulation

ANGELA A. O'DONNELL, RPR - US District Court, SDNY

10

1    of settlement voluntarily?

2              SUSAN WHITEMORE:  Yes.

3              MR. LOVETT:  Thank you.

4              Jerry Underwood, do you understand the terms of the

5    settlement explained to you by me and separately put on the

6    record by Mr. Riesel?

7              JERRY UNDERWOOD:  Yes, I do.

8              MR. LOVETT:  Are those terms acceptable to you?

9              JERRY UNDERWOOD:  Yes.

10             MR. LOVETT:  You're entering into the stipulation

11   voluntarily?

12             JERRY UNDERWOOD:  Yes.

13             MR. LOVETT:  Your Honor, William Wilson is the

14   next-named plaintiff.  He's not here.  He was subpoenaed in

15   criminal matter in Rockland County.  As I indicated to the

16   Court, I spoke with him by phone approximately 35, 40

17   minutes ago and he agreed to the terms.

12:36P 18         THE COURT:  The record will so indicate as to

19   Mr. Wilson.

20             MR. LOVETT:  Thank you, your Honor.

21             Vincent Pagliaroli.  Mr. Pagliaroli, do you

22   understand the terms of the settlement as explained by me to

23   you and as set forth on the record by Mr. Riesel?

24             VINCENT PAGLIAROLI:  Yes, I do.

25             MR. LOVETT:  Are those terms satisfactory to you?

11

1          VINCENT PAGLIAROLI:  Yes, they are.

2          MR. LOVETT:  Are you entering into the settlement

3     agreement voluntarily?

4          VINCENT PAGLIAROLI:  Yes.

5          MR. LOVETT:  Thank you.

6          Anthony Rao, do you understand the terms of the

7     settlement as have been explained to you by me and as have

8     been put on the record by Mr. Riesel?

9          ANTHONY RAO:  Yes.

10          MR. LOVETT:  Do you understand them?

11          ANTHONY RAO:  Yes.

12          MR. LOVETT:  Are you assenting to them?

13          ANTHONY RAO:  Yes.

14          MR. LOVETT:  Are you doing that voluntarily?

15          ANTHONY RAO:  Yes, sir.

16          MR. LOVETT:  Thank you.

17          Warren Bonds, do you understand the terms of the

18     settlement as put to you by me and as explained on the

19     record by Mr. Riesel?

20          WARREN BONDS:  Yes, I do.

21          MR. LOVETT:  Are those terms acceptable to you?

22          WARREN BONDS:  Yes.

23          MR. LOVETT:  Do you voluntarily agree to settle the

24     case on those terms as apply to you?

25          WARREN BONDS:  Yes.

12

1           MR. LOVETT:  Thank you.

2           Rose Orlando, do you understand the terms of the

3     settlement as explained to you by me and as put on the

4     record by Mr. Riesel?

5           ROSE ORLANDO:  Yes.

12:37P  6           MR. LOVETT:  Are those terms acceptable to you?

7           ROSE ORLANDO:  Yes.

8           MR. LOVETT:  Are you voluntarily entering into the

9     settlement to terminate your litigation?

10           ROSE ORLANDO:  Yes.

11           MR. LOVETT:  Theresa Lowery, do you understand the

12     terms of the settlement that have been explained to you by

13     me and as have been expressed on the record by Mr. Riesel?

14           THERESA LOWERY:  Yes.

15           MR. LOVETT:  Are those acceptable to you?

16           THERESA LOWERY:  Yes.

17           MR. LOVETT:  Are you voluntarily entering into this

18     stipulation to settle the litigation?

19           THERESA LOWERY:  Yes.

20           MR. LOVETT:  Thank you.

21           Mary Schnittert, do you understand the terms of the

22     settlement as have been explained to you by me and

23     Mr. Riesel on the record?

24           MARY SCHNITTERT:  Yes.

25           MR. LOVETT:  Are those terms acceptable to you?

ANGELA A. O'DONNELL, RPR - US District Court, SDNY

13

1          MARY SCHNITTERT:  Yes.

2          MR. LOVETT:  Are you voluntarily agreeing to settle

3    your claims according to those terms?

4          MARY SCHNITTERT:  Yes.

5          MR. LOVETT:  Any one of the plaintiffs who I just

6    questioned who does not understand that the settlement of

7    this case terminates your claims against the Town and Thomas

8    Wood and Linda Puglisi and that -- did I forget somebody?

12:38P  9          MR. LOVETT:  Warren Bonds?  Crescenzo.  How did

10   I --

11          Christopher Crescenzo, do you understand the terms

12   of the settlement as have been explained to you by me and

13   explained by Mr. Riesel on the record?

14          CHRISTOPHER CRESCENZO:  Yes.

15          MR. LOVETT:  Are they acceptable to you?

16          CHRISTOPHER CRESCENZO:  Yes.

17          MR. LOVETT:  Do you voluntarily enter into the

18   settlement with a view towards resolving this litigation?

19          CHRISTOPHER CRESCENZO:  Yes.

20          MR. LOVETT:  Is there any one of the plaintiffs who

21   does not understand that these settlement terms will end the

22   litigation and you cannot come back to court on any of these

23   claims as against the Town or Wood, Linda Puglisi or any of

24   the towns officials, agents or employees?

25          (No response.)

ANGELA A. O'DONNELL, RPR - US District Court, SDNY

14

1          MR. LOVETT:  I see no responses.  Thank you.

2          THE COURT:  All right, thank you.

3          MR. RIESEL:  Judge, I want to thank you and put on

4     the record, of course, that the Town has entered into this

5     stipulation agreement to avoid a long, costly trial, and

6     there's no indication -- I understand there's no indication

7     and we don't intend any indication of any wrongdoing by the

8     Town or any of its officials or individuals.

12:39P  9          THE COURT:  All right, the record will so indicate.

10     The Court marks this case settled, trial discontinued.

11          The plaintiff has to mark an exhibit.  You want to

12     offer the Collective Bargaining Agreement or something?

13          MR. LOVETT:  I'm sorry?

14          THE COURT:  Offer an exhibit.

15          MR. LOVETT:  An exhibit?  At this time I'd like to

16     offer Plaintiff's 1.

17          THE COURT:  Received in evidence.

18          (So marked.)

19          MR. LOVETT:  Thank you.

20          THE COURT:  All right.  The Court does appreciate

21     the efforts of the attorneys, and unless you have practiced

22     law, you don't understand how difficult and lengthy these

23     matters can become.  And you ought to know that a jury panel

24     has been waiting downstairs, and they should have been let

25     go on their lunch break, but I didn't regard the case as

ANGELA A. O'DONNELL, RPR - US District Court, SDNY

15

1    concluded until it was actually done on the record, which

2    now it is.  So we're going to dismiss the panel with thanks.

3         You did say, Mr. Riesel, that the Court had a

4    formal order to sign?

12:40P  5         MR. RIESEL:  Yes, ordering the Town to pay the

6    amount of monies.

7         THE COURT:  What is -- based on what?

8         MR. RIESEL:  My understanding is that it's under

9    the General Municipal Law, Town law 65.  I will submit the

10    order to you this afternoon, probably tomorrow morning.

11         THE COURT:  What did you give as the authority?

12         MR. RIESEL:  Town law section 65.

13         THE COURT:  All right.  Again, I want to say thank

14    you all, and good luck to all of you.  We are all going to

15    go put this litigation behind us, including the Court, and

16    go on and proceed to enjoy the rest of our lives.

17         Court will be in recess.

18         (At 12:41 p.m., proceedings concluded.)

12:41P  19

20

21

22

23

24

25

ANGELA A. O'DONNELL, RPR - US District Court, SDNY

<u>C E R T I F I C A T E</u>

I, ANGELA A. O'DONNELL, a Registered Professional
Reporter and Notary Public of the State of New York, do
hereby certify that the transcript of the foregoing
proceedings, taken at the time and place aforesaid, is a
true and correct transcription of my shorthand notes.

Angela A. O'Donnell, RPR

ANGELA A. O'DONNELL, RPR - US District Court, SDNY

**207-C STIPULATION BETWEEN, Chief Robert L Pavone and the Town of Cortlandt**

WHEREAS, The Town of Cortlandt and Robert L Pavone ("Mr. Pavone") (collectively "the parties"), desire to resolve this pending 207-C matter without further hearings or adjudication, and mutually desire to enter into this negotiated settlement agreement; and,

NOW, therefore it is Stipulated and Agreed by the parties for the good and sufficient consideration set forth below that:

1.  The Town of Cortlandt shall continue to pay the cost of health care coverage (including medical and dental) for Mr. Pavone and his family until Mr. Pavone's death and thereafter for his survivor pursuant to the attached Town of Cortlandt Resolution No. 156-92 and attached AFSCME Bargaining Agreement.

2.  The Town of Cortlandt shall pay to Mr. Pavone the amount of salary Mr. Pavone is currently receiving until Mr. Pavone's application for Police & Fire Retirement for disability, incurred in the performance of duty or accidental disability under §363-c of the Retirement and Social Security Law is granted by New York State. This is governed by the terms of paragraph 7.

3.  Mr. Pavone agrees to be responsible for all costs, attorney's fees, and other expenses associated with any administrative appeal of any denial of his applications for accidental or performance of duty disability retirements under §363 of the Retirement and Social Security Law.

4.  The Town of Cortlandt agrees within 30 days after the time that Mr. Pavone stops receiving his full salary pursuant to Section 207-C, to pay Mr. Pavone for any unused time including but not limited to vacation, sick and personal time. The calculation used will be 100% of the value of the accrued time.

5.  This agreement between the parties shall not be construed for any purpose as an admission by the Town of Cortlandt, Mr. Thomas F. Wood or any of the parties of any liability or unlawful conduct. The parties acknowledge that this

agreement is being entered into for solely the purpose of avoiding the cost of 207-C proceedings.

6.   Mr. Pavone agrees that if he is granted an accidental disability retirement under §363 of the Retirement and Social Security Law that he will accept such retirement and retire within 30 days of such decision being rendered by the Retirement System.

7.   Mr. Pavone agrees that once he has exhausted any and all administrative remedies prior to, but not including, an Article 78 proceeding, he shall be bound by the determination of the Comptroller on behalf of the New York State Retirement System with respect to this disability.  Specifically, Mr. Pavone acknowledges that The Town of Cortlandt in its sole discretion may rely upon the final administrative determination of the Disability Retirement process as being binding upon Mr. Pavone with respect to his eligibility for 207-C benefits.  It is expressly acknowledged by Mr. Pavone that if he fails to receive a disability retirement having exhausted his administrative remedies prior to an Article 78 proceeding, that The Town of Cortlandt may unilaterally discontinue his 207-C salary benefits without the need of an administrative hearing. The Town will not be under an obligation to pay Mr. Pavone his salary during the pendency of an Article 78 proceeding. However, the Town agrees to be retroactively bound by the determination of the Article 78 proceeding including by not limited to 207-C benefits and pay.

8.   Mr. Pavone agrees to timely assist the New York State and Local Police & Fire Retirement System with the processing of his applications.  He agrees to timely respond to all of their requests and cooperate in providing of medical information.  He also agrees to submit to those medical examinations deemed necessary by the Retirement System.

9.    In the event that Mr. Pavone is granted a Performance of Duty Retirement, he

agrees that his Worker's Compensation equivalent benefits will not exceed

$300.00 weekly.

10.    Mr. Pavone agrees to keep The Town of Cortlandt, or its representatives,

reasonably up to date as to the status of his pending retirement applications.

11.    This agreement may not be modified, altered or changed except upon written

consent of all parties wherein specific reference is made to this agreement.

Dated:  White Plains, New York

November 8, 1999

THE TOWN OF CORTLANDT

By: _____

_____

CHIEF ROBERT L. PAVONE

MAY 12, 1992                                    25

# RESOLUTION

**NUMBER** _156-92_

(RE: EMPLOYMENT & BENEFIT POLICY REGARDING NON-UNION EMPLOYEES)

WHEREAS, the Town Board has long been desirous of adopting a Resolution to formalize an employment policy with respect to non-union employees of the Town; and

WHEREAS, it is the desire of the Town Board to grant to the non-union employees of the Town who work on a permanent basis, the same benefits as those given to the union employees; and

WHEREAS, the Town Boards of the past have established certain additional benefits for non-union or management employees that have never been formalized in the form of a Resolution;

NOW, THEREFORE, BE IT RESOLVED, that the Town Board does hereby grant to all permanent, non-union employees (management employees) of the Town, the same financial benefits as those derived from the Collective Bargaining Agreement including, but not limited to: Health and Dental Insurance, Sick Time, Vacation Time, but not including salary or other steps or other monetary payments; and

BE IT FURTHER RESOLVED, that the Town Board shall continue the practice of carrying Life Insurance for these employees at a value of an amount equal to two (2) times their annual salary; and

BE IT FURTHER RESOLVED, that the Town will continue to maintain long term disability insurance for all permanent, non-union employees; and

BE IT FURTHER RESOLVED, that these employees shall be entitled to all of the benefits of the Collective Bargaining Agreement; and

BE IT FURTHER RESOLVED, that all Department Heads shall be allowed to accumulate up to a total of THREE YEARS OF VACATION TIME, and any Department Head who has accumulated more than two years Vacation Time will be allowed to liquidate up to two (2) weeks of their accumulated Vacation Time over that amount on an annual basis, said payment to be made by the Town Comptroller in any month upon written request of the Department Head.

