UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ROBERT L. PAVONE and VALERIE V. PAVONE,

                Plaintiffs,     08 Civ.2389(CLB/LMS)

        -against-

LINDA PUGLISI, individually, ANN LINDAU, individually, FRANCIS X. FARRELL, individually, JOHN SLOAN, individually, THOMAS WOOD, individually and the TOWN OF CORTLANDT, New York,

                Defendants.

------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF CROSS MOTION TO
DISMISS QUALIFIED IMMUNITY MOTION
ON THE GROUNDS OF PRE-TRIAL WAIVER**

**Preliminary Statement**

This memorandum of law is submitted in support of Plaintiffs' motion to dismiss a qualified immunity motion made by the individually named Defendants since for purposes of pre-trial motion practice the qualified immunity defense has been waived.

1

## The Indisputable Facts

On May 16, 2008, Judge Brieant issued a Scheduling Order annexed in this case (Exhibit 1 to Lovett Affirmation).

As provided for in paragraph 3(d) of that Order, for the individually sued Defendants to preserve an opportunity to make a pre-trial qualified immunity motion they were required to depose the Plaintiffs within thirty days of May 16, 2008, and within thirty days thereafter they were required to make a motion to dismiss and/or for judgment on the ground of qualified immunity (Exhibit 1).

The subject Defendants did not comply with Judge Brieant's Order. In that connection they did not, through no fault of the Plaintiffs, take the Plaintiffs or either of the Plaintiff's depositions within the initial thirty day period (Lovett Affirmation, para. 3).

They did, in disregard of the scheduling Order, then make a qualified immunity motion a copy of which is annexed as Exhibit 2 (Lovett Affirmation, para. 4).

POINT

## SINCE ANY PRE-TRIAL MOTION ON A QUALIFIED IMMUNITY DEFENSE HAS BEEN WAIVED, THE QUALIFIED IMMUNITY MOTION MUST BE DISMISSED

As made exquisitely clear in the Scheduling Order issued by Judge Brieant:

> **"Failure to comply with this provision [3(d)] of this Order shall operate as a waiver of the opportunity to resolve the issue of qualified immunity prior to trial"**

(boldface in original).

Since the individually named Defendants manifestly did not comply with Section 3(d) of the Scheduling Order, they have waived any pre-trial opportunity to move to dismiss the complaint on the ground of qualified immunity.

## Conclusion

An order should be entered dismissing the qualified immunity motion on the ground that the pre-trial opportunity to make that motion was waived by the individually named Defendants by reason of their disregard of the terms of

Judge Brieant's scheduling order.

Dated: White Plains, N.Y.
      July 30, 2008

                                              LOVETT & GOULD, LLP
                                              Attorneys for Plaintiffs
                                              By: _____
                                              Jonathan Lovett (4854)
                                              222 Bloomingdale Road
                                              White Plains, N.Y. 10605
                                              914-428-8401