UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

ROBERT L. PAVONE and VALERIE V. PAVONE,

                Plaintiffs,    08 Civ.2389(CLB/LMS)

    -against-

LINDA PUGLISI, individually, ANN **REPLY AFFIRMATION IN**
LINDAU, individually, FRANCIS X. **SUPPORT OF CROSS MOTION**
FARRELL, individually, JOHN SLOAN, **DISMISS QUALIFIED**
individually, THOMAS WOOD, **IMMUNITY MOTION**
individually and the TOWN OF
CORTLANDT, New York,

                Defendants.

------------------------------------x

    JONATHAN LOVETT, an attorney admitted to practice before this Court and the courts of the State of New York hereby affirms under penalty of perjury that the following statement is true:

    1. I am counsel to Plaintiffs and submit this affirmation in reply to the erroneously denominated "REPLY" affirmation of Edmund V. Caplicki, Jr. dated August 6, 2008.

    2. The notice of deposition referenced by Mr. Caplicki at paragraph "6" of his affirmation:

        a. Was admittedly not signed by Mr. Caplicki,

        b. Was purportedly signed by: "**Edward** V. Caplicki" of the "LAW OFFICES OF **EDMUND** V. CAPLICKI, JR"(boldface added), as indicated on the annexed "Notice to Conduct Deposition", a circumstance that suggests that that

signature was not only misspelled by someone ignorant of counsel of record's actual name but intended to deceive your affiant since: i) there was no indication whatsoever that anyone represented (e.g. by affixing their initials next to the false signature) that they were signing on behalf of Mr. Caplicki; and ii) the notice of deposition on its face disclosed (albeit falsely) that it was being served upon "Hodges Walsh & Slater, LLP" and that that service was being made by Mr. Caplicki.

    c. Was admittedly not served by the attorney of record for the individually named Defendants who are: i) now claiming qualified immunity; and ii) the only parties to this action with standing to assert a claim of qualified immunity,

    d. Was admittedly served by (by fax) someone in the office of the attorney for the Defendant Town, which lacks standing to assert qualified immunity as a defense and/or to move for dismissal on the basis of a claimed defense of qualified immunity, and

    e. Was admittedly served (during the afternoon of June 12, 2008) only one full business day prior to the date/time unilaterally, anonymously noticed for the conduct of the at-issue depositions ("June 16, 2008 10 am").

    3. At no time prior to the service of the notice of deposition by the Town's counsel's office did anyone contact

your affiant to ascertain whether the at-issue depositions could in fact be conducted either on June 16, 2008, or on such abbreviated notice. Indeed to my knowledge no one even contacted my office staff or any member of same to ascertain: a) whether I received the June 12, 2008, faxed notice of deposition; b) whether anyone from my firm was available to appear at the subject depositions; or c) whether the Plaintiffs or either of them were available to be deposed on such notice.

4. At no time prior to the eleventh hour service of the notice of deposition by the Town's attorney's office was any application made to the Court for an extension of the thirty day time limitation as set forth in Judge Brieant's scheduling order.

5. At no time prior to the said service of the notice of deposition did anyone contact your affirmant to secure or even request consent to an extension of the thirty day period set forth in Judge Brieant's order.

6. To date no competent evidence has been submitted to the Court evidencing the fact that the "Edward V. Caplicki, Jr." purported signature was even made by an attorney and/or a member of the bar of this Court. Indeed, since the attorneys of record for the Defendant Town presumably know that Mr. Caplicki's first name is "Edmund" and not "Edward",

the conclusion appears inescapable that no attorney signed the fictitious name.

6. Under the circumstances it is submitted that the opportunity to make a pre-trial qualified immunity motion has been waived and the motion premised upon such a defense must be dismissed.

WHEREFORE an order should be entered dismissing the qualified immunity motion on the ground that the pre-trial opportunity to assert that defense was waived by the individually named Defendants by reason of their disregard of the terms of Judge Brieant's scheduling order. In the alternative Plaintiffs seek the Court's permission to oppose the qualified immunity motion on its supposed merits.

Dated: White Plains, N.Y.
       August 7, 2008

_____
Jonathan Lovett (4854)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT L. PAVONE and
VALERIE V. PAVONE,                                    08-CV-2389

                      Plaintiffs,

  -against-                                          **NOTICE TO**
                                                **CONDUCT DEPOSITION**
LINDA PUGLISI, individually, ANN LINDAU,
individually, FRANCIS X. FARRELL, individually,
JOHN SLOAN, individually, THOMAS WOOD,
individually, and the TOWN OF CORTLAND,
New York,

                      Defendants.
------------------------------------------------------------X

     Pursuant to the Court's Scheduling Order, dated May 16, 2008,
NOTICE
deposition of plaintiffs ROBERT L. PAVONE and VALERIE V. PAVONE,
Monday, JUNE 16, 2008 10 am
The offices of HODGES WALSH & SLATER
        55 Church Street, Suite 211
        White Plains, NY 10601

Dated: White Plains, New York
       June 12, 2008

                      Yours, etc.,

                      LAW OFFICES OF EDMUND V. CAPLICKI, JR.

                      By: *[signature]*
                      Edward V. Caplicki (6896)
                      Attorney for Puglisi, Lindau, Farrell, Sloan & Wood
                      P.O. Box 15
                      1133 Route 55, Suite E
                      Lagrangeville, New York 12540
                      845.483.0983
                      FAX 845.483.0938

To:
LOVETT & GOULD, LLP
Attorney for Plaintiffs
222 Bloomingdale Road
White Plains, New York 10605
914.428.8401
FAX 914.428.8916

HODGES WALSH & SLATER, LLP
55 Church Street, Suite 211
White Plains, NY 10601
914-385-6000