BY ORDER OF THE TOWN BOARD
OF THE TOWN OF CORTLANDT
HARRIET L. BOYLE
Town Clerk

Adopted on May 12, 1992
At a Regular Meeting
Held at the Community Center

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x



ROBERT L. PAVONE and VALERIE V.
PAVONE,

                          Plaintiffs,          08 Civ.2389(CLB/LMS)

            -against-

LINDA PUGLISI, individually, ANN          **FIRST AMENDED**
LINDAU, individually, FRANCIS X.            **COMPLAINT**
FARRELL, individually, JOHN SLOAN,
individually, THOMAS WOOD,
individually and the TOWN OF
CORTLANDT, New York,                      **Jury Trial Demanded**

                          Defendants.

----------------------------------------x

     Plaintiffs ROBERT L. PAVONE and VALERIE V. PAVONE, by

their attorneys Lovett & Gould, LLP, for their first amended

complaint respectfully allege:


## NATURE OF THE ACTION

     1. This is an action for compensatory and punitive

damages, proximately resulting from Defendants' on-going

conduct as engaged in under color of New York State law, for

violations of Plaintiffs' rights as guaranteed them by

reason of the First and Fourteenth Amendments to the United

States Constitution, 42 U.S.C. §§1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. Plaintiff Robert L. Pavone's state law claim is interposed in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiffs ROBERT L. PAVONE (hereinafter "R. Pavone" and/or "Chief") and VALERIE V. PAVONE (hereinafter "V. Pavone") are husband and wife, citizens of the United States, domiciliaries of the State of New York and residents of the Northern Counties. At all times relevant to this complaint prior to March 7, 2008, R. Pavone was the duly appointed Chief of Police of the Defendant Town. V. Pavone at all times relevant to this complaint was employed by the Defendant Town and since May of 2007 until March of 2008 served as the "White Collar Representative" of AFSCME Local 2343 (hereinafter "union") which represents certain employees of the Defendant Town.

4. Defendant LINDA PUGLISI (hereinafter "Puglisi"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was the duly elected Supervisor of the Defendant Town. As such she is a voting member of the Town Board of the Defendant Town (hereinafter "Board").

2

5. Defendant ANN LINDAU (hereinafter "Lindau"), who is sued in her individual and personal capacities only, at all times relevant to this complaint was a duly elected member of the Board.

6. Defendant FRANCIS X. FARRELL (hereinafter "Farrell"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a duly elected member of the Board.

7. Defendant JOHN SLOAN (hereinafter "Sloan"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a duly elected member of the Board.

8. Defendant THOMAS WOOD (hereinafter "Wood"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly appointed Town Attorney for the Defendant Town.

9. Defendant TOWN OF CORTLANDT, New York is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

10. In 1999 the Chief commenced a civil rights action in this Court against amongst others Defendant Thomas Wood [Pavone v. Wood, 99 Civ. 4991 (CLB)(hereinafter "**Pavone I**"] alleging *inter alia* violations of his rights as guaranteed

3

by the First Amendment to the United States Constitution, 42
U.S.C. §1983.

11. On March 20, 2000, *Pavone I* was settled before the
Hon. Charles L. Brieant on terms set forth in the transcript
of that proceeding a copy of which is annexed and
incorporated in this complaint.

12. In connection with that settlement, provisions of
an earlier agreement pertaining to the Chief's entitlement
to salary benefits pursuant to Section 207-c of the New York
State General Municipal Law as executed by the Town and the
Chief, were incorporated. Annexed is a copy of that
stipulation, dated November 8, 1999, which is incorporated
in this complaint.

13. By reason of the latter settlement agreement:

     a. The Town obligated itself to prospectively pay
the cost of health care coverage for the Chief and his
family, and *inter alia*,

     b. The Town agreed to pay the Chief his "207-c
salary benefits" until the Chief either received disability
retirement from the State of New York or he "exhausted any
and all administrative remedies" by reason of which he
sought disability retirement status from the State.

14. Commencing in mid 2007, V. Pavone assumed duties as
the White Collar Representative for her union and in that
connection vigorously and zealously advocated on behalf of

4

the union and its constituent members against the Town on a variety of contentious issues including ones pertaining to health, safety, and the illegal appointment of the Town's Engineer.

15. As a proximate result of V. Pavone's activities as a union representative, Defendants in February 2008 entered into an agreement, expressly opposed as illegal by Defendants' outside labor counsel (who disclosed his opposition to a representative of the Chief), to retaliate against Plaintiffs with the objective of crippling them financially and *inter alia* silencing V. Pavone's exercise of associational rights on behalf of the union.

16. In furtherance of that agreement, by resolution #68-08 adopted by the individually named Defendants (other than Wood, who upon information and belief drafted that resolution and urged its passage) on February 25, 2008, the Chief's Section 207-c benefits were summarily terminated effective March 7, 2008, despite the facts that:

    a. He had not, and to date still has not exhausted any and all administrative remedies in connection with his application for disability retirement - - a circumstance known to the Defendants, and

    b. Having not exhausted those remedies Defendants could not lawfully terminate the Chief's Section 207-c

5

benefits without first according him a pre-deprivation Due
Process hearing - - which he was neither offered nor given.

17. By reason of the economic retaliation visited on
the Plaintiffs because of V. Pavone's union activities,
effective March 8, 2008, she resigned as the union's White
Collar Representative and will not prospectively engage in
any associational activities protected by the First
Amendment with respect to the Town and/or the union.

18. On March   , 2008, Plaintiffs filed this action and
on March    , 2008, Defendants were duly served with the
summons and complaint.

19. Shortly after that filing and at the direction of
Wood, Defendants agreed to take causally related retaliatory
action against the Chief with the objective of inflicting
additional financial injury upon both Plaintiffs. In that
connection:

a. Knowing that the Chief is currently seeking
non-disability retirement status (while concurrently
pursuing disability retirement status administratively) in
order to receive pension benefits/payments, Defendants have
repeatedly refused to provide to the State of New York
required documentation without which the non-disability
retirement benefits cannot be processed and/or paid, and,

b. Knowing that the Chief is entitled as a matter
of law to Workers Compensation payments in the absence of

6

207-c benefits, Defendant Wood (acting with the concurrence
of his co-defendants) has prohibited those payments
from being made to the Chief.

20. By reason of Defendants' conduct Plaintiffs have
been caused to suffer: pecuniary damages; anxiety; emotional
upset; public humiliation; public embarrassment; impairment
of their constitutionally protected rights, and they have
otherwise been rendered sick and sore.

### AS AND FOR A FIRST CLAIM

21. Repeat and reallege as if fully set forth the
allegations of fact contained in paragraphs "1" to "20",
inclusive.

22. Under the premises Defendants' termination of the
Chief's 207-c benefits in retaliation for V. Pavone's
exercise of her right of association violated the Chief's
rights as guaranteed on a third party standing basis by the
First Amendment to the United States Constitution, 42 U.S.C.
§1983.

### AS AND FOR A SECOND CLAIM

23. Repeat and reallege as if fully set forth the
allegations of fact contained in paragraphs "1" to "20",
inclusive.

7

24. Under the premises Defendants' have intentionally
chilled V. Pavone in the exercise of her associational
rights in violation of the First Amendment to the United
States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

25. Repeat and reallege as if fully set forth the
allegations of fact contained in paragraphs "1" to "20",
inclusive.

26. Defendants' termination of the Chief's 207-c
benefits in retaliation for V. Pavone's exercise of
associational rights violated the Chief's right of intimate
association as protected by the First and Fourteenth
Amendments to the United States Constitution, 42 U.S.C.
§1983.

## AS AND FOR A FOURTH CLAIM

27. Repeat and reallege as if fully set forth the
allegations of fact contained in paragraphs "1" to "20",
inclusive.

28. In connection with the settlement referenced *supra*
a co-plaintiff (Vincent Pagliaroli) of the Chief in
Pavone I was identically situated to the Chief with respect
to: i) prospective entitlement to Section 207-c benefits
until he either was granted disability retirement status or

8

finally exhausted all administrative remedies with respect
to his application for disability retirement; and ii) upon
exhaustion of all such remedies and termination of Section
207-c benefits to the payment of Workers Compensation
benefits. With respect to the entitlement referenced *supra*
in paragraph "28(i)", another co-plaintiff (Susan Whitmore)
in <u>Pavone I</u> was identically situated to Pagliaroli and the
Chief.

29. Pagliaroli's entitlement to the benefits of Section
207-c was in fact provided until he received disability
retirement and/or exhausted all of his administrative
remedies with respect to same. Upon the termination of his
207-c benefits Pagliaroli in fact received Workers
Compensation benefits - - as did Whitmore.

30. Under the premises Defendants' termination of the
Chief's benefits pursuant to Section 207-c and the
prohibition against payment of Workers Compensation benefits
to him violated his rights as guaranteed by the Equal
Protection Clause of the Fourteenth Amendment to the United
States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CLAIM

31. Repeat and reallege as if fully set forth the
allegations of fact contained in paragraphs "1" to "20",
inclusive.

9

32. Defendants' termination of the Chief's right to Section 207-c benefits, without benefit of a pre-deprivation hearing, violated his right to Due Process as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SIXTH CLAIM

33. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "20", inclusive.

34. Defendants' retaliatory refusal to provide factual data to the State required in order to process the Chief's application for non-disability retirement status violated his rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SEVENTH CLAIM

35. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "20", inclusive.

36. Defendants' retaliatory denial of Workers Compensation benefits to the Chief violated his rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

10

## AS AND FOR AN EIGHTH CLAIM

37. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "20", inclusive.

38. Defendants' termination of the Chief's benefits as provided for in the stipulation of settlement in Pavone I constitutes a breach of contract actionable for damages under the common law of the State of New York.

## AS AND FOR A NINTH CLAIM

39. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "20", inclusive.

40. Pursuant to the terms of the stipulation in Pavone I, so long as the Chief was entitled to Section 207-c benefits the terms of inter alia his health insurance benefits as provided by the Town were to remain as they were on the date of that settlement - - or in the event of an increase in such benefits during that period of time, the Chief was to receive any such increase.

41. Since in or about 2002 Defendants have unilaterally reduced the Chief's health insurance benefits in material respects.

11

42. Under the premises Defendants violated Plaintiff's contractual rights, a circumstance actionable for damages under the common law of the State of New York.

WHEREFORE a judgment is respectfully demanded:

     a. Awarding against the individually named Defendants such punitive damages as the jury may impose,

     b. Awarding against all Defendants such compensatory damages as the jury may determine,

     c. Enjoining on a mandatory basis Defendants to forthwith provide to the State the requested data required for processing the Chief's non-disability retirement application,

     d. Enjoining on a mandatory basis Defendants to provide and/or cause to be provided to the Chief forthwith the Workers Compensation benefits to which he is entitled,

     e. Awarding reasonable attorney's fees, costs, and,

12

f. Granting such other and further relief as to

the Court seems just and proper.

Dated: White Plains, N.Y.
      May 17, 2008

                        LOVETT & GOULD, LLP
                        Attorneys for Plaintiffs
                        By: _____
                        Jonathan Lovett (4854)
                        222 Bloomingdale Road
                        White Plains, N.Y. 10605
                        914-428-8401



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ROBERT L. PAVONE, et. al,

              Plaintiffs,

     -against-                   96 Civ. 4991

THOMAS WOOD, et. al,

              Defendants.
------------------------------------x
                    United States Courthouse
                    White Plains, New York

                    MARCH 20, 2000
                    12:13 o'clock p.m.

B e f o r e :
          HON. CHARLES L. BRIEANT,
                District Court Judge

A P P E A R A N C E S :

JONATHAN LOVETT, Esq.
KIM BERG, Esq.,
     Attorneys for Plaintiffs

DANIEL RIESEL, Esq.
MICHAEL BOGIN, Esq.
     -and-
S. PITKIN MARSHALL, Esq.
     Attorneys for Town of Cortlandt

PAUL F. DOYLE, Esq.
     Attorney for Linda Puglisi

BRIAN CLARK, Esq.
EDWARD CAPLICKI, Esq.
     Attorneys for Thomas Wood

Court Reporter:  ANGELA A. O'DONNELL, RPR
Proceedings recorded by mechanical stenography, transcript
produced by C.A.T.

2

## P R O C E E D I N G S

1
2      THE COURT: Are you ready to proceed?

3      MR. LOVETT: Yes, we are.

4      MR. RIESEL: We are, your Honor.

5      THE COURT: Please proceed.

6      MR. RIESEL: Daniel Riesel from Sive, Paget &

7  Riesel for the Town of Cortlandt. Your Honor, the parties

8  have reached a settlement, and I'm prepared to put that

9  settlement on the record at this time.

12:13P 10      THE COURT: Please do so.

11      MR. RIESEL: With respect to the remaining 13

12  plaintiffs in this case, upon the receipt of a general

13  release from the plaintiffs, we will pay $300,000 to the

14  firm of Lovett & Gould, as attorney fees, and the sum of

15  $1,470,000 by check made jointly payable to Lovett & Gould

16  and the plaintiffs in full settlement. We will do this in

17  30 days from today's date.

18      And, your Honor, we will need an order from this

19  Court to comply with the local rule, both I think from -- I

20  think from the prior matter and this matter, we will supply

21  that to you, if you're willing to sign it.

12:15P 22      THE COURT: All right. Now as far as the division

23  of it, I assume I am not concerned with that if everybody

24  assents to it; is that right?

25      MR. LOVETT: That's right.

ANGELA A. O'DONNELL, RPR - US District Court, SDNY

3

```
 1          MR. RIESEL:  We have some other matters to put on

 2    the record.

 3          THE COURT:  Don't you think we should first get

 4    assent to what you have done so far?

 5          MR. RIESEL:  Yes, your Honor, I do.  Thank you.

 6          MR. LOVETT:  That's acceptable.

 7          THE COURT:  All right.  It's so stipulated on

 8    behalf of all the remaining 13 plaintiffs?

 9          MR. LOVETT:  Subject to the additional components

10    Mr. Riesel is going to put on the record.

11          THE COURT:  May the record show, as I understand

12    it, 12 of them are in the courtroom.

13          MR. LOVETT:  All but William Wilson, who is on his

14    way over from Rockland County.

15          THE COURT:  You have spoken with Mr. Wilson?

16          MR. LOVETT:  I did, 15 minutes ago.  He was under

17    subpoena in a criminal matter --

18          THE COURT:  He indicated to you you could go ahead

19    and settle the case?

20          MR. LOVETT:  Yes.

21          MR. RIESEL:  With respect to plaintiffs Wilson,

22    Diana and Underwood, in addition to the foregoing, the Town

23    agrees that, should these plaintiffs lose their medical and

24    dental, including their family medical and dental provisions

25    that they have under their current employment, the Town of
```

ANGELA A. O'DONNELL, RPR - US District Court, SDNY

4

1    Cortlandt will extend to them medical and dental under the

2    prevailing Collective Bargaining Agreement.

3         With respect to the plaintiff Macaluso, he will

4    receive assurances that he is covered under the Collective

5    Bargaining Agreement which expired on December 31, 1998, for

6    medical and dental.  He will also receive a general

7    reference letter indicating his proper and good service to

8    the Town.

12:16P  9         With respect to those two plaintiffs that are

10    receiving benefits under section 207(c) of the General

11    Municipal Law, so long as they remain on section 207(c) they

12    will receive a prospective longevity payment as if they

13    would be receiving it under the Collective Bargaining

14    Agreement expired on December 31, 1998, between the Town and

15    Policeman's Benevolent Association.

16         I think that's it.

12:17P 17         (Counsel confer.)

18         MR. LOVETT:  May we have a minute, your Honor?

19         THE COURT:  Certainly.

12:19P 20         (Pause.)

12:21P 21         MR. RIESEL:  Judge, I apologize, can you indulge us

22    for another five minutes?

23         THE COURT:  I have not been interrupting you   You

24    have a right to speak with each other and your clients.

25         MR. RIESEL:  Thank you, your Honor.

ANGELA A. O'DONNELL, RPR - US District Court, SDNY

5

1          THE COURT:  Please don't make the record appear as

2     if I was impatient.

12:22P  3          MR. RIESEL:  Judge.

4          THE COURT:  Those of you who really know me

5     understand that I am never impatient.

6          MR. RIESEL:  That's correct, your Honor, and if I

7     have done that, I'm sure it would be borne out by the

8     record.

12:23P  9          (Pause.)

10          MR. RIESEL:  Your Honor, your indulgence, as

11     anticipated, is appreciated.

12          With respect to Mr. Rao, we will extend that same

13     benefit package to Mr. Rao.

14          With respect to the two officers on 207(c) which I

15     mentioned, those are Officers Pagliaroli and Pavone, I have

16     been asked by counsel to agree to a proposition that any

17     application by Mr. Pagliaroli for a permanent disability

18     will be handled in the same way that we are handling

19     Mr. Pavone's application at this time, which is embodied in

20     the stipulation signed by the Town and Mr. Pavone or his

21     counsel.

12:27P 22          THE COURT:  So agreed to, is it?

23          MR. LOVETT:  Just one clarification.  The benefits

24     that were extended to Rao, the medical/dental --

25          MR. RIESEL:  That's it.

ANGELA A. O'DONNELL, RPR - US District Court, SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
ROBERT L. PAVONE and VALERIE V. PAVONE

Plaintiffs

-against-

LINDA PUGLISI, individually, ANN
LINDAU, individually, FRANCIS X.
FARRELL, individually, JOHN SLOAN,
individually, THOMAS WOOD,
individually and the TOWN OF
CORTLANDT, New York

**ANSWER TO FIRST
AMENDED COMPLAINT**

08 CIV. 2389 (CLB)

Defendants
----------------------------------------------------------------------------X

Defendants LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL, JOHN

SLOAN, and THOMAS WOOD (hereinafter, the "Defendants"), by their attorneys, the LAW

OFFICES OF EDMUND V. CAPLICKI, JR., P.C., as and for their Answer to the above-

captioned Complaint dated March 8, 2008 by Plaintiffs ROBERT L. PAVONE and VALERIE

V. PAVONE (hereinafter the "Plaintiffs") respond and state as follows:

## NATURE OF THE ACTION

1.    Deny each and every allegation contained in paragraph "1" of the Complaint of

the Plaintiffs.

## JURISDICTION

2.    Deny each and every allegation contained in paragraph "2" of the Complaint of

the Plaintiffs.

## THE PARTIES

3.    Deny each and every allegation contained in paragraph "3" of the Complaint of

the Plaintiffs, but admit upon information and belief that R. PAVONE and V. PAVONE are

husband and wife, and residents, domiciliaries, and citizens of the Northern Counties of the State

of New York, United States of America, and that R. PAVONE was the Chief of Police of the Defendant Town and that V. PAVONE was employed by the Defendant Town and served as the "White Collar Representative" of AFSCME Local 2343.

4.    Deny the allegations contained in paragraph "4" of the Complaint of the Plaintiffs, except admit that LINDA PUGLISI is the duly elected Supervisor of the Town of Cortlandt, New York.

5.    Deny the allegations contained in paragraph "5" of the Complaint of the Plaintiffs, except admit ANN LINDAU is a duly elected member of the Town Board of the Town of Cortlandt, New York.

6.    Deny the allegations contained in paragraph "6" of the Complaint of the Plaintiffs, except admit FRANCIS X. FARRELL is a duly elected member of the Town Board of the Town of Cortlandt, New York.

7.    Deny the allegations contained in paragraph "7" of the Complaint of the Plaintiffs, except admit JOHN SLOAN is a duly elected member of the Town Board of the Town of Cortlandt, New York.

8.    Deny the allegations contained in paragraph "8" of the Complaint of the Plaintiffs, except admit THOMAS WOOD is the duly appointed Town Attorney of the Town of Cortlandt, New York.

9.    Admit the allegations in paragraph "9" of the Complaint of the Plaintiffs.

## THE FACTS

10.    Admit the allegations contained in paragraph "10" of the Complaint of the Plaintiffs.

11.     Admit the allegations contained in paragraph "11" of the Complaint of the Plaintiffs.

12.     Deny the allegations contained in paragraph "12" of the Complaint of the Plaintiffs, and refers all questions of the law to this Court.

13.     Deny the allegations contained in paragraph "13" of the Complaint of the Plaintiffs, and refers all questions of law to this Court.

14.     Deny knowledge or information sufficient to form a belief and to the allegations contained in paragraph "14" of the Complaint of the Plaintiffs.

15.     Deny the allegations contained in paragraph "15" of the Complaint of the Plaintiffs.

16.     Deny the allegations contained in paragraph "16" of the Complaint of the Plaintiffs, except admit that by Resolution 68-08, ROBERT PAVONE'S Section 207-C benefits were terminated.

17.     Deny the allegations contained in paragraph "17" of the Complaint of the Plaintiffs.

18.     Deny the allegations contained in paragraph "18" of the Complaint of the Plaintiffs, except admit Defendants were served with the Summons and Complaint.

19.     Deny the allegations contained in paragraph "19" of the Complaint of the Plaintiffs.

20.     Deny the allegations contained in paragraph "20" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED FIRST CLAIM

21.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

22.    Deny each and every allegation contained in paragraph "22" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED SECOND CLAIM

23.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

24.    Deny each and every allegation contained in paragraph "24" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED THIRD CLAIM

25.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

26.    Deny each and every allegation contained in paragraph "26" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED FOURTH CLAIM

27.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

28.    Deny each and every allegation contained in paragraph "28" of the Complaint of the Plaintiffs.

29.    Deny each and every allegation contained in paragraph "29" of the Complaint of the Plaintiff, except admit Pagliaroli received Workers Compensation benefits.

30.    Deny each and every allegation contained in paragraph "30" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED FIFTH CLAIM

31.    Defendants repeat and reallege each and every denial set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

32.    Deny each and every allegation contained in paragraph "32" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED SIXTH CLAIM

33.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

34.    Deny each and every allegation contained in paragraph "34" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED SEVENTH CLAIM

35.    Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

36.    Deny each and every allegation contained in paragraphs "36" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED EIGHTH CLAIM

37.     Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

38.     Deny each and every allegation contained in paragraphs "38" of the Complaint of the Plaintiffs.

## ANSWERING THE ALLEGED NINTH CLAIM

39.     Defendants repeat and reallege each and every response set forth in paragraphs "1" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

40.     Deny each and every allegation contained in paragraph "40" of the Complaint of the Plaintiffs.

41.     Deny each and every allegation contained in paragraph "41" of the Complaint of the Plaintiffs.

42.     Deny each and every allegation contained in paragraphs "42" of the Complaint of the Plaintiffs.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43.     The Complaint of the Plaintiffs fails to state a cause of action and/or claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44.     The plaintiff's claims do not rise to the level of a Constitutional violation.

## AS AND OFR A THIRD AFFIRMATIVE DEFENSE

45.    The actions of the plaintiff VALERIE PAVONE were not a motivating factor for the conduct of the defendants complained of in the Plaintiffs' Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46.    The plaintiff VALERIE PAVONE'S speech was not a matter of public concern.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47.    The Laws of the State of New York provide an adequate remedy at law for plaintiffs' claims thus barring the instant action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48.    Plaintiffs have failed to pursue relief available under the Laws of the State of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49.    The defendants' conduct was based upon valid existing settlement agreements and subsequent decision of appropriate state agencies.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

50.    The plaintiffs claim for punitive damages is barred by public policy and the laws of the State of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

51.    The defendants acted in good faith and without malice.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

52.    Defendants actions were not motivated by protected speech or activity of the plaintiffs.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

53.    Plaintiffs were not selectively treated by the named defendants.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

54.    The actions of defendants were not barred based upon impermissible considerations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

55.    Plaintiffs suffered no true chilling affect on any protected conduct, activity or speech.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

56.    Plaintiff ROBERT PAVONE accepted benefits pursuant to the 207-C Stipulation dated November 8, 1999, after its alleged breach, and as such all claims thereunder are barred by the doctrine of Waiver.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

57.    Plaintiffs claims are barred by the doctrine of accord and satisfaction.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

58.    Plaintiffs claims are barred by the doctrine of collateral estoppel.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

59.    Plaintiff ROBERT PAVONE agreed in the 207-C Stipulation dated November 8, 1999 to be bound by determination of the Comptroller on behalf of the New York State Retirement System with respect to disability which has presently found against plaintiff on two occasions.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

60.    Pursuant to the 207-C Stipulation dated November 8, 1999, plaintiff ROBERT PAVONE has exhausted his administrative remedies as set forth therein allowing the Town to discontinue 207-C salary benefits.

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

61.    All claims asserted under New York State Law are barred by the failure of plaintiffs to file Notices of Claim.

## AS AND FOR A TWENTYETH AFFIRMATIVE DEFENSE

62.    The individual defendants, LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL, JOHN SLOAN, and THOMAS WOOD, are entitled to either qualified or absolute immunity from liability from damages based upon the actions alleged in the Complaint, and therefore the claims against the individual defendants must be dismissed in their entirety.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

63.    Plaintiffs failed to exhaust administrative remedies provided for in the relevant collective bargaining agreement and Town sponsored plans.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF ROBERT PAVONE.

64.    Pursuant to Paragraph four of the 207-C Stipulation dated November 8, 1999, this defendant, TOWN OF CORTLANDT paid a sum in excess of $35,000.00 to plaintiff ROBERT PAVONE for unused vacation, sick and personal time. Said sum was accepted and retained by the plaintiffs.

65.    If it is found that the termination of payments to plaintiff ROBERT PAVONE was improper, which is denied, then the aforesaid payment was improper and defendant TOWN OF CORTLANDT is entitled to full refund thereof plus interest.

WHEREFORE, Defendants LINDA PUGLISI, ANN LINDAU, FRANCIS X.

FARRELL, JOHN SLOAN, and THOMAS WOOD demand judgment dismissing the Complaint

of the plaintiffs in its entirety, and recovery of the amount set forth in the Counterclaim, together

with costs, interest and disbursements, and attorney fees, and such other and further relief as this

Honorable Court deems just and proper.

Dated: Lagrangeville, New York
      June 4, 2008

                              LAW OFFICES OF EDMUND V. CAPLICKI, JR., P.C.

                   By:

                              EDMUND V. CAPLICKI, JR. (6896)
                              Attorneys for Defendants
                              LINDA PUGLISI, ANN LINDAU, FRANCIS X.
                              FARRELL, JOHN SLOAN, and THOMAS WOOD
                              P.O. Box 15
                              Lagrangeville, New York 12540
                              Tel. (845) 483-0983
                              Fax (845) 483-0938

TO:    LOVETT & GOULD, LLP
         Attorneys for Plaintiffs
         222 Bloomingdale Road
         White Plains, NY 10605
         (914) 428-8401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

ROBERT L. PAVONE and VALERIE V. PAVONE

                                    Plaintiffs

                                                        **AFFIDAVIT OF**
            -against-                                   **SERVICE**

LINDA PUGLISI, individually, ANN
LINDAU, individually, FRANCIS X.
FARRELL, individually, JOHN SLOAN,                      08 CIV. 2389 (CLB)
individually, THOMAS WOOD,
individually and the TOWN OF
CORTLANDT, New York

                                    Defendants
--------------------------------------------------------------------------X
STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF DUTCHESS   )

        Cynthia J. Sauter, being sworn says:  I am not a party to this action, am over 18 years of
age and reside at Hopewell Junction, New York.

        On June 4, 2008, pursuant to CPLR 3215, I served a true original of the annexed Answer
by Electronic Filing, Fax and Regular Mail as indicated below:

                Clerk of the United States District Court – *Electronic Filing*
                for the Southern District of New York
                300 Quarropas Street
                White Plains, New York  10601

                LOVETT & GOULD, LLP – *Electronic Filing, Regular Mail and*
                Jonathan Lovett, Esq.          *Fax (914)428-8916*
                Attorneys for Plaintiffs
                222 Bloomingdale Road
                White Plains, NY 10605

                HODGES, WALSH & SLATER, LLP –*Electronic Filing, Regular*
                John J. Walsh, Esq.              *Mail and Fax*
                Attorneys for Defendant          *(914)385-6060*
                TOWN OF CORTLANDT
                55 Church Street, Suite 211
                White Plains, NY 10601

CYNTHIA J. SAUTER

Sworn to before me this 4th
day of June, 2008

Notary Public
ID #02CA4517468

EDMUND V. CAPLICKI, JR.
Notary Public State of New York
Qualified in Dutchess County #02CA4517468
Commission Expires April 30, 20 1 0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

ROBERT L. PAVONE and VALERIE V.
PAVONE,

                        Plaintiffs,          08 Civ.2389(CLB)

            -against-

LINDA PUGLISI, individually, ANN          **AMENDED**
LINDAU, individually, FRANCIS X.          **ANSWER**
FARRELL, individually, JOHN SLOAN,          **TO**
individually, THOMAS WOOD,          **COUNTERCLAIM**
individually and the TOWN OF          **OF INDIVIDUALLY**
CORTLANDT, New York,          **NAMED DEFENDANTS**

                        Defendants.

---------------------------------------x

        Plaintiffs ROBERT L. PAVONE and VALERIE V. PAVONE, by

their attorneys Lovett & Gould, LLP, for their amended

answer to the June 4, 2008, counterclaim of Defendants

Puglisi, Lindau, Farrell, Sloan and Wood, state:

        1. Deny paragraphs "64" and "65".


### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

        2. The individual counterclaimants lack standing.


### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

        3. Upon information and belief the counterclaim was

never lawfully authorized and must be dismissed.


1

**AS AND FOR A COUNTERCLAIM AGAINST THOMAS WOOD,
LINDA PUGLISI, ANN LINDAU, FRANCIS X. FARRELL,
AND JOHN SLOAN**

*Jurisdiction*

4. Plaintiffs' counterclaim is interposed in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §1367.

*The Facts*

5. Plaintiffs are owners in fee of real property situated within the Defendant Town and their assessment thereon exceeds the statutory requirements of Section 51 of the New York State General Municipal Law pertaining to "Prosecution of officers for illegal acts".

5. Upon information and belief Wood, a private practicing attorney who serves as the Town Attorney for the Defendant Town of Cortlandt as a matter of fact/law is an independent contractor.

5. Notwithstanding his status as an independent contractor upon information and belief he has for years been carried on the Town's payroll and paid by the Town as if he were a Town "employee", a circumstance which has unjustly enriched him at taxpayers' expense.

6. By reason of Wood's status as an independent contractor all of the fringe benefits paid to him and/or on his behalf by the Town upon the false pretense that he was a

Town employee resulted in Wood's unjust enrichment at taxpayers' expense.

7. By reason of Wood's status as an independent contractor all of the retirement benefits and/or pension contributions paid by the Town on his behalf were unlawful and resulted in his unjust enrichment at taxpayers' expense.

8. By reason of Wood's status as an independent contractor the Town's defense and/or indemnification of Wood in this litigation constitutes and unlawful gift of public moneys and/or a fraud on the Town's carrier which has no obligation to pay for Wood's defense or indemnification.

9. Wood's co-defendants, acting in concert with Wood, have for years engaged in this fraudulent scheme and practice with knowledge that they were facilitating and approving Wood's on-going larceny with respect to taxpayers' moneys.

*The Claim*

10. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "4" to "9", inclusive.

11. Defendants' conduct constitutes an on-going series of illegal acts in violation of Section 51 of the New York State General Municipal Law.

WHEREFORE a judgment should be entered dismissing

3

Defendants' counterclaim in all respects, with sanctions pursuant to FRCP 11, granting Plaintiffs' counterclaim and ordering the individually named Defendants to personally reimburse the Town of Cortlandt for the moneys unlawfully paid to Wood, with costs and attorney's fees.

Dated: White Plains, N.Y.
       June 4, 2008

                          LOVETT & GOULD, LLP
                          Attorneys for Plaintiffs
                          By:
                          Jonathan Lovett (4854)
                          222 Bloomingdale Road
                          White Plains, N.Y. 10605
                          914-428-8401

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT L. PAVONE and VALERIE V. PAVONE,                 08 civ 2389
                                                        (CLB) (LMS)
                          Plaintiffs,

             -against-                                  **ANSWER TO FIRST
                                                        AMENDED COMPLAINT**

LINDA PUGLISI, individually, ANN
LINDAU, individually, FRANCIS X.
FARRELL, individually, JOHN SLOAN,
Individually, THOMAS WOOD,
Individually and the TOWN OF
CORTLANDT, New York,

                          Defendants.
-----------------------------------------------------------------X

Defendant named herein as TOWN OF CORTLANDT, New York by their

attorneys, **HODGES, WALSH & SLATER, LLP,** as and for an Answer to plaintiffs' First

Amended Complaint dated May 17, 2008, allege upon information and belief as follows:

### NATURE OF THE ACTION

FIRST:     Denies each and every allegation contained in paragraph "1" of the

Plaintiff's First Complaint.

### JURISDICTION

SECOND:     Denies each and every allegation contained in paragraph "2" of the

Plaintiff's First Complaint.

### THE PARTIES

THIRD:     Denies each and every allegation contained in paragraph "3" of the

Plaintiff's First Complaint but admits that R. Pavone was the Chief of Police of the

Defendant Town and that V. Pavone was employed by the Defendant Town and served

as the "White Collar Representative" of AFSCME Local 2343.

## THE FACTS

FOURTH:     Denies each and every allegation contained in paragraphs "12" , and "13" of the Plaintiff's First Complaint and refers all questions of law to this Court.

FIFTH:     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "14" and "18" of the Plaintiff's First Complaint.

SIXTH:     Denies each and every allegation contained in paragraphs "15", "17", "19" and "20" of the Plaintiff's First Complaint.

SEVENTH:   Denies each and every allegation contained in paragraph "16" but admits that by resolution #68-08 Section 207-c plaintiff R. Pavone's Section 207-c benefits were terminated.

## ANSWERING THE ALLEGED FIRST CLAIM

EIGHTH:     Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

NINTH:     Denies each and every allegation contained in paragraph "22" of the Plaintiff's First Amended Complaint.

## ANSWERING THE ALLEGED SECOND CLAIM

TENTH:     Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

ELEVENTH: Denies each and every allegation contained in paragraph "24" of the Plaintiff's First Amended Complaint.

## ANSWERING THE ALLEGED THIRD CLAIM

TWELFTH:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

THIRTEENTH:    Denies each and every allegation contained in paragraph "26" of the Plaintiff's First Amended Complaint.

## ANSWERING THE ALLEGED FOURTH CLAIM

FOURTEENTH:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

FIFTEENTH: Denies each and every allegation contained in paragraph "28", "29" and "30" of the Plaintiff's First Amended Complaint.

## ANSWERING THE ALLEGED FIFTH CLAIM

SIXTEENTH:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

SEVENTEENTH:  Denies each and every allegation contained in paragraph "32" of the Plaintiff's First Amended Complaint.

## ANSWERING THE ALLEGED SIXTH CLAIM

EIGHTEENTH:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same    force and effect as if fully set forth at length herein.

NINETEENTH:  Denies each and every allegation contained in paragraph "34" of the Plaintiff's First Amended Complaint.

## ANSWERING THE ALLEGED SEVENTH CLAIM

TWENTIETH:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

TWENTY-FIRST:  Denies each and every allegation contained in paragraph "36" of the Plaintiff's First Amended Complaint.

## ANSWERING THE ALLEGED EIGHTH CLAIM

TWENTY-SECOND:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

TWENTY-THIRD:    Denies each and every allegation contained in paragraph "38" of the Plaintiff's First Amended Complaint.

## ANSWERING THE ALLEGED NINTH CLAIM

TWENTY-FOURTH:  Defendant, TOWN OF CORTLANDT repeats and realleges each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

TWENTY-FIFTH:    Denies each and every allegation contained in paragraphs "40", "41" and "42" of the Plaintiff's First Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-SIXTH: The plaintiffs' complaint fails to state a cause of action and/or claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-SEVENTH::    The plaintiffs' claims do not rise to the level of a Constitutional violation.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-EIGHTHH:  The actions of the plaintiff Valerie Pavone were not a motivating factor for the conduct of the defendants complained of in the plaintiffs' complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-NINTH:    The plaintiff Valerie Pavone's speech was not a matter of public concern.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTIETH:  The Laws of the State of New York provide an adequate remedy at law for plaintiffs' claims thus barring the instant action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:  Plaintiffs have failed to pursue relief available under the Laws of the State of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND::  The defendants' conduct was based upon valid existing settlement agreements and subsequent decisions of appropriate state agencies.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

THIRTY-THIRD:  The plaintiff's claim for punitive damages is barred by public policy and the laws of the State of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH:  The defendants acted in good faith and without malice.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH:    Defendants actions were not motivated by protected speech or activity of the plaintiffs.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH  Plaintiffs were not selectively treated by the named defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH:  The actions of defendants were not barred based upon impermissible considerations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:  Plaintiff suffered no true chilling affect on any protected conduct, activity or speech.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH:     Plaintiff Robert Pavone accepted benefits pursuant to the 207-C Stipulation dated November 8, 1999, after its alleged breach, and as such all claims thereunder are barred by the doctrine of Waiver.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

FORTIETH:  Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

FORTY-FIRST:  Plaintiffs' claims are barred by the doctrine of collateral estoppel.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

FORTY-SECOND:  Plaintiff Robert Pavone agreed in the 207-C Stipulation dated November 8, 1999 to be bound by determination of the Comptroller on behalf of the New York State Retirement System with respect to disability which has presently found against plaintiff on two occasions.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

FORTY-THIRD:  Pursuant to the 207-C Stipulation dated November 8, 1999, plaintiff Robert Pavone has exhausted his administrative remedies as set forth therein, allowing the Town to discontinue 207-C salary benefits.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH:   Plaintiff Valerie Pavone has failed to exhaust available administrative remedies.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

FORTY-FIFTH:       All claims asserted under New York State Law are barred by the failure of plaintiffs to file Notices of Claim.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

FORTY-SIXTH:       The defendants' conduct was based upon valid existing settlement agreements and subsequent decision of appropriate state agencies.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF ROBERT PAVONE

FORTY-SEVENTH: Pursuant to Paragraph four of the 207-C Stipulation dated November 8, 1999, this defendant, TOWN OF CORTLANDT paid a sum in excess of $35,000 to plaintiff for unused vacation, sick and personal time.  Said sum was accepted and retained by the plaintiffs.

FORTY-EIGHTH::  If it is found that the termination of payments to plaintiff Robert Pavone was improper, which is denied, then the aforesaid payment was improper and defendant TOWN OF CORTLANDT is entitled to full refund thereof plus interest.

WHEREFORE, Defendant, Town of Cortlandt demands judgment dismissing the Complaint of the plaintiffs and recovery of the amount set forth in the Counterclaim, together with cots, interest and disbursements, if deemed appropriate by this Honorable Court.

Dated: White Plains, NY
        June 6, 2008

Yours, etc.

_____

JOHN J. WALSH (4092)
**HODGES, WALSH & SLATER, LLP**
Attorneys for Defendant
TOWN OF CORTLANDT
55 Church Street, Suite 211
**White Plains, NY 10601**
**Tel:    (914) 385-6000**
**Fax:   (914) 385-6060**

TO:    LOVETT & GOULD, LLP
       Attorneys for Plaintiffs
       222 Bloomingdale Road
       White Plains, NY  10605
       914-428-8401

       LAW OFFICES OF EDMUND V. CAPLICKI, JR., P.C.
       Attorneys for Defendants
       Puglisi, Lindau, Farrell, Sloan & Wood
       P.O. Box 15
       Lagrangeville, NY  12540

*From:* NYSD_ECF_Pool@nysd.uscourts.gov
*Date:* 6/6/2008 4:13:03 PM
*To:* deadmail@nysd.uscourts.gov
*Subject:* Activity in Case 7:08-cv-02389-CLB Pavone et al v. Puglisi et al Answer to Amended Complaint

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Walsh, John on 6/6/2008 at 4:23 PM EDT and filed on 6/6/2008
**Case Name:**          Pavone et al v. Puglisi et al
**Case Number:**      7:08-cv-2389
**Filer:**                  Town of Cortlandt
**Document Number:** 18

**Docket Text:**
**ANSWER to Amended Complaint., COUNTERCLAIM against Robert L. Pavone. Document filed by Town of Cortlandt.(Walsh, John)**

**7:08-cv-2389 Notice has been electronically mailed to:**

Edmund V. Caplicki , Jr    caplicki04@verizon.net

John J. Walsh , II    jwalsh@hwslaw.com

Jonathan Lovett    jlovett@lovett-gould.com

**7:08-cv-2389 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=6/6/2008] [FileNumber=4669836-0]
[b5e5f22920beb6f21b0480c076a24a2070c199fc49cca2f71b0420936c12e2f72a54
730be9171520e0aeaba7d45e4ee10bf48d47453267d5586d7d49076024d2]]

MAY 12, 1992    25

## R E S O L U T I O N

NUMBER _156-92_

(RE: EMPLOYMENT & BENEFIT POLICY REGARDING NON-UNION EMPLOYEES)

WHEREAS, the Town Board has long been desirous of adopting a Resolution to formalize an employment policy with respect to non-union employees of the Town; and

WHEREAS, it is the desire of the Town Board to grant to the non-union employees of the Town who work on a permanent basis, the same benefits as those given to the union employees; and

WHEREAS, the Town Boards of the past have established certain additional benefits for non-union or management employees that have never been formalized in the form of a Resolution;

NOW, THEREFORE, BE IT RESOLVED, that the Town Board does hereby grant to all permanent, non-union employees (management employees) of the Town, the same financial benefits as those derived from the Collective Bargaining Agreement including, but not limited to: Health and Dental Insurance, Sick Time, Vacation Time, but not including salary or other steps or other monetary payments; and

BE IT FURTHER RESOLVED, that the Town Board shall continue the practice of carrying Life Insurance for those employees at a value of an amount equal to two (2) times their annual salary; and

BE IT FURTHER RESOLVED, that the Town will continue to maintain long term disability insurance for all permanent, non-union employees; and

BE IT FURTHER RESOLVED, that these employees shall be entitled to all of the benefits of the Collective Bargaining Agreement; and

BE IT FURTHER RESOLVED, that all Department Heads shall be allowed to accumulate up to a total of THREE YEARS OF VACATION TIME, and any Department Head who has accumulated more than two years Vacation Time will be allowed to liquidate up to two (2) weeks of their accumulated Vacation Time over that amount on an annual basis, said payment to be made by the Town Comptroller in any month upon written request of the Department Head.

BY ORDER OF THE TOWN BOARD
OF THE TOWN OF CORTLANDT
HARRIET L. BOTLE
Town Clerk

Adopted on May 12, 1992
At a Regular Meeting
Held at the Community Center

**207-C STIPULATION BETWEEN, Chief Robert L Pavone and the Town of Cortlandt**

WHEREAS, The Town of Cortlandt and Robert L Pavone ("Mr. Pavone") (collectively "the parties"), desire to resolve this pending 207-C matter without further hearings or adjudication, and mutually desire to enter into this negotiated settlement agreement; and

NOW, therefore it is Stipulated and Agreed by the parties for the good and sufficient consideration set forth below that:

1. The Town of Cortlandt shall continue to pay the cost of health care coverage (including medical and dental) for Mr. Pavone and his family until Mr. Pavone's death and thereafter for his survivor pursuant to the attached Town of Cortlandt Resolution No. 156-92 and attached AFSCME Bargaining Agreement.

2. The Town of Cortlandt shall pay to Mr. Pavone the amount of salary Mr. Pavone is currently receiving until Mr. Pavone's application for Police & Fire Retirement for disability incurred in the performance of duty or accidental disability under §363.2 of the Retirement and Social Security Law is granted by New York State. This is governed by the terms of paragraph 7.

3. Mr. Pavone agrees to be responsible for all costs, attorney's fees, and other expenses associated with any administrative appeal of any denial of his applications for accidental or performance of duty disability retirements under §363 of the Retirement and Social Security Law.

4. The Town of Cortlandt agrees within 30 days after the time that Mr. Pavone stops receiving his full salary pursuant to Section 207-C, to pay Mr. Pavone for any unused time including but not limited to vacation, sick and personal time. The calculation used will be 100% of the value of the accrued time.

5. This agreement between the parties shall not be construed for any purpose as an admission by the Town of Cortlandt, Mr. Thomas P. Wood or any of the parties of any liability or unlawful conduct. The parties acknowledge that this

agreement is being entered into for solely the purpose of avoiding the cost of 207-C proceedings.

6.   Mr. Pavone agrees that if he is granted an accidental disability retirement under §363 of the Retirement and Social Security Law that he will accept such retirement and retire within 30 days of such decision being rendered by the Retirement System.

7.   Mr. Pavone agrees that once he has exhausted any and all administrative remedies prior to, but not including, an Article 78 proceeding, he shall be bound by the determination of the Comptroller on behalf of the New York State Retirement System with respect to this disability.   Specifically, Mr. Pavone acknowledges that The Town of Cortlandt in its sole discretion may rely upon the final administrative determination of the Disability Retirement process as being binding upon Mr. Pavone with respect to his eligibility for 207-C benefits. It is expressly acknowledged by Mr. Pavone that if he fails to receive a disability retirement having exhausted his administrative remedies prior to an Article 78 proceeding, that The Town of Cortlandt may unilaterally discontinue his 207-C salary benefits without the need of an administrative hearing. The Town will not be under an obligation to pay Mr. Pavone his salary during the pendency of an Article 78 proceeding.  However, the Town agrees to be retroactively bound by the determination of the Article 78 proceeding including by not limited to 207-C benefits and pay.

8.   Mr. Pavone agrees to timely assist the New York State and Local Police & Fire Retirement System with the processing of his applications.  He agrees to timely respond to all of their requests and cooperate in providing of medical information.  He also agrees to submit to those medical examinations deemed necessary by the Retirement System.

9. In the event that Mr. Pavone is granted a Performance of Duty Retirement, he agrees that his Worker's Compensation equivalent benefits will not exceed $300.00 weekly.

10. Mr. Pavone agrees to keep The Town of Cortlandt, or its representatives, reasonably up to date as to the status of his pending retirement applications.

11. This agreement may not be modified, altered or changed except upon written consent of all parties wherein specific reference is made to this agreement.

Dated: White Plains, New York

November 8, 1999

THE TOWN OF CORTLANDT

By: *[signature]*

*[signature]*

CHIEF ROBERT L. PAVONE

# R E S O L U T I O N

NUMBER ___378-99___

## (RE: AUTHORIZE THE SUPERVISOR TO SIGN A STIPULATION WITH RESPECT TO 207-C IN REGARD TO ROBERT PAVONE)

RESOLVED, that the Supervisor be, and hereby is, authorized to sign a

Stipulation with respect to 207-c benefits in regard to Robert Pavone; said

Stipulation is attached hereto and made a part thereof this resolution.

BY ORDER OF THE TOWN BOARD
OF THE TOWN OF CORTLANDT
JO-ANN DYCKMAN
TOWN CLERK

Adopted on November 16, 1999
At a Regular Meeting
Held at the Town Hall

New York State and Local Retirement Systems
  Employees' Retirement System
  Police and Fire Retirement System
H. Carl McCall, State Comptroller
Gov. Smith State Office Building, Albany, New York 12244

---

# NEW YORK STATE AND LOCAL POLICE AND FIRE RETIREMENT SYSTEM
## IN THE MATTER OF APPLICATION FOR
### ACCIDENTAL DISABILITY RETIREMENT

Name: Robert L. Pavone
Social Security Number: 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
Registration Number: 0A54894-1
Position: Police Chief
Date of Application: August 5, 1999
Date of Determination: March 10, 2000

---

The application for Accidental Disability Retirement filed in the Retirement System by the above named member, alleging accidents to have occurred on 03/09/94, 05/15/98 and 10/04/86, has received my consideration.

It is hereby found that the incidents alleged to have occurred on 03/09/94 and 10/04/86 do not constitute an "accident" as this term is used in Section 363 of the Retirement and Social Security Law.

It is hereby found that the applicant did not file notice of accident for the incident of 05/15/98 as is required by subdivision c of Section 363 of the Retirement and Social Security Law.

It is hereby determined and directed that the application for Accidental Disability Retirement be and the same is hereby denied.

H. CARL MCCALL
STATE COMPTROLLER

BY

*Kathleen A. Nowak*

Kathleen A. Nowak
Director - Disability Processing

11/10/03
To: Tom Wood
Eileen Cestaro (+ for U. Pagliari)
It's now 11/2003! Please find out for us —
what is the decision? J. Purslow

CC: Town Board

New York State and Local Retirement Systems
    Employees' Retirement System
    Police and Fire Retirement System
Alan G. Hevesi, State Comptroller
110 State Street, Albany, New York 12244
Laura L. Anglin, Deputy Comptroller
(518) 474-2600         http://www.osc.state.ny.us

April 23, 2005

Ms. Patricia Carey
TOWN OF CORTLANDT
1 HEADY ST
CORTLANDT MANOR, NY 10567

Re: Robert L. Pavone
Reg. No. 0A54894-1

Dear Ms. Carey:

We are enclosing herewith a copy of the Decision of the Hearing Officer, as well as a copy of the Findings of Fact and Conclusions of Law, in the matter of application for Performance of Duty Disability Retirement Benefit.

Very truly yours,

Laura L. Anglin
Deputy Comptroller

LLA/ds
Enclosures

DECEMP.2

NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM
-----------------------------------------------------------X
In the Matter of the Application of

    Robert L. Pavone
    Reg. No. 0A54894-1
    H. C. No. 01-0397

Pursuant to Section 74 or 374 of the Retirement and
Social Security Law for a hearing and redetermination.
-----------------------------------------------------------X

    This matter has a rather extensive history relating to
several incidents involving the Applicant. The Applicant was
represented by Warren Roth, Esq. and the Comptroller by Deborah
Richards, Associate Attorney.


    The matter was originally assigned to the Honorable Harry
Edelstein who held an initial hearing in White Plains on May 8,
2003. (TR-1) Thereafter, the matter was assigned to the
undersigned, S. Barrett Hickman and subsequent hearings were held
on May 21, 2004 (TR-2) in Goshen, New York, and in White Plains
on June 28, 2004 (TR-3) and October 25, 2004 (TR-4).


    Now after review of the hearing minutes and the exhibits, I,
S. Barrett Hickman find and determine as follows:


## FINDINGS OF FACT


    1.    At issue initially was whether the Applicant timely
filed notice of an incident on May 15, 1998. At the hearing on

May 21, 2004, it was conceded that there was proper notice. (trans 2 p 5).

2. It was further agreed at that hearing that "this is a full duty standard case." (trans 2 p 5)

3. However, the Comptroller indicated that it is the full duties of a Chief of Police in the Town of Cortlandt that is the issue, as those duties are specified on pages 21 and 22 of exhibit 4 submitted at the hearing of May 8, 2003. (TR-1).

4. Exhibit 2 at the above hearing was Mr. Pavone's Application for Retirement Disability which claims "lower back injuries acute anxiety."

5. Exhibit 3 at the above hearing was a determination by the Comptroller disapproving Applicant's claim for disability retirement.

6. Applicant then applied for a hearing and redetermination pursuant to the Retirement and Social Security Law, Section 74 or 374 resulting in the hearings referred to above.

7. The issues are whether the Applicant is permanently incapacitated from performance of his duties as Police Chief of the Town of Cortlandt and, if so, is the disability the natural and proximate cause of his disability.

2

8.  Applicant claims to be permanently disabled as a result of three job related incidents.  On October 4, 1986, he states he was injured when a subject resisted arrest and handcuffing was attempted.  There were pulled and broken ligaments in his right foot and leg (TR-1 exhibit 4 p 23).  In March, 1994, he slipped and fell under a vehicle injuring his back, diagnosed as a lumbar sprain.  (TR-1 of May 8, 2003 p 53).  On May 15, 1998, a chair collapsed and he fell to the floor injuring his back.

9.  Ultimately on February 5, 1999, Chief Pavone submitted an Employee Illness and Injury Report claiming physical and mental incapacity to perform his duties.  (TR-1 Exhibit 5).

10.  At the initial hearing on May 8, 2003, Applicant elected to proceed on his medical records (TR-1 p 9, 14).  As noted in the transcript, these records are voluminous (Exhibit 4 - 122 pp, Exhibit 5 - 78 pp).

11.  On pages 2 and 3 of exhibit 4, Dr. Kramer reviews the medical records which include records of the family doctor, several chiropractors, Dr. Weintraub, a neurologist, various MRI's, etc.

12.  Exhibit 5 and Exhibit 6 contain additional and sometimes duplicative records.

13. On May 21, 2004, Dr. Jeffrey Newton, M.D., a board certified psychiatrist testified that he examined Chief Pavone on January 12, 2001. He concluded from his examination that Chief Pavone "was not... permanently incapacitated for (from?) performance of his duties as police chief". (TR-2 pg 16).

14. He further testified that the fact Chief Pavone was taking "Buspar" would ordinarily not mean he could not perform his duties, nor was the current eye tic observed at the hearing considered a major problem.

15. On cross-examination, some questions related to his present anxiety level and there were objections. The doctor quite properly noted he would have to do a current exam before he could express an opinion. I find that it was his condition at the time of the disability application that controls.

16. I also note the absence of any psychological or psychiatric records or consultations or any counseling which would objectively support or confirm Chief Pavone's subjective claim of acute anxiety. The events regarding his job termination and litigation have been resolved long ago and may have caused him some temporary concern and anxiety but not to the extent of permanent disability.

17.  A further hearing was held on June 28, 2004 in White Plains, New York.  At that hearing, an additional report by Dr. Mark Kramer was marked as exhibit 10.

18.  Dr. Kramer testified as to his review of further records and that Chief Pavone did well on the tests he administered.  He was unable to objectively substantiate his complaints.  He continued to opine that Chief Pavone was not permanently disabled and that mild recurrent back pain would not impair him.  (TR-3 June 28, 2004 p 39).

19.  Dr. Kramer noted that in America, males have low back pain at some point in time.  (TR-3 p 39).

20.  At the conclusion of his direct testimony, he suggested that perhaps a "functional capacity exam" could "further illuminate the case."  (TR-3 p 39).  In his supplemental report, exhibit 10, last paragraph, he made the same suggestion.

21.  Dr. Kramer notes Chief Pavone complained of problems with his right leg. (TR-3 p 11).  I find that this would be consistent with the report of his injury on October 4, 1986 when he injured his right foot and leg. (TR-1 exhibit 4 p 23, Workman's Comp. report).  There appears to be little, if any, reference to problems with his left leg.

5

22.  At the close of the hearing, over the objection of Ms. Richards, I granted Mr. Roth's request for a further adjournment in order to allow for a functional capacity exam.  I granted this request in fairness to Chief Pavone especially since it was the Comptroller's expert who suggested it.

23.  I quote from the record as follows:

"The applicant would like the opportunity to go undertake the testing suggested by Dr. Kramer and submit it for his review for the state to determine what if any further action it wishes to take.  There is no prejudice to the state. It would save time versus having the claimant filing new applications to start the process again.  We don't know how the test is going to come out.  If the test turns out that it substantiates against him then he is taking the test to hurt himself but he wants to get at the truth of this matter and is willing to submit to the examination.

BY MS. RICHARDS:  Your Honor, I continue to object.

BY THE HEARING OFFICER:  I can understand your concern about how long we have been with this.  My sense of fairness is that we ought to adjourn and depending upon what comes out I may have all I need to make a determination without getting anybody back.

BY MR. ROTH:  Thank you, Your Honor."

24.  There was a further delay in getting the functional capacity exam to all parties and scheduling a hearing.  The parties met on October 25, 2004, at which time the exam was marked in evidence as an exhibit.  (TR-4 exhibit 11).  Also, marked in evidence was a letter from Dr. Kramer in which he states he has reviewed the exam and notes that a 1% impairment of the lumbosacral region was found.  He states, "The report affirms

6

my opinion that Mr. Pavone is capable of performing the duties of his occupation as a Police Chief in a small district." (TR-4 exhibit 12).

I would further note Dr. Weintraub in his report of August 9, 1999 (TR-1 exhibit 4 pp 81-82) expresses concern about Chief Pavone's lyme disease history which he appears to feel may be a causally related problem. In addition, he suggested reconditioning exercises and there is no clear record of what corrective treatment Chief Pavone undertook, if any, other than indications of some sporadic chiropractic work.

Dr. Zickel had also recommended back strengthening exercises. (TR-1 exhibit 4 pp 9-14).

## CONCLUSIONS OF LAW

1. As noted above, timely notice of the incident of May 15, 1998 has been conceded therefore this is not an issue to be determined.

2. There remains to be determined whether Chief Pavone's claims of "lower back injuries" and "acute anxiety" rendered him unable to perform his duties as Police Chief of the Town of Cortlandt.

3. It is the hearing officer as the trier of fact who evaluates the testimony of witnesses and the voluminous records

7

submitted and determines whether to credit one or more experts over others. (Perritano v Regan, 120 A.D.2d 867).

4. Involved in this regard is the weighing of conflicting medical evidence and determining the credibility of the various witnesses or the records submitted. (Matter of Bare, 249 A.D.2d 770; Heavey v. Regan, 161 A.D.2d 917; Matter of Rockwell, 249 A.D.2d 764).

5. With respect to Chief Pavone's claim of acute anxiety, the testimony of Dr. Jeffrey Newton, a board certified psychiatrist was credible. He found Chief Pavone to be normal and as of January 12, 2001, able to perform his duties. In his opinion, he was not permanently incapacitated and I accept that expert opinion as credible. I note that the stressful events noted by Chief Pavone had apparently been resolved by this time.

6. While Mr. Roth raised an issue about no psychological tests, Dr. Newton relied on his observations and his finding of normalcy during the interview, thus indicating there was no reason for such testing. The issue of his taking "Buspar" as a medication failed to change Dr. Newton's conclusion.

7. In reaching my conclusions, I note the absence of any psychological or psychiatric records or any type of counseling records which would in any way confirm or corroborate "acute anxiety".

8. With respect to Chief Pavone's lower back injuries, after reviewing and weighing all the exhibits and testimony and after reviewing the "functional capacity exam" which shows only a 1% impairment of the lower back, I accept Dr. Kramer's opinion that Chief Pavone was able to perform his duties.

9. I also conclude that the Chief injured his right foot and leg and not his left where the function as of the test date July 14, 2004 was found to be impaired.

10. Throughout these proceedings, Chief Pavone has complained of lower back pain. The functional test showed him able to use his back.

11. While there is some passing reference to radiculopathy, there was never, until this test any claim of inability to use the left leg.

12. In the absence of further medical testimony, I cannot conclude that this current condition some five years after the initial claim is the result of the incidents involved as opposed to the result of being overweight, subject to degenerative disease and not following recommended programs to strengthen his back.

9

13. The burden of proof is on the Applicant and I find there is sufficient conflicting evidence so that the burden is not clearly met.

14. Accordingly, the application of Robert L. Pavone for Section 74 retirement is denied.

Dated:  March 16, 2005

S. BARRETT HICKMAN
Hearing Officer

# NEW YORK STATE POLICE AND FIRE RETIREMENT SYSTEM

In the Matter of the Application

of

ROBERT L. PAVONE
Reg. No.: 0A54894-1
H.C. No.: 01-0397

Pursuant to Section 74 or 374 of the Retirement and Social Security Law
for a Hearing and Redetermination

---

Hearings having been held in the above-entitled matter on May 8, 2003 and October 25, 2004 in Valhalla, New York and June 28, 2004 in White Plains, New York and May 21, 2004 in Goshen, New York, with the HONORABLE S. BARRETT HICKMAN and the HONORABLE HARRY EDELSTEIN, presiding as Hearing Officers, and the applicant, ROBERT L. PAVONE, having appeared in person and by WARREN ROTH, ESQ., his Counsel, and the NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM having appeared by GEORGE KING, ESQ., its Counsel, by DEBORAH RICHARDS, ESQ., and PATRICIA SUTER, ESQ., of Counsel, and all of the proofs been read, and all of the evidence taken and introduced having been read and considered,

This document constitutes the final determination of the State Comptroller and supersedes the decision of the Hearing Officer, to the extent that it is inconsistent therewith,

## SUPPLEMENTAL FINDINGS OF FACT

1. The applicant filed an application for Performance of Duty Disability Retirement on August 5, 1999. This application was made pursuant to §363-c, not §74 of the Retirement and Social Security Law as noted in the attached decision of the Hearing Officer. This application was denied on June 7, 2001 on the basis that applicant was found not to be permanently incapacitated for the performance of duties and that he did not file notice for the May 15, 1998 incident as required by Section 363-c of the Retirement and Social Security Law.

NOW, after due deliberation, the State Comptroller accepts the remaining Findings and Conclusions of the Hearing Officer as attached hereto.

Based upon the foregoing Findings of Fact and Conclusions of Law,
IT IS HEREBY DETERMINED AND DIRECTED that the application of ROBERT L.
PAVONE for Performance of Duty Disability Retirement be and the same is hereby DENIED.

Dated at Albany, New York, this 18th day of April, 2005.

ALAN G. HEVESI
State Comptroller

by

Laura L. Anglin
Deputy Comptroller



Office of the New York State Comptroller
**Alan G. Hevesi**
<u>New York State and Local Retirement System</u>
Employees' Retirement System
Police and Fire Retirement System
110 State Street, Albany, New York 12244-0001

Phone:   518-474-2600
Fax:        518-486-3117
Email:    langlin@osc.state.ny.us
Web:      www.osc.state.ny.us/retire

Laura L. Anglin, Deputy Comptroller

June 14, 2006

Thomas F. Wood, Esq.
Town Attorney
Town of Cortlandt
3153 Albany Post Road
Buchanan, NY 10511

Re:    Robert Pavone
<u>Reg. #0A54894-1</u>

Dear Mr. Wood:

Comptroller Hevesi has asked me to respond to your letter of May 11, 2006 directed to Senator Leibell. In your letter you note that the matter was referred back to the Retirement System by the Attorney General for further review by the Hearing Officer. I have asked my staff to carefully review the member's file and consulted with the Retirement System's legal staff to obtain information about the status of Mr. Pavone's application for disability retirement benefits and the pending Article 78 proceeding.

As you are aware, the applicant filed an application for Performance of Duty Disability retirement benefits, which was disapproved administratively by the Retirement System on June 7, 2001. The applicant filed a timely request for a hearing and redetermination of that application and hearings were held before the Hon. S. Barrett Hickman. Judge Hickman denied the application and the matter is presently the subject of an Article 78 proceeding. Inasmuch as litigation on this application is underway, it would be inappropriate for me to comment on the merits of this application.

The applicant also filed an earlier application for Accidental Disability retirement benefits on August 5, 1999. On March 10, 2000, the Retirement System issued an administrative determination denying the application on the grounds that two of the three alleged incidents were not "accidents" within the meaning of the Retirement and Social Security Law and that the applicant had not filed proper notice of the remaining incident. This application was not the subject of any administrative hearing, inasmuch as the applicant never requested a hearing regarding the denial of this application. Section 374 requires that a hearing request be made within 4 months of the Retirement System's administrative determination and the Retirement System could find no record of any request being made within the four month period following the March 10, 2000 administrative determination.

Thomas F. Wood, Esq.
June 14, 2006
Page 2

On March 22, 2006, Warren J. Roth, attorney for Mr. Pavone, wrote to Robert Coughlin, Assistant Counsel for the Retirement System and requested that the Retirement System open a hearing on the earlier filed application for Accidental Disability Retirement benefits. In his letter he included a copy of a letter, allegedly sent on March 25, 2000, which requests a hearing on the denial of this application. Mr. Coughlin rejected this request by letter dated March 31, 2006, based on the fact that the System could find no evidence in the member's file that a timely request for a hearing was made.

By copy of this letter, I am advising all parties that the Retirement System will re-consider Mr. Roth's request after the present Article 78 petition has been decided by the Court. The issue presently before the Appellate Division is whether Mr. Pavone is permanently incapacitated for the performance of duty and whether such disability is related to an on-the-job occurrence. If the Appellate Division upholds the Agency's determination that the applicant was not permanently incapacitated, the Accidental Disability retirement application would become moot, inasmuch as this finding will be binding on the parties. If, however, the Court finds Mr. Pavone to be permanently incapacitated, the Retirement System will re-consider the request to open the Accidental Disability Retirement application based on the documentation submitted by Mr. Roth.

Should you require further assistance, please do not hesitate to contact me.

Sincerely,

Laura L. Anglin

LLA/MD

cc:   Warren J. Roth, Esq.
      Robert Coughlin, Esq.
      William Storrs, Esq.

# TOWN OF CORTLANDT

(WESTCHESTER COUNTY)

## OFFICE OF THE TOWN ATTORNEY
3153 ALBANY POST ROAD
BUCHANAN, NY 10511

—

LINDA D. PUGLISI
TOWN SUPERVISOR

TOWN BOARD

JOSEPH D. CERRETO
FRANCIS X. FARRELL
ANN LINDAU
JOHN E SLOAN

Tel: (914) 736-0930
Fax: (914) 736-9082
TFWESQ@aol.com
JJKLARL@aol.com

THOMAS F. WOOD
TOWN ATTORNEY

JOHN J. KLARL
DEPUTY TOWN ATTORNE*

August 13, 2007

Robert H. Feller, Esq.
Bond, Schoeneck & King, PLLC
111 Washington Avenue
Albany, NY 12210-2211

Re:    **207C Disability**

Dear Bob:

Pursuant to our recent telephone discussion wherein you advised me that your firm has an employment division which would be able to assist the Town of Cortlandt with respect to an open 207C matter, I am pleased to forward to you copies of appropriate documents with respect to the open 207C case.

The Town Board of the Town of Cortlandt abolished its Police Department in 1999. However, just prior to the abolishment of the Department, the former Police Chief went out on 207C disability. During the time period when the Department was being abolished, the Town was the defendant in multiple Federal Civil Rights Lawsuits. In fact, the Town Comptroller and I were named personally in these litigations.

All of the litigations have been settled and one of the cases was settled by the Town entering into a Stipulation with respect to the Chief's 207C claim. I have enclosed that Stipulation and as you can see, that Stipulation provides that the Town's duty to pay 207C benefits to the Police Chief continues until a final decision by the New York State Comptroller.

As you can see from the various documents from the State Comptroller's office, it would appear that the Comptroller has denied the benefits to the Chief and that he allegedly filed an application to the Appellate Division, Third Department to review that determination.

At this juncture, we would like your firm to review this matter to verify the exact status of the application of the former Chief and to make a recommendation to the Town as to whether or not it may terminate the 207C benefits presently being paid this person.

# TOWN OF CORTLANDT

(WESTCHESTER COUNTY)

### OFFICE OF THE TOWN ATTORNEY
3153 ALBANY POST ROAD
BUCHANAN, NY 10511

LINDA D. PUGLISI
TOWN SUPERVISOR

TOWN BOARD

JOSEPH D. CERRETO
FRANCIS X. FARRELL
ANN LINDAU
JOHN E SLOAN

Tel: (914) 736-0930
Fax: (914) 736-9082
TFWESQ@aol.com
JJKLARL@aol.com

THOMAS F. WOOD
TOWN ATTORNEY

JOHN J. KLARL
DEPUTY TOWN ATTORNEY

Robert H. Feller, Esq.
August 13, 2007
Page 2

You will see that some of the correspondence references Edmund Caplicki, Esq. He was an attorney who worked with the Town on the Civil Rights Lawsuits and did make certain inquiries on the Town's behalf with respect to the pension, but he is not authorized to proceed any further at this juncture.

Thank you for your review of this matter and I look forward to speaking to you or another member of your firm shortly with respect to this matter.

Very truly yours,

THOMAS F. WOOD

TFW:dp
Enclosure



## BOND, SCHOENECK & KING, PLLC

ATTORNEYS AT LAW ▪ NEW YORK  FLORIDA  KANSAS

ERNEST R. STOLZER
Direct: 646-253-2326
estolzer@bsk.com

January 10, 2008

**BY FACSIMILE AND REGULAR MAIL**
Warren J. Roth, Esq.
Bartlett, McDonough, Bastone & Monaghan, LLP
81 Main Street
White Plains, New York 10601

Re:    *Town of Cortlandt - Robert L. Pavone*

Dear Mr. Roth:

We have been retained by the Town of Cortlandt with respect to the above matter.

As you are aware, the Town and its former Police Chief Pavone entered into a Stipulation dated November 8, 1999 regarding the payment of salary to him. In paragraph 7 of that Stipulation, it was agreed that if Mr. Pavone failed to receive a disability retirement after exhausting his administrative remedies prior to an Article 78 proceeding, the Town has the right to unilaterally discontinue his Section 207-c salary benefits without any administrative hearing.

It is our understanding that you represent Mr. Pavone in an Article 78 proceeding challenging the State Retirement System's denial of his application for disability retirement. According to the New York State Department of Law, the Supreme Court, Albany County, issued an Order transferring the matter to the Appellate Division, Third Department. Notice of the Order of Transfer was signed on October 28, 2005. Under Section 800.12 of the Appellate Division's Rules, a civil proceeding is deemed to have been abandoned if the petitioner fails to file a record and brief within nine (9) months of the order of transfer. Under that Rule, Mr. Pavone's proceeding challenging the State Retirement System's determination is deemed to have been abandoned.

It is the Town's position that based upon the abandonment of the appeal, the administrative determination of Mr. Pavone's application for a line-of-duty disability retirement is final.

330 Madison Avenue, New York, NY 10017-5001 ▪ Phone: 646-253-2300 ▪ Fax: 646-253-2301 ▪ www.bsk.com

16237.1 1/10/2008

Warren J. Roth, Esq.
January 10, 2008
Page 2

Therefore, consistent with the letter of Laura Anglin, Deputy Comptroller, dated June 14, 2006, the State Retirement System's determination of Mr. Pavone's application for an Accidental Disability Retirement is also final.

As such, at its first meeting in February, 2008, the Town Board will determine whether to exercise its option under paragraph 7 of the November 8, 1999, Stipulation to discontinue Mr. Pavone's 207-c salary.

If our understanding that Mr. Pavone did not file the record and his brief with the Appellate Division, Third Department, in a timely manner is incorrect, please advise me on or before January 18, 2008. If such is the case, please advise me of the date the record and brief were filed and the Appellate Division docket number.

Sincerely,

BOND, SCHOENECK & KING, PLLC

Ernest R. Stolzer

ERS/bi
cc:    Jonathan Lovett, Esq.
       Thomas F. Wood, Esq.

16237.1 1/10/2008

# BARTLETT, MCDONOUGH, BASTONE & MONAGHAN, LLP

ATTORNEYS AT LAW

81 MAIN STREET
WHITE PLAINS, NEW YORK 10601-1711
TELEPHONE: (914) 448-0200
FAX: (914) 448-0215
1-800-255-8084

OF COUNSEL
J. EDWARD MCDONOUGH
WARREN J. ROTH

MINEOLA OFFICE
300 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501-4112
TELEPHONE: (516) 877-2900 OR
877-0362-3 FAX: (516) 877-0732
1-800-559-6980

NEW YORK CITY OFFICE
230 PARK AVENUE 10TH FL
NEW YORK, NEW YORK 10169-1099
TELEPHONE: (212) 983-2900
FAX: (212) 983-2901

January 16, 2008

Bond, Schoeneck & King, PLLC
330 Madison Avenue
New York, New York 10017-5001

Attn: Ernest R. Stolzer, Esq.

Re: **Robert L. Pavone**
**Town of Cortlandt**
**Our File No.: 208-0156**

Dear Ernie:

It was a pleasure having the opportunity to recently discuss this matter with you on the telephone. As we discussed, we are actively pursuing a New York State Disability Retirement for Robert L. Pavone and are in compliance with the letter and spirit of the settlement agreement that Mr. Pavone entered into with the Town of Cortlandt.

As we discussed, we are pursing a new Disability Retirement application on Mr. Pavone. By way of background, we successfully used the same strategy on an officer named Vincent Pagliaroli, also of the same Department.

I am perfectly willing to provide you with up-to-date documentation with regard to this matter. Mr. Pavone is in compliance with his agreement with the Town, as there has been no "final" determination by the New York State Retirement System. Mr. Pavone is within his rights in going forward with the new application. I have found, in the past, that I have had a higher success level in prosecuting a new application versus arguing Appellate error in front of the Appellate Division for the Third Department.

Thank you for your kind attention to these matters. I remain,

Very truly yours,

WARREN J. ROTH

WJR:pc

 BOND, SCHOENECK & KING, PLLC

ATTORNEYS AT LAW ■ NEW YORK  FLORIDA  KANSAS

ERNEST R. STOLZER
Direct: 646-253-2326
estolzer@bsk.com

January 31, 2008

## VIA FACSIMILE AND REGULAR MAIL

Thomas F. Wood, Esq.
Town of Cortlandt
Office of Town Attorney
3153 Albany Post Road
Buchanan, New York 10511

Re:    *Robert L. Pavone*

Dear Tom:

Attached is the letter I received from Warren Roth in response to my letter requesting that he provide information about the status of Robert L. Pavone's application for a disability retirement. As you will read, Pavone did not perfect his appeal with the Appellate Division, Third Department, regarding his Article 78 proceeding challenging the denial of his disability retirement application in April of 2005. His attorney represents in his letter and told me on the telephone that a new application has been filed with the State Retirement System. I requested from Mr. Roth a copy of the application and supporting documents. (A copy of my letter is attached). None of the requested documentation has been provided to me.

Section 2 of the 207-c Stipulation between the Town and Pavone (entered into on November 8, 1999) provides:

2.    The Town of Cortlandt shall pay to Mr. Pavone the amount of salary Mr. Pavone is currently receiving until Mr. Pavone's application for Police & Fire Retirement for disability incurred in the performance of duty or accidental disability under §363 of the Retirement and Social Security Law is granted by New York State. This is governed by the terms of paragraph 7.

Thomas F. Wood, Esq.
January 31, 2008
Page 2

Section 7 provides the following:

7.      Mr. Pavone agrees that once he has exhausted any and all
        administrative remedies prior to, but not including, an
        Article 78 proceeding, he shall be bound by the
        determination of the Comptroller on behalf of the New
        York State Retirement System with respect to this
        disability.  Specifically, Mr. Pavone acknowledges that the
        Town of Cortlandt in its sole discretion may rely upon the
        final administrative determination of the Disability
        Retirement process as being binding upon Mr. Pavone with
        respect to his eligibility for 207-c benefits.  It is expressly
        acknowledged by Mr. Pavone that if he fails to receive a
        disability retirement having exhausted his administrative
        remedies prior to an Article 78 proceeding, that the Town
        of Cortland may unilaterally discontinue his 207-c salary
        benefits without the need of an administrative hearing.  The
        Town will not be under an obligation to pay Mr. Pavone his
        salary during the pendency of an Article 78 proceeding.
        However, the Town agrees to be retroactively bound by the
        determination of the Article 78 proceeding including by
        [sic] not limited to 207-c benefits and pay.

    Pavone's attorney's position is that since another application for a disability retirement
has been filed, all administrative remedies have not been exhausted and, therefore, the Town's
obligation to continue paying Pavone's salary is still in effect.
Pavone's position is, in our opinion, inconsistent with the language of the Stipulation in several
respects:

    1.      Section 2 refers to "Mr. Pavone's <u>application</u> for Police & Fire retirement for
disability incurred in the performance of duty or accidental disability."  The application is in the
singular.  The language does not contemplate a series of unsuccessful applications to the
Retirement System;

    2.      Section 7 provides that "Mr. Pavone agrees that once he has exhausted any and all
administrative remedies <u>prior to</u>, but not including, <u>an Article 78 proceeding</u>, he shall be bound
by the determination of the Comptroller. . . ."  The language contemplates Pavone having the
opportunity to process his application before the State Retirement System and if he was
unsuccessful to bring an Article 78 proceeding.  Pavone has done both – he processed his
application before the Retirement System and when he was denied a disability pension, he filed
his Article 78 proceeding.  The Stipulation does not provide that he can then simply file a second

Thomas F. Wood, Esq.
January 31, 2008
Page 3

retirement application. In fact, a second application is contrary to the provision's language providing him the opportunity to exhaust his administrative remedies "prior to, . . ., an Article 78 proceeding";

3.      Section 7 reiterates the concept of having the opportunity to pursue his retirement application "prior to an Article 78 proceeding" in the context of the Town's right to discontinue his 207-c salary benefits. The Town's right to stop his salary is triggered by the exhaustion of his administrative remedies "prior to an Article 78 proceeding." The language refers to any administrative appeal and one, *i.e.* an, Article 78 proceeding. Both processes have been exhausted by Pavone;

4.      Finally, Section 7 states the Town's agreement to be bound retroactively by the determination of the Article 78 proceeding. The Agreement specifically contemplates that Pavone's remedy would be through the Court pursuant to an Article 78 proceeding, which could have resulted in a determination remanding his application back to the Retirement System for reconsideration, in which case the administrative remedies of Pavone would still not have been exhausted and the Town would have to pay his salary retroactively. However, if he lost the Article 78 proceeding then his administrative appeal, although unsuccessful, would be final and the Town would be empowered under the Stipulation not to pay his salary.

The Stipulation is confusing in that it specifically provides Pavone with the opportunity to have his wages restored by an Article 78 proceeding because the Town agreed to be bound by such a court decision retroactively. The decision that would have benefitted Pavone would have been for his application to be remanded to the Retirement System for additional consideration so that his administrative remedies are not final. However, if Pavone was to have the Retirement System's determination overturned and he was granted a disability retirement, then the Town would have no obligation to pay him under Section 207-a since he would then be receiving a disability pension.

The language of the 207-c Stipulation is, to say the least, not a model of clarity. Pavone would have arguments to make on his own behalf if the Town stops his pay. Specifically, he could argue the Stipulation does not specifically prohibit him from filing a number of applications. However, our opinion is the Town does have a solid argument that the Stipulation has not been violated if the Town Board decides to stop his wages and Pavone brings an action in court for breach of the Stipulation.

Thomas F. Wood, Esq.
January 31, 2008
Page 4

If the Town Board decides to discontinue Pavone's wages pursuant to Section 7 of the 207-c Stipulation, attached is a draft of a resolution to be passed in public session.

If you have any questions, please contact me.

Sincerely,

BOND, SCHOENECK & KING, PLLC

Ernest R. Stolzer

ERS/bi
Enclosures

16685.1 1/31/2008

## DRAFT BOARD RESOLUTION

BE IT RESOLVED, that pursuant to its rights under the 207-c Stipulation entered into between former Chief Robert L. Pavone and the Town on November 8, 1999, the Town does hereby discontinue the Section 207-c salary benefits of Robert L. Pavone effective February _____, 2008.

<u>RESOLUTION</u>

NUMBER <u>68-08</u>

(WITH RESPECT TO GENERAL MUNICIPAL LAW SECTION 207C BENEFITS)

**WHEREAS,** by Stipulation dated November 8, 1999, the Town and its former Police Chief, Robert Pavone entered into an Agreement to address the matter of the Town's payment of 207C disability payments to the former Chief; and

**WHEREAS,** pursuant to said Stipulation, determinations of the State Comptroller would be binding on both the Town and the former Chief; and

**WHEREAS,** the Town engaged the services of Ernest R. Stolzer, Esq., of Bond, Schoeneck & King, PLLC; and

**WHEREAS,** Ernest R. Stolzer, Esq. did write to the attorney for the former Chief and requested information from him with respect to the status of the administrative decisions and appeals; and

**WHEREAS,** based upon the abandonment of the appeal, the administrative determination of Mr. Pavone's application for a line of duty disability retirement as made by the State Comptroller is final; and

**WHEREAS,** it is the desire of the Town Board to exercise its rights under the terms and conditions of said Stipulation and Agreement;

**NOW, THEREFORE, BE IT RESOLVED,** that following the payment of Friday, March 7, 2008 to Mr. Pavone, no further payments shall be made pursuant to the terms and conditions of the Stipulation of Settlement entered into between Mr. Pavone and the Town on November 8, 1999; and

**BE IT FURTHER RESOLVED,** that Ernest R. Stolzer, Esq. and all other appropriate officials of the Town be and hereby are authorized to notify Mr. Pavone of this determination and to take all steps necessary to implement said decision.

BY ORDER OF THE TOWN BOARD
OF THE TOWN OF CORTLANDT
JO-ANN DYCKMAN, TOWN CLERK

Adopted February 25, 2008
At a Regular Meeting
Held at Town Hall

March 7, 2008

TO:    Fred Pardee – AFSCME Local 2343
       Supervisor Puglisi and Members of the Town Board

FROM:  Valerie Pavone, White Collar Rep. Local 2343

RE:    Resignation as White Collar Representative

I hereby resign my position as White Collar Representative of AFSCME Local 2343, since the Town of Cortlandt has retaliated against me, my husband and my family by illegally stopping my husband's 207C benefits.

*Valerie Pavone*

cc:    Executive Board Local 2343
       Claudia Vahey, Human Resources

# LOVETT & GOULD, LLP
### ATTORNEYS AT LAW

JONATHAN LOVETT

JANE BILUS GOULD

222 BLOOMINGDALE ROAD

WHITE PLAINS, N.Y. 10605

KIM PATRICIA BERG+

DRITA NICAJ+

+also admitted in New Jersey

914-428-8401
FAX 914-428-8916

October 11, 2006

**VIA FAX (914-736-9082) & REGULAR MAIL**

Mr. Thomas P. Wood, Esq.
Wood & Klarl
3153 Albany Post Road
Buchanan, New York 10511

Re: <u>Pavone v. Wood</u>, 96 Civ. 4991 (CLB)

Dear Mr. Wood:

By stipulation dated November 8, 1999, Town Supervisor Puglisi and Chief of Police Robert L. Pavone agreed, *inter alia*, that the "Town of Cortlandt shall continue to pay the cost of health care coverage (including medical and dental) for Mr. Pavone and his family until Mr. Pavone's death and thereafter for his survivor pursuant to the attached Town of Cortlandt Resolution No. 156-92 and attached AFSCME Bargaining Agreement.

By stipulation put on the record in Federal Court on March 20, 2000, in settlement of the above-referenced litigation, it was agreed (transcript, p. 6) that with respect to the medical/dental coverage benefits to be provided to Chief Pavone they were to prospectively be "no less than is [as of March 20, 2000] presently provided to employees and officials of the Town".

Unfortunately as I trust you know, the Town unilaterally reduced Chief Pavone's health care coverage, a circumstance that is affirmatively causing him damages.

If you can explain how his benefits were lawfully reduced under the circumstances we can perhaps avoid further litigation. In that connection I would appreciate your prompt response, in writing.

Sincerely,

Jonathan Lovett

JL:clp

# TOWN OF CORTLANDT

(WESTCHESTER COUNTY)

OFFICE OF THE TOWN ATTORNEY
3153 ALBANY POST ROAD
BUCHANAN, NY 10511

—

Tel: (914) 736-0930
Fax: (914) 736-9082
TFWESQ@aol.com
JJKLARL@aol.com

LINDA D. PUGLISI
TOWN SUPERVISOR

TOWN BOARD

JOSEPH D. CERRETO
FRANCIS X FARRELL
ANN LINDAU
JOHN E SLOAN

THOMAS F. WOOD
TOWN ATTORNEY

JOHN J. KLARL
DEPUTY TOWN ATTORNEY

October 23, 2006

Jonathan Lovett, Esq.
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, NY 10605

Re:    Pavone v. Wood, 96 Civ. 4991 (CLB)

Dear Mr. Lovett:

Receipt of your letter of October 11, 2006 is hereby acknowledged.

I have reviewed the documents and stipulations that you referred to in said letter and believe that the Town is in full compliance therewith.

Attached to the Stipulation dated November 8, 1999, is a copy of Resolution No. 156-92. Said Resolution indicates that Mr. Pavone will receive the same benefits as are derived from the Collective Bargaining Agreements within the Town with respect to health and dental insurance.

During 2005, both Town Unions agreed to changing Town health insurance coverage to the Empire Plan under Blue Cross and Blue Shield. Said plan has been fully implemented for all employees of the Town and no other coverage is afforded to any worker. The benefits are substantially the same as those provided by POMCO.

There has been no change in the dental coverage.

In light of this, the Town is in full compliance with all obligations with respect to your client's health care coverage.

Sincerely,

Thomas F. Wood

THOMAS F. WOOD

TFW:dp

bcc:  Supervisor & Town Board



# TOWN OF CORTLANDT
## OFFICE OF HUMAN RESOURCES

**Linda D. Puglisi**
**Town Supervisor**

**Joseph D. Cerreto**
**Francis X. Farrell**
**Ann Lindau**
**John E. Sloan**
**Town Board**

**Town Hall**
**1 Heady Street, Cortlandt Manor, NY  10567**
914-734-1004
FAX 914-734-1003
http://www.claudiaa@townofcortlandt.com

**Claudia Vahey**
**Personnel Manager**

TO:        John Matthews
           President, AFSCME Union

FROM:      Claudia Vahey
           Personnel Manager

DATE:      April 12, 2005

As per our conversation, enclosed please find four copies of the information
packet from the Empire Plan.  As we had discussed, the Town Board is currently
considering this plan as an alternative to the current MEBCO/POMCO plan.
Please review with your committee.  The Town Board would like Tom Wood,
Glenn Cestaro and I to meet with you to discuss this plan by May 2, 2005.
Please contact my office once you are ready to set up this appointment.  Thank
you.

Claudia Vahey
Claudia Vahey
Personnel Manager


Enclosures
CC:    Supervisor Linda Puglisi
       Town Board
       Thomas Wood, Town Attorney
       Glenn Cestaro, Town Comptroller



# TOWN OF CORTLANDT

(WESTCHESTER COUNTY)

OFFICE OF THE TOWN ATTORNEY

3153 ALBANY POST ROAD

BUCHANAN, NY 10511

---

(914) 736-0930

LINDA D. PUGLISI
TOWN SUPERVISOR

TOWN BOARD

JOSEPH D. CERRETO
FRANCIS X. FARRELL
ANN LINDAU
JOHN E SLOAN

THOMAS F. WOOD
TOWN ATTORNEY

JOHN J. KLARL
DEPUTY TOWN ATTORNEY

## CONFIDENTIAL LEGAL MEMORANDUM

To:        Supervisor & Members
           of the Town Board

FROM:      Thomas F. Wood
           Town Attorney

RE:        Empire Plan Insurance Switch

DATE:      September 26, 2005

Please be advised that today at a mediation conference with the arbitrator, we were able to reach an agreement with the Union that will allow the Town to switch as of January 1, 2006 to the Empire Plan.

Based upon this agreement, the Union will withdraw its grievance with respect to the change over. The Town agrees to establish a $250.00 per employee benefit that would reimburse them for the first $250.00 of co-payments.

Should an employee not totally deplete the $250.00 in his or her account, it would carry over to the next year and they could accrue up to $500.00. Theoretically, then once the Town has funded this program in two years, the cost of the program will diminish as those that are carrying $500.00 would need not to have a payment in the third year.

Based on this, the grievance was withdrawn and the Town will be proceeding to switch health coverage as of January 1, 2006.

If you need to discuss this further, please so advise.

TFW:dp

Sept 26, 2005

It is hereby agreed by the undersigned as follow:

1) The Town May Switch Health Coverage to the Empire Plan as of Jan 1, 2006.

2) The Town will establish a Health Reimbursement Arrangement Account for Each member of the Bargaining unit. The Accounts will provide up to $250. - in Reimbursement of Any prescription or Doctor, Hospital Eto Co payments.

3) Any Amount Not used by an Employee may be rolled over from year to year in an Employees Account. No individual account will exceed $500. -.

4) The Cap on the Accounts is subject to future negociations.

5) The Union withdraws their greivance as to the town changing Ea Health Ins Providers.

Union                          Town.

Evelyn                         Claudia Valz

## RESOLUTION

**NUMBER   251-05**

### (RE: AUTHORIZING HEALTH INSURANCE WITH
### THE EMPIRE PLAN FOR ALL TOWN EMPLOYEES AND RETIREES)

**WHEREAS,** for many years the Town has been insured by MEBCO, a self-insured consortium; and

**WHEREAS,** the Town Board has determined that it would be more cost effective to provide health insurance coverage by obtaining coverage from The Empire Plan as administered by the New York State Department of Civil Service; and

**WHEREAS,** said coverage is equal to that provided by POMCO/MEBCO;

**NOW, THEREFORE, BE IT RESOLVED,** that the Town Supervisor, Town Comptroller and all other officials of the Town are authorized to transfer the Town employees and retirees health insurance coverage from MEBCO to The Empire Plan as administered by the New York State Department of Civil Service; and

**BE IT FURTHER RESOLVED,** that the Comptroller and Supervisor are authorized to notify POMCO/MEBCO of our desire to switch and to set a timetable in accordance with the requirements of both plans.

> **BY ORDER OF THE TOWN BOARD**
> **OF THE TOWN OF CORTLANDT**
> **JO-ANN DYCKMAN, TOWN CLERK**

**Adopted on July 19, 2005**
**At a Regular Meeting**
**Held at the Town Hall**



# TOWN OF CORTLANDT
## COMPTROLLER'S OFFICE

**Linda D. Puglisi**
**Town Supervisor**

Town Board
Francis X. Farrell
Ann Lindau
John E. Sloan
Richard H. Becker

Town Hall
1 Heady Street, Cortlandt Manor, NY 10567
914-734-1070
FAX 914-734-1077

**Glenn R. Cestaro**
**Comptroller**

May 22, 2008

Warren Roth
Bartlett, McDonough, Bastone & Monaghan, LLP
Attorneys at Law
81 Main Street
White Plains, NY 10601-1711

Re: Robert Pavone
Your File No.: 208-0156

Dear Mr. Roth:

Please be informed that the NYS Retirement system is in receipt of the requested information from the Town of Corltandt.

Please see the attached email confirming that Margaret Stackman, Disability Processing Supervisor, has received the packet of information that I sent to her back in April, 2008.

Sincerely,

Patricia Robcke
Deputy Comptroller

## Patty Robcke

**From:**    MStackma@osc.state.ny.us

**Sent:**    Wednesday, May 21, 2008 4:30 PM

**To:**      Patty Robcke

**Subject:** Re: Robert Pavone

Dear Patricia,

This is to confirm that on May 1, 2008 we received the packet you sent.

Meg Stackman
Supervisor Disability Processing
New York State & Local Retirement System
(518)473-8535
mstackman@osc.state.ny.us

Patty Robcke <pattyr@townofcortlandt.com>                    To  MStackma@osc.state.ny.us

                                                            cc
05/21/2008 03:56 PM                                         Subject  Robert Pavone

*Dear Meg,*

*Could you please confirm for me that you did receive the packet of information requested by the NYS Retirement system regarding Robert Pavone? I mailed it on or about April 25, 2008.*

*Thank you,*

*Patricia Robcke*
*Deputy Comptroller*
*Town of Cortlandt*
*One Heady Street*
*Cortlandt Manor, NY 10567*
*phone (914) 734-1072*
*fax (914) 734-1077*
*pattyr@townofcortlandt.com*

# BARTLETT, McDONOUGH, BASTONE & MONAGHAN, LLP

### ATTORNEYS AT LAW

**81 MAIN STREET**
**WHITE PLAINS, NEW YORK 10601-1711**
TELEPHONE: (914) 448-0200
FAX: (914) 448-0215
1-800-255-8084

___

**OF COUNSEL**
**FRANK BASTONE, JR.**
**WARREN J. ROTH**

MINEOLA OFFICE
300 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501-4112
TELEPHONE: (516) 877-2900 OR
877-0362-3 FAX: (516) 877-0732
1-800-559-6980

NEW YORK CITY OFFICE
230 PARK AVENUE 10TH FL
NEW YORK, NEW YORK 10169-1099
TELEPHONE: (212) 983-2900
FAX: (212) 983-2901

May 13, 2008

Ms. Patricia Robcke
Deputy Comptroller
Town of Cortlandt
1 Heady Street
Cortlandt Manor, New York 10567

Re:  **Robert Pavone**
     **Reg. No.: 0A54894-1**
     **SSN: 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**
     **Our File No.: 208-0156**

Dear Ms. Robcke:

I am enclosing for your immediate attention a copy of the May 6, 2008 correspondence from the New York State Retirement System. It is my understanding, based upon my review of this letter, that your offices have failed to comply with numerous requests from the Retirement System to provide evidence necessary to process Chief Pavone's application for disability retirement. Your immediate attention to correct this situation would be greatly appreciated.

Thank you for your most kind attention to this matter. I remain,

Very truly yours,

WARREN J. ROTH

WJR:pc
Enclosure

cc:  Robert Pavone
     114 Mount View Road
     Cortlandt Manor, NY 10567



Office of the New York State Comptroller
Thomas P. DiNapoli
New York State and Local Retirement System
Employees' Retirement System
Police and Fire Retirement System
110 State Street, Albany, New York 12244-0001

Telephone: (518) 473-8535
Fax:        (518) 474-3091
E-mail:     MStackma@osc.state.ny.us
Web:        www.osc.state.ny.us/retire

Margaret Stackman, Supervisor - Disability Processing

May 6, 2008
Reg. No. 0A548941    HoC
Soc.Sec.No. XXXXX8326

Ms Patricia Robcke
Deputy Comptroller
Town Of Cortland
1 Heady St
Cortlandt Manor, NY 10567

# FINAL REQUEST

Re:  Robert L. Pavone

Dear  Ms Robcke:

We are processing an application for Accidental Disability Retirement for Robert L. Pavone, and
have previously written to you for the following item(s):

Please send a detailed statement of the duties assigned to Robert L. Pavone.  Outlined below
are circumstances under which a description of the duties actually performed should be
furnished to the Retirement System, rather than the general duty statement for all police
officers or fire fighters.

1.  When the disability applicant has been assigned duties other than those of a line police
officer or fire fighter for reasons other than disability.

2.  When the disability applicant has been assigned duties other than those of a line police
officer or fire fighter because of a disability, and the applicant has performed those duties for
two or more years prior to the date the application for disability retirement benefits was filed with
the comptroller.

3.  When the disability applicant has been assigned duties other than those of a line police
officer or firefighter for at least one year and has performed at least 100 hours of paid overtime,
during any twelve month period within the two year period prior to the filing of the application for
disability retirement.

If you submit a duty statement which differs from the general duties of a line police officer or fire
fighter, please indicate which of the above reasons were applied.

Robert L. Pavone alleges an accident occuring on 09/05/86, 03/09/94, 05/15/98.  Please furnish
this office with any medical records you may have regarding this employee, and a statement
covering this or any other accident sustained by the claimant with a schedule of lost time due to
each accident.  Please include copies of any accident reports signed by the member and, if
available, submit copies of all Worker's Compensation C2 or C2.5 reports.

Please answer ALL of the above questions so we may determine if the member meets the

March 7, 2008

Supervisor, Town of Cortlandt
Town Board Members and
Comptroller Glenn Cestaro

RE:    Workers' Compensation Benefits

The Town of Cortlandt is obligated and I hereby demand workers' compensation benefits
to commence immediately. However, the payment of workers' compensation benefits
does not diminish, remove nor waive my right for continued 207C benefits or any other
benefits or salary arising from employment with the Town of Cortlandt.

*Robert L. Pavone*

Robert L. Pavone
114 Mountain View Road
Cortlandt Manor, NY 10